UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL RABBITT, et al.

No. 25 CR 693

Judge April M. Perry

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1.      All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case after the date of this Protective Order (collectively, "the materials") are subject to this protective order and may be used by defendants and defendants' counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court, according to the terms provided in this Protective Order.

2.      For all materials produced by the government, defendants and defendants' counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). This means potential witnesses and their counsel

may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court. This also means that no defense counsel or defendants may post any discovery materials produced on or after this date to any internet site.

3.      All personal identifiers, including names, of law enforcement, shall be produced for "FOR ATTORNEYS' EYES ONLY" are subject to the restrictions in paragraph 2 and are further restricted in that these materials are for attorneys' eyes only, and not may not be shown or disclosed to anyone other than counsel and those in counsel's office assisting counsel who agree to be bound by this Protective Order. Such materials or copies thereof will not be provided to defendants and such materials may be shown to defendants only in counsel's office and only with names and other identifiers redacted. The parties shall confer with the government to either obtain a Court order authorizing counsel to make such disclosure to defendants where necessary,  or to agree that counsel may make such disclosure where necessary, such as in preparation for the impending trial. Such disclosure shall still preclude defendants and defendants' counsel from posting such information publicly.

4.      Defendants, defendants' counsel, and authorized persons shall not copy or reproduce the materials except to provide copies of the materials for use in connection with this case by defendants, defendants' counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5. Defendants, defendants' counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. Before providing materials to a defendant or an authorized person, defense counsel must provide the authorized person with a copy of this Order.

7. Upon conclusion of all stages of this case, all the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

8. To the extent any material is produced by the United States to defendants or defendants' counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

3

9. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials.

10. If counsel seeks to use discovery materials in judicial proceedings in this case, such materials will be filed under seal and/or redacted, in a manner which prevents disclosure of identifiers or other sensitive information.

11. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____

APRIL M. PERRY
DISTRICT COURT JUDGE
United States District Court
Northern District of Illinois

Date: _____

4