UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL RABBITT, et al. | No. 25 CR 693<br><br>Judge April M. Perry |

**GOVERNMENT'S RESPONSE TO DEFENDANTS'
MOTION FOR A BILL OF PARTICULARS**

The United States, by and through its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, hereby requests that this Court deny Defendants' Motion for a Bill of Particulars, Dkt. 61, for the following reasons:

I. Background

    A. *The Indictment*

The indictment in this case was filed on October 23, 2025, charging defendants with conspiracy to impede and hinder law enforcement, in violation of Title 18, United States Code, Section 372, and each defendant separately with a misdemeanor under Title 18 United States Code, § 111(a). Dkt. No. 1. The indictment arose out of an incident in the driveway leading to businesses in Broadview, Illinois, including an Immigration and Customs Enforcement ("ICE") facility. As alleged in the indictment, on September 26, 2025 at approximately 7:45 a.m., an ICE agent driving a government-owned vehicle turned into the driveway to report for work at the Broadview ICE facility. Indictment at ¶¶ 2-4. As further alleged in the indictment, as the agent turned into the driveway, a group of individuals, including the six

1

defendants, swarmed the government vehicle, with the intent to hinder and impede the law enforcement agent from proceeding to his workplace. Indictment ¶ 4.

The indictment specifically states that defendants and the others surrounding the car banged on the vehicle, crowded together in the front and side of the vehicle, pushed against the vehicle to hinder and impede its movement, scratched the body of the car—including etching a message into the body of the vehicle, specifically, the word "PIG"—broke one of the car's side mirrors, and broke a rear windshield wiper off the vehicle. *Id.* ¶ 5.

Paragraphs 7 through 12 of the indictment set forth specific actions of each defendant taken in furtherance of the conspiracy. In addition, a video produced by the government in discovery clearly shows that defendant Brian Straw pushed his way through the crowd to get in front of the car, whipped his large drink at the windshield of the government vehicle so as to hinder the driver's view, and then planted his hands on the hood, leaned his weight into the front of the car, and braced against it in a further effort to hinder and impede. The government previously notified Straw's counsel of this conduct verbally and notified all defendants in a prior filing, although they can see the conduct clearly on the video produced in November 2025. *See* Dkt. 67 at 3.

    B.    *The Motion for a Bill of Particulars*

On December 23, 2025, defendants filed a motion for a bill of particulars on the conspiracy charge under Title 18, United States Code, § 372. Dkt. 62 at 15. Defendants do not appear to argue that they a need a bill of particulars for the

2

charges against them under Title 18, United States Code, Section § 111(a). Defendants' motion is meritless, and the motion should be denied.

## II. Legal Argument

Federal Rule of Criminal Procedure 7(f) permits defendants to move for a bill of particulars "before or within 14 days after arraignment or at a later time if the court permits." Defendants filed their motion for a bill of particulars three months after the arraignment. Defendants have neither asked for permission to move for a bill of particulars nor provided any reasons to justify the late request. This Court should deny the motion for that reason alone. Regardless of its untimeliness, the motion should be denied because defendants do not meet the standard for a bill of particulars, for the reasons set forth herein.

In evaluating the need for a bill of particulars, the court's key inquiry is whether the indictment adequately apprises each defendant "of the charges against him in order to enable adequate trial preparation." *United States v. Vaughn*, 722 F.3d 918, 926 (7th Cir. 2013). "A bill of particulars is 'unnecessary where the indictment sets forth the elements of the charged offenses and provides sufficient notice of the charges to enable the defendant to prepare his defense.'" *Id.* at 927 (quoting *United States v. Hernandez,* 330 F.3d 964, 975 (7th Cir. 2003), *overruled on other grounds by Alleyne v. United States,* 570 U.S. 99 (2013)). An indictment that includes each element of the charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the applicable statutes generally is sufficient by law. *Blanchard*, 542 F.3d at 1140; *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003).

