LAW OFFICE OF
## JOSHUA G. HERMAN
53 WEST JACKSON, SUITE 404 • CHICAGO, ILLINOIS 60604
TEL: 312-909-0434 • JHERMAN@JOSHHERMANLAW.COM • WWW.JOSHHERMANLAW.COM

January 9, 2026

**BY ELECTRONIC MAIL**
AUSA Sheri Mecklenburg
AUSA Matt Skiba
United States Attorney's Office
Northern District of Illinois
219 S. Dearborn, Fifth Floor
Chicago, Illinois 60604
sheri.mecklenburg@usdoj.gov
matthew.skiba@usdoj.gov

                                                    **Re**: *United States v. Rabbitt, et al.*
                                                   **Case No. 25 CR 693 (N.D. Ill.)**

Dear AUSAs Mecklenburg and Skiba:

       We write to follow up on our discovery letter from December 1, 2025. We wanted to ensure that your forthcoming response also considers the requests set out below. We believe that these requests are encompassed in our previous letter, and identify them here out of an abundance of caution to ensure that this material is also produced:

       1.      Any and all records, including e-mails, memorandum, text messages, and telephone records related to the presentment of the investigation of the September 26, 2025, interaction between Agent A and individuals at the Broadview ICE Facility to any member of the U.S. Attorney's Office for the Northern District of Illinois.

       2.      Any and all records and communications including e-mails, memorandum, text messages, and telephone records between U.S. Attorney Andrew Boutros and any other individuals regarding the presentment and consideration for charging of the investigation of the September 26, 2025, interaction between Agent A and individuals at the Broadview ICE Facility.

       We also seek to ensure that you interpret our request to encompass communications among and involving White House staff, and specifically Chief of Staff Susie Wiles. As you know, Ms. Wiles has been quoted acknowledging that some prosecutions brought by the Trump Administration's Department of Justice, specifically against certain political figures, could be seen as retributive and vindictive.[1]

---

[1] *See* Chris Whipple, *Susie Wiles, JD Vance, and the "Junkyard Dogs": The White House Chief of Staff on Trump's Second Term*, Vanity Fair, Dec. 16, 2025 (available at: https://tinyurl.com/4eth46b6); Peter Baker, *Trump's Top Aide Acknowledges 'Score Settling' Behind Prosecutions*, New York Times, Dec. 15, 2025.

*U.S. v. Rabbitt*, *et al.*, 25CR693
January 9, 2026
Page 2

  To be certain our concerns are on this issue are addressed, please ensure that the following are produced:

  3. All documents, including all records of communications sent to, from, between, or among law enforcement and government personnel, including White House staff, including but not limited to communications involving Chief of Staff Susie Wiles, and which reference any of the defendants or: defendants' statements about the Broadview facility, other immigration facilities, DHS, or ICE; defendants' participation in any protests against the Trump Administration's immigration policies; or defendants' political or policy views, or political affiliation or party.

  In your consideration of these requests, we also wish to emphasize how the legal standards for vindictive and selective prosecution do not require proof that individual prosecutors harbor animus against the charged defendants. Rather, animus may be imputed to a prosecutor when an external force "in some way prevailed upon the prosecutor in making the decision to seek an indictment." *United States v. Monsoor*, 77 F.3d 1031, 1035 (7th Cir. 1996). *See also United States v. Adams*, 870 F.2d 1140, 1146, 1148 (6th Cir. 1989) (vacating conviction and granting defendant's request for discovery on the issue of whether "the EEOC, acting on an improper motive, induced the Department of Justice to institute a prosecution that would not otherwise have been undertaken"); *United States v. Koh*, 199 F.3d 632, 640 (2d Cir. 1999) (recognizing that vindictive prosecution may be established when prosecutor was "prevailed upon to bring the charges by another with animus"). More recently, in the case of *United States v. Kilmar Abrego Garcia*, and due to statements of government officials such as Deputy Attorney General Todd Blanche, the District Court "rejected the Government's argument that only the motives of the line prosecutors and local investigators are relevant" and observed that "[t]he motivations of the people who place the file on the prosecutor's desk are highly relevant when considering a motion to dismiss for vindictive prosecution." *United States v. Garcia*, No. 3:25-cr-00115, 2025 U.S. Dist. LEXIS 213551, at *3, 4 (M.D. Tenn. Oct. 27, 2025).[2]

  Thank you in advance for your review of this letter along with our requests set forth in our December 1, 2025, letter. We continue to be available at your convenience to confer about these requests to attempt to resolve any disputes.

                 Sincerely yours,

                 Joshua G. Herman

cc: Counsel for all Defendants

---

[2] Deputy Attorney General Blanche was prominently quoted in the official DOJ press release announcing the indictment in this case against Defendants.