**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CR 693 |
| | ) | Judge April M. Perry |
| MICHAEL RABBITT, | ) | |
| KATHERINE MARIE ABUGHAZALEH, | ) | |
| ANDRE MARTIN, and BRIAN STRAW | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR NOTICE AND
PRODUCTION OF RULE 404(b) MATERIAL**

Defendants, by and through their respective counsel, move pursuant to Rule 404(b) of the

Federal Rules of Evidence, as well as the Due Process Clause of the Fifth Amendment to the

Constitution of the United States, to require the government to disclose all allegedly similar crimes,

wrongs, or acts allegedly committed by Defendants on which the government intends to rely at

trial to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identity, or

absence of mistake. In discovery correspondence, the government has proposed that it will provide

notice of Rule 404(b) material three weeks before trial. The defense requests that the Rule 404(b)

production be made 30 days prior to trial. The defense makes this motion to formalize their request

for notice and the scope of the material requested.

Rule 404(b) excludes relevant evidence of "other crimes, wrongs, or acts if the purpose is

to show a person's propensity to behave in a certain way, but other-act evidence may be admitted

for 'another purpose' including, but not limited to, 'proving motive, opportunity, intent,

preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *United States v.*

*Gomez*, 763 F.3d 845, 855 (7th Cir. 2014) (quoting Rule 404(b)). Admissibility of other-act evidence requires a "propensity-free chain of reasoning," and requires the Court to "not just ask *whether* the proposed other-act evidence is relevant to a non-propensity purpose but *how* exactly the evidence is relevant to that purpose." *Id*. at 856.

Rule 404(b) requires reasonable notice in advance of trial of the general nature of any such evidence that the government intends to introduce at trial. Fed. R. Evid. 404(b)(2)(A). The purpose of the pre-trial notice requirement of Rule 404(b) is "to reduce surprise and promote early resolution on the issue of admissibility." Fed. R. Evid. 404(b) (Notes of Senate Committee on the Judiciary on the 1991 Amendment). While Rule 404(b) provides neither a specific time of notice nor a specific form of notice, the advisory committee notes to the 1991 amendment make clear that the time and form of disclosure depend largely on the circumstances of the particular case. *See also United States v. Blount*, 502 F.3d 674 (7th Cir. 2007) (citing Fed. R. Evid. 404(b) advisory committee's note (1991); *United States v. Carrasco*, 381 F.3d 1237, 1241 (11th Cir. 2004) (per curiam); and *United States v. Vega*, 188 F.3d 1150, 1152-55 (9th Cir. 1999)). Without notice, Rule 404(b) evidence is inadmissible. *Blount*, 502 F.3d at 677.

Accordingly, and in order to reduce surprise and promote early resolution of admissibility issues, counsel respectfully requests that this Court enter an order requiring the government to disclose the following particulars of any "other crimes" evidence:

    a. The dates, times, places and persons involved in said crimes, wrongs, or acts;

    b. A description of the general nature of said crimes, wrongs or acts, including the dates, places, and persons involved;

    c. The statements of each participant in said other crimes, wrongs, or acts;

    d. The documents which contain evidence of said other crimes, wrongs or acts; and,

e.  A statement of the issue or issues to which the government believes such other

crimes, wrongs, or acts evidence may be relevant under the Fed. R. Evid. 404(b).

*See United States v. Siegfried*, 2000 U.S. Dist. LEXIS 10411, *11-12 (N.D. Ill. July 17, 2000).

Counsel also request pretrial production of material that is admissible under Rule 608(b) to the extent the evidence constitutes "other act" evidence within the meaning of Rule 404(b) and the 1991 Advisory Committee Notes to that Rule, or evidence subject to disclosure under Rule 16. Such disclosure finds support in *United States v. MacMahon*, 2012 U.S. Dist. LEXIS 84258, *3-4 (N.D. Ill. June 15, 2012) (Kennelly, J.). There, the district court observed as follows: "to the extent that evidence that may be used to impeach under Rule 608(b) also constitutes 'other act' evidence within the meaning of Rule 404(b) and the 1991 Advisory Committee Notes to that Rule, or evidence subject to disclosure under Rule 16, the fact that it might also be admissible under Rule 608(b) does not excuse the government from pretrial disclosure pursuant to the previous paragraph of this order."

Counsel respectfully submits that 30 days would be meaningful advance notice of Rule 404(b) (and Rule 608(b)) and is necessary given the particular nature of the charges in this case. The defendants are collectively charged with a conspiracy in violation of 18 U.S.C. §372 and individually with violations of 18 U.S.C. §111(a)(1). As described in its "Notice of Intent to Narrow Conspiracy Charge" (Dkt. #96), the government intends to try and prove that defendants "Conspired with one another and others, known and unknown, to prevent by force and intimidation, Agent A, a United States law enforcement officer, from discharging the duties of his office." In Court, the government has described this as a "spontaneous conspiracy" and also represented that it did not have evidence of advanced planning. Given the utter absence of traditional "conspiracy" evidence to prove an agreement, and particularly due to the overarching

First Amendment issues at stake connected to Defendants' protest and assembly activities not just on September 26, 2025, but also before and after that date and at the Broadview Facility and elsewhere, Defendants are concerned that the government will treat other protest and assembly activity as Rule 404(b) evidence. Indeed, the government has included in discovery evidence showing Defendants being present at the Broadview Facility on other dates or speaking out about ICE on dates other than September 26, 2025. Defendants are entitled to know if the government intends to use such evidence or anything else as Rule 404(b) evidence.

Accordingly, counsel respectfully request that Defendants be provided with notice of the government's intent to rely on 404(b) material and the production of said material, including on the specific disclosures set forth above, at thirty (30) days in advance of trial.

Respectfully submitted,

**/s/ Nancy L. DePodesta**
**/s/ Carly Alana Chocron**
Taft Stettinius & Hollister LLP
111 E Wacker Dr, Suite 2900
Chicago, IL 60601
312-836-5884
ndepodesta@taftlaw.com
cchocron@taftlaw.com
*Attorneys for Michael Rabbitt*

**/s/ Joshua G. Herman**
Law Office of Joshua G. Herman
53 W. Jackson, Blvd., Suite 404
Chicago, IL 60604
312-909-0434
jherman@joshhermanlaw.com
*Attorney for Katherine Marie Abughazaleh*

**/s/ Theodore Thomas Poulos**
**/s/ Terence H. Campbell**
**/s/ Valerie Ann Davenport**
Cotsirilos, Poulos & Campbell, Ltd.
55 E. Monroe Street, Suite 3250
Chicago, IL 60603
312-263-0345
tpoulos@cotsiriloslaw.com
tcampbell@cotsiriloslaw.com
vdavenport@cotsiriloslaw.com
*Attorneys for Andre Martin*

**/s/ Christopher Parente**
**/s/ Damon M Cheronis**
Cheronis & Parente
140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
*Attorneys for Brian Straw*

4