# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CR 693 |
| | ) | Judge April M. Perry |
| MICHAEL RABBITT, | ) | |
| KATHERINE MARIE ABUGHAZALEH, | ) | |
| ANDRE MARTIN, and BRIAN STRAW | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR *SANTIAGO* PROFFER

Defendants, by and through their respective counsel and pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence, the Due Process and Confrontation clauses of the Fifth and Sixth Amendments to the Constitution of the United States, as well as the standards announced in *Bourjaily v. United States*, 483 U.S. 171, 107 S.Ct. 2775 (1987) and *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1987), respectfully move for a formal written proffer by the government that permits the Court to determine preliminarily, and prior to the impaneling of the jury or the swearing of the first witness, the admissibility of co-conspirator statements against them.

The Court is very familiar with the law regarding the use of co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E). In short summary, under Rule 801(d)(2)(E), a hearsay statement offered by the government and made by a co-conspirator may be admitted into evidence only if the government shows: (1) a conspiracy existed at the time of the conversation; (2) the defendant and the declarant were both members of the same conspiracy; and (3) the proffered hearsay statements were made during the course of and in furtherance of the conspiracy. While Rule 801(d)(2) instructs the Court to consider the contents of the out-of-court statement, it

also specifies that the contents of the statement "are not alone sufficient to establish … the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under [801(d)(2)(E)]." Rule 801(d)(2). In addition, to satisfy Rule 801(d)(2)(E), the government must identify—prior to the admission of any hearsay statements at trial—each alleged co-conspirator and the specific hearsay statement attributed to each co-conspirator that it intends to introduce.

In prior written correspondence to defense counsel, the government wrote that "[t]hree weeks prior to trial, the government … will file any proffer pursuant *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978), if applicable." Further, at a February 26, 2026, hearing, the government stated in response to the Court's questioning that it did not think it would be filing a *Santiago* proffer, but it did not unequivocally foreclose doing so. (Feb. 26, 2026 Tr. 9:2-11). Notwithstanding that statement, the government has not ruled out invoking Rule 801(d)(2)(E). Thus, at this point, it remains uncertain whether the government will file a *Santiago* proffer and seek to use the words of one purported co-conspirator against the four remaining Defendants in this case. As such, this Motion is filed to formalize Defendants' demand for such a proffer that requires the government to provide specific notice of and justification for using Rule 801(d)(2)(E).

Moreover, due to the unique nature of the case, the "spontaneous conspiracy" theory advanced by the government, and the overarching First Amendment interests at issue, counsel request that the government be required to file such proffer at least thirty (30) days prior to trial. Counsel for Defendants remain deeply concerned that—due to the lack of traditional evidence proving a conspiracy, such as *any* communications between Defendants related to the "spontaneous conspiracy" on September 26, 2025—that the government may use other public statements made by Defendants as having been made in "furtherance" of the purported conspiracy.

2

Each in their own right, Defendants have made public statements critical of ICE and the Trump Administration's immigration enforcement activities. Moreover, it is not just Defendants' own statements that could be at issue. Under the government's expansive and slippery conspiracy theory, at a minimum, virtually any protestor who was at the Broadview Facility on September 26, 2025, could be a "co-conspirator" whose statements could potentially be used against Defendants under Rule 801(d)(2)(E). If the government seeks to use statements by Defendants or any other protestor as being made in furtherance of a "conspiracy," Defendants anticipate substantial litigation and the mere three weeks' notice proposed by the government simply will not suffice.

WHEREFORE, for the foregoing reasons, counsel request that this Court order the government to provide its formal written *Santiago* proffer at least thirty (30) days prior to trial.

Respectfully submitted,

**/s/ Nancy L. DePodesta**
**/s/ Carly Alana Chocron**
Taft Stettinius & Hollister LLP
111 E Wacker Dr, Suite 2900
Chicago, IL 60601
312-836-5884
ndepodesta@taftlaw.com
cchocron@taftlaw.com
*Attorneys for Michael Rabbitt*

**/s/ Joshua G. Herman**
Law Office of Joshua G. Herman
53 W. Jackson, Blvd., Suite 404
Chicago, IL 60604
312-909-0434
jherman@joshhermanlaw.com
*Attorney for Katherine Marie Abughazaleh*

**/s/ Theodore Thomas Poulos**
**/s/ Terence H. Campbell**
**/s/ Valerie Ann Davenport**
Cotsirilos, Poulos & Campbell, Ltd.
55 E. Monroe Street, Suite 3250
Chicago, IL 60603
312-263-0345
tpoulos@cotsiriloslaw.com
tcampbell@cotsiriloslaw.com
vdavenport@cotsiriloslaw.com
*Attorneys for Andre Martin*

**/s/ Christopher Parente**
**/s/ Damon M Cheronis**
Cheronis & Parente
140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
*Attorneys for Brian Straw*