# Exhibit B

**Subject:** Motion to Compel

**Date:** Tuesday, March 31, 2026 at 11:55:43 PM Central Daylight Time

**From:** Christopher Parente

**To:** Hogan, William (USAILN), Skiba, Matthew (USAILN), Almendarez, Andres (USAILN)

**CC:** Christopher Parente, DePodesta, Nancy, Theodore Poulos, Valerie Davenport, Damon Cheronis, Josh Herman, Carly A. Chocron, Terence Campbell

Bill et al,

We were taken aback by the vitriol in your response. As we work on our reply, we want to reiterate that nobody on the defense team is making accusations against any line AUSA regarding improper motives in their handling of this case.

Our concerns are focussed solely on *potential* improper influence before the file landed on Ms. Mecklenburg's desk and/or the case was indicted. I say potential because we have not filed and may never file an actual selective prosecution motion. But given the outrageous way this White House and DOJ has operated recently we were compelled to request if there are any evidence of communications from them about this case. They clearly have infected numerous other prosecutions/investigations, so you should appreciate why we had to inquire of this one. The point of these discovery requests was to see if there was any information which would shed light on that period of time before the file got to Ms. Mecklenburg and the decision to indict was made.

To that end, you write in the response "**that there are no communications of any nature from, to, or with anyone outside the USAO (other than the local FBI investigators assigned to the case) regarding any investigatory or charging decisions.**" This is a very definitive statement and we take you at your word on this. All we request is that you let us know how you determined this fact. For instance, our understanding is that Chris Veatch is often the conduit between Main Justice and the Office on the Midway Blitz investigations. Was he contacted about our request and did he confirm that no communications occurred with anyone outside the USAO regarding the investigatory or charging decisions related to this case? What searches were conducted of emails, text messages, and phone logs? If you could simply let us know what specific steps you took to make this unequivocal statement, that would be very helpful to address our good faith concerns .

Additionally, in FN 5 you make clear that our questions regarding the assignment of this case to Ms. Mecklenburg are unfounded as some of us being former AUSAs know that when there are major operations going on like Midway Blitz a duty calendar is created and these matters are spread out throughout the office on a random basis (with the exception of the appellate section not having to help out). We again accept your representation on this point but respectfully request you provide Judge Perry with a copy of the duty calendar demonstrating that on the day this investigation was assigned the day was set to either the public corruption section or Ms. Mecklenburg specifically. That would go a long way toward ending our concerns.

Finally, unrelated to this reply, could you please send us your current proposed redacted

indictment so we can see if there are any further redactions we would need to propose on our end. We would request you send us the proposed redacted indictment by this Friday so we can address any issues at the status hearing set for Tuesday.

We appreciate your dialogue on this case and to the extent we can work these issues out between us without involving the Court that is in the best interest of all parties.


--
Christopher V. Parente
Cheronis & Parente LLC
p 312.663.4644  c 773-458-4899
Email: cparente@cheronislaw.com
www.cheronislaw.com
140 South Dearborn Street, Suite 404
Chicago, Illinois 60603