3

Here, the indictment meets those requirements. Defendants were not charged by a barebones indictment that merely parroted the elements of 18 U.S.C. § 372. Rather, the Grand Jury's speaking indictment here sets forth the date, time, and place of the incident giving rise to the charges. The indictment describes the incident, including conduct of each individual defendant in furtherance of the conspiracy. The indictment includes each element of the charged offense, and a citation to the charged statute. The indictment here is sufficient, and no bill of particulars is warranted.

Courts routinely deny motions for a bill of particulars where—as here—the indictment adequately informs defendants of the charges against them. In *Blanchard*, for instance, the Seventh Circuit affirmed the district court's denial of a motion for a bill of particulars in a case charging the manufacture of methamphetamine and the possession of a firearm by a felon, observing that "[g]iven knowledge of the evidence seized from both residences and the terms of the indictment, Blanchard was undoubtedly aware that the government might seek to prove that he manufactured methamphetamine at either residence and that he possessed firearms at the Roberts residence on a date approximating the 'on or about' date alleged in the indictment. This was more than sufficient to enable Blanchard to prepare for trial." 542 F.3d at 1141. *See also Vaughn*, 722 F.3d at 926 (holding that an indictment charging drug conspiracy is adequate "if it sets forth the existence of a drug conspiracy, the operative time of the conspiracy, and the statute violated"); *United States v. Gregory*, 2003 WL 21698447 at *1 (N.D. Ill. July 1, 2003) (Reinhard, J.) (bill of particulars was not required for an indictment charging narcotics

4

possession and unlawfully possessing a firearm; "as it stands, the indictment alleges the specific dates involved, the types of weapon and their serial numbers, and most importantly, all of the necessary elements of the respective offenses charged"); *United States v. Mebust*, 1993 WL 499706 at *3 (N.D. Ill. Dec. 2, 1993) (Williams, J.) (bill of particulars not required for indictment charging the unlawful possession of firearms when the indictment "clearly identifies the statute Mebust is charged with violating, contains the elements of the charge, identifies the specific weapons involved in each count, and alleges that Mebust was in possession of the illegal firearms 'on or about' June 18, 1993, at Round Lake Heights, Illinois). Here, too, the indictment adequately informs defendants of the charges against them. Thus, defendants' Motion for a Bill of Particulars should be denied.

A bill of particulars is further unnecessary when the information defendant seeks is "available through 'some other satisfactory form,' such as discovery." *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008) (quoting *Hernandez*, 330 F.3d at 975); *United States v. Burke*, 2022 WL 1970189, at *82 (N.D. Ill. June 6, 2022) (Dow, J.)(denying request for a bill of particulars, in part, because "[d]iscovery fleshes out the details of the Government's case and therefore equips [defendant] with information he needs to mount a defense"). Here, the government has produced multiple videos of the incident that underlies the charges, so that defendants can actually see and hear the conduct that led to the charges. They are thus well aware of the conduct that led to the charges in the indictment. The fact that they already have sought a relatively quick trial date shows that the indictment and the discovery

5

to date are more than adequate for defendants to prepare for trial, without a bill of particulars.

Critically, a motion for a bill of particulars is not a vehicle to question the sufficiency of the evidence. *See United States v. White,* 610 F. 3d 956, 958-959 (7th Cir. 2010) ("An indictment is reviewed on its face, regardless of the strength or weakness of the government's case."). Nor is it a vehicle to seek a preview of government's trial presentation. *Fassnacht*, 332 F.3d at 445 ("the defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved") (quoting *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981)).

Moreover, a bill of particulars is not a discovery device of the kind propounded in a civil case, and defendants are not entitled to a mock trial preview of the government's evidence. *Fassnacht*, 332 F.3d at 445 ("the defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved") (quoting *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981)); *Blanchard*, 542 F.3d at 1141. To that end, the government will produce its witness and exhibit lists pursuant to the pretrial schedule set by the Court.

Tellingly, defendants cite no specific authority in support of their claim that the detailed indictment and the ample discovery provide insufficient notice of the charges against them. Instead, they claim that (1) they lack "pertinent discovery on the contours of the conspiracy," (2) the case presents "overarching First Amendment" concerns, and (3) they are purportedly unable to "defend themselves against the

6

amorphous conspiracy" and or against the risk of Double Jeopardy. Mot. 11. Each of these arguments is meritless.

### A. The Indictment and Discovery Adequately Inform Defendants of the Contours of the Conspiracy.

A bill of particulars is unnecessary here because the indictment and discovery provide the defendants with all they need on the "contours" of the conspiracy. As explained, the speaking indictment details the date and location of the conspiracy and examples of the actions—both individually and collectively—that the defendants and their fellow conspirators took to hinder and impede Agent A. *See* Indictment ¶¶ 3-12. Moreover, the government has produced videos of the incident from multiple angles to depict what defendants did to hinder and impede Agent A. The discovery provides defendants with more than enough to "flesh out the details of the Government's case" and "equip[] [defendants] with information they need to mount a defense." *United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *82 (N.D. Ill. June 6, 2022).

Defendants' arguments to the contrary appear to be grounded on the mistaken premise that a conspiracy charge requires identification and proof of advanced planning or a preexisting relationship between the conspirators, and they seek a bill of particulars for that information. *See* Mot. 4, 6. But it is well established that "[a]n agreement need not be explicit," and could instead be proven by "a tacit agreement" or circumstantial evidence. *United States v. Messino*, 382 F.3d 704, 709 (7th Cir. 2004); *see also United States v. Mosley*, 53 F.4th 947, 957 (6th Cir. 2022) (defendant's "agreement to join [a] conspiracy . . . can be inferred from his conduct"). There also

7

need not be "an extended period of premeditation or a distinct verbal agreement" to form a conspiracy." *See United States v. Scott*, 979 F.3d 986, 990 (2d Cir. 2020) (applying this principle to uphold a conviction for conspiracy against rights under 18 U.S.C. § 241). In *Scott*, for instance the court found the evidence sufficient to support a conspiracy where correctional officers engaged in a "group beating" of an inmate, rejecting the defendants' claims that "the frenetic, rapidly developing assault" was too "spontaneous" to be the product of a conspiracy. *Id.* at 990-91. It was enough, the Court held, that the officers "acted in concert and purposefully joined the assault" and where the "group consciously colluded for at least a couple minutes." *Id.* at 990-91.

These general principles of conspiracy law apply with equal force to conspiracies under § 372. *See United States v. Barber*, 442 F.2d 517, 523 (3d Cir. 1971). In *Barber*, "a group of approximately fifteen men" approached federal agents who had just arrested an individual. *Id.* at 521. When the agents ordered the group to make room, the agents "were attacked by several individuals from the group" in an assault that "lasted only a few minutes." *Id.* That was sufficient to constitute a conspiracy under § 372, as "there was a "concerted effort, albeit somewhat spontaneous in plan and execution, to assist a neighborhood youth to escape from the custody of federal agents." *Id.* at 523.

Through this lens, it is clear that a bill of particulars is unwarranted to outline the "contours" of the conspiracy. Defendants claim that their political beliefs are the "only ties that bind them." Mot. 5, 14. Putting aside that such an argument goes to

8

the merits of the case, even a cursory review of the indictment and the discovery provides ample notice to defendants that it was their *actions*—and in particular, their concerted effort to hinder and impede Agent A—that bind them. Specifically, the indictment alleges—and the discovery shows—that defendants Rabbitt and Walsh hindered and impeded Agent A on the sides of his vehicle, with Rabbitt bracing his hands and body against the vehicle and hitting it, and Walsh wrapping her arms around the driver's side mirror. The indictment further alleges—and the discovery shows—defendants Abughazaleh, Martin, Sharp, and Straw hindering and impeding Agent A at the front of his car while it was attempting to proceed to the Broadview ICE facility, with Straw joining them from a short distance away and, as described above and seen clearly in the video, throwing his drink at the windshield before planting his weight against the front of the car.

In addition, the indictment describes, and the videos show, that as Agent A made slow and cautious progress up the driveway despite the defendants and the rest of the crowd impeding and hindering him, defendants and others in the crowd yelled instructions to each other to get to the front of the car to prevent his progress. At that point, many of those in the crowd quickly ran together from the sides to join others at the front of the car, in an effort to further impede and hinder and to prevent him from progressing toward the Broadview facility.

Defendants also claim that they are "entitled" to know the scope of the conspiracy, including its precise start and end points, as well as the identity of each and every co-conspirator. *See* Mot. 14. That claim of entitlement is not grounded in

9

law. *See United v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) ("[T]he Government is not required to furnish the name[s] of all other co-conspirators in the bill of particulars."); *United States v. Townsend*, 924 F.2d 1385, 1389 (7th Cir. 1991) (explaining that "it is the grand jury's statement of the existence of the conspiracy agreement rather than the identity of those who agree which places the defendant on notice of the charge he must be prepared to meet") (cleaned up); *United States v. Muyet*, 945 F. Supp. 586, 599 (S.D.N.Y. 1996) ("defendants are not entitled to a bill of particulars setting forth the 'whens,' 'wheres,' and 'with whoms'" of conspiracy). In short, "the view *virtually universally* held is that the defendant is not entitled to particulars regarding the formation of the conspiracy; the exact time and place of overt acts and the names and addresses of persons present; the details concerning how and when the conspiracy was formed or when each participant entered the conspiracy." *United States v. Omar*, No. 1:12-cr-00264-SCJ-RGV, 2012 WL 6934627, at *3 (N.D. Ga. Dec. 7, 2012) (citation omitted) (emphasis added).[1]

Indeed, defendants demand a level of specificity about the conspiracy that goes far beyond the proof required at trial. Given that the government need not establish a conspiracy through direct evidence, *see Messino*, 382 F.3d at 709, it follows that a desire for such evidence is not proper grounds for a bill of particulars. *See United States v. Indivior Inc.*, No. 1:19CR00016, 2019 WL 7116364, at *4 (W.D. Va. Dec. 23,

---

[1] The defendants, of course, have more knowledge than the government of the identity of others shown impeding and hindering in the video, as they were demonstrating together for some time. The government has suggested, in response to issues raised by defense counsel, that defendants identify the other individuals in the crowd, but so far, they have declined to do so.

10

2019) ("the government . . . has no obligation to produce [direct] evidence to the defendants for them to adequately prepare for trial"); *see also id.* (rejecting defendants' request for direct evidence as an improper attempt to compel the government to disclose, as well as commit to, a legal theory of its case in advance of trial").

Defendants also question how the purported "independent acts" by others can be imputed to them. Mot. 13. This is no more than an argument that no conspiracy existed. That will be a question for the jury to decide at trial, based on the evidence and the court's instructions on the law of conspiracy—including that in a conspiracy, acts of one are imputed to the others if foreseeable. *See United States v. Conley*, 875 F.3d 391, 401 (7th Cir. 2017). But defendants' sufficiency of the evidence argument does not justify a bill of particulars. *See White,* 610 F. 3d at 958-59.

### B. Defendants' First Amendment Argument Ignores the Indictment and Discovery.

Defendants fare no better in grounding their request for a bill of particulars based on "grave First Amendment risks." Mot. 14. Defendants appear to suggest that the government charged individuals with § 372 conspiracy based merely on their presence at the Broadview protests in and around the time of the incident. *See* Mot. 14. Such an argument is meritless on several levels.

As an initial matter, the manner in which § 372 was drafted already guards against the parade of horribles outlined in defendants' motion. *See United States v. Payne*, No. 216CR00046GMNPAL, 2017 WL 8941311, at *9 (D. Nev. Jan. 3, 2017), *report and recommendation adopted*, No. 2:16-CR-46-GMN-PAL, 2017 WL 480392 (D.

11

Nev. Feb. 2, 2017) ("The mens rea requirement of § 372 prevents the statute from applying to mere hyperbole or criticism of government officials or to circumstances in which an official subjectively felt intimidated or threatened because this type of conspiracy requires proof the defendant intended to prevent the officer from discharging his or her duties, and proof the defendant accomplished that objective by using force, intimidation, or threats."). In other words, one's mere expression of political beliefs or presence at a protest—standing alone—is not enough to sustain a § 372 charge. And the government does not intend to argue otherwise.

In any event, the indictment and discovery undercut any claim that defendants were charged with a conspiracy under Section 372 merely for being present at the Broadview protest or for expressing their political beliefs. Rather, as explained above, the indictment and discovery make clear that defendants were indicted for their actions—and the actions of their co-conspirators—as they hindered and impeded Agent A on September 26, 2025. Defendants cite no authority for the proposition that any of these actions (along with defendant Straw throwing a drink at Agent A's windshield to obstruct Agent A's ability to see through the windshield) constitute protected First Amendment activity. *See Grayned v. City of Rockford*, 408 U.S. 104, 116 (1972) ("[W]here demonstrations turn violent, they lose their protected quality as expression under the First Amendment.").

### C. The Indictment Charges One Overarching Conspiracy and Does Not Create any Double Jeopardy Concerns.

Defendants' remaining arguments are equally without merit. Defendants speculate that the government could present not "one overarching conspiracy," but

12

rather present "multiple conspiracies amongst subsets of defendants" based on separate violations of § 372. Mot. 12. Like defendants' other arguments, that argument is untethered from the text of the indictment, which charges a single conspiracy and alleges overt acts committed by the defendants and their co-conspirators in furtherance of that conspiracy. Indictment ¶ 3. And the general rule that the government can charge in the conjunctive and prove in the disjunctive applies to conspiracies just as it does to substantive offenses. *See Griffin v. United States*, 502 U.S. 46, 51 (1991); *see also United States v. Jones*, 993 F.3d 519, 532 (7th Cir. 2021) ("a guilty verdict on a dual-object conspiracy will be upheld so long as there is sufficient evidence establishing one of the objects") (citing *United States v. Beverly*, 913 F.2d 337, 357 (7th Cir. 1990)).

Finally, defendants cite *United States v. Gerhard*, 615 F.3d 7, 20 (1st. Cir. 2010), for the proposition that there could "arguably" be a Double Jeopardy problem if defendants are convicted "on the third § 372 clause" and § 111(a). *See* Mot. 15. But *Gerhard* is inapposite. The Double Jeopardy question in *Gerhard* arose because defendants were charged under two conspiracy statues—Count 1 charged a conspiracy under § 372, and Count 2 charged a conspiracy to violate § 111(a) under 18 U.S.C. § 371. *Id.* at 19. Not so here, as defendants are charged with a single conspiracy under § 372 and separate substantive counts § 111(a). Even if there were otherwise complete overlap between § 372 and § 111(a)—and there is not—it is well established that "[t]he commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses . . . [a]nd the plea of double jeopardy is

13

no defense to a conviction for both offenses." *United States v. Felix*, 503 U.S. 378, 390 (1992) (quoting *Pinkerton v. United States*, 328 U.S. 640, 643 (1946)).

WHEREFORE, the government requests that this Court deny defendants' Motion for a Bill Of Particulars.

                          By:    <u>/s/ *Matthew Skiba*</u>
                                 SHERI H. MECKLENBURG
                                 MATTHEW SKIBA
                                 Assistants U.S. Attorney
                                 219 South Dearborn St., Rm. 500
                                 Chicago, Illinois 60604
                                 (312) 353-5300