**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 25 CR 693 |
| | ) Judge April M. Perry |
| MICHAEL RABBITT, | ) |
| KATHERINE MARIE ABUGHAZALEH, | ) |
| ANDRE MARTIN, CATHERINE SHARP, | ) |
| BRIAN STRAW, and JOSELYN WALSH | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' SUPPLEMENTAL MOTION TO COMPEL
DISCLOSURE OF THE GRAND JURY TRANSCRIPTS**

Defendants, by and through their respective counsel, respectfully move this Court, pursuant to Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure, for an Order compelling the government to produce the Grand Jury transcripts pertaining to how the 18 U.S.C. § 372 conspiracy charge was explained to the Grand Jury. In the alternative, Defendants respectfully request that the Court conduct an *in camera* review of those materials and order disclosure of those portions of the transcripts the Court determines are necessary to allow Defendants an opportunity to develop this issue further.

Defendants' request is narrow. Defendants seek only disclosure of those transcripts detailing the presentment of the law on the §372 conspiracy charge and any related exchanges. Because the government obtained an indictment charging all three clauses of §372—each of which defines a separate offense (see pp. 6-7, infra, citing cases)—and is now seeking to proceed only on a narrowed portion of the first clause, Defendants have a particularized need for disclosure of these materials to ensure the Grand Jury was correctly instructed on each of the three distinct

offenses contained within §372, and more specifically as to the first clause which is now the only operative clause at issue in this case.

Here, the government's evolving charging theory and its recent decision that it would not proceed under the second and third clauses of §372, but only under the first clause, warrants disclosure of the grand jury transcripts in this case. Indeed, at a prior hearing before the dismissal of two defendants and its decision to proceed under the first clause of § 372, the government required extra time to consult with office leadership before answering the Court's questions about its charging theory. Under these circumstances, Defendants understandably seek assurances that the grand jury was properly instructed on the law when the novel §372 conspiracy charge was presented for indictment and that the theory of prosecution ultimately settled on in the revised indictment squares with what was urged to the grand jury.

All of the foregoing strongly favors requiring the disclosure of the Grand Jury transcripts to see how the Grand Jurors were instructed on the law. This is a modest request and one that causes neither hardship nor harm to the government, but provides ready, objective proof as to whether the charge(s) that remain were properly returned by the Grand Jury.

## I.     The Indictment

On October 23, 2025, an indictment was returned that charged six individuals with one count of conspiracy under 18 U.S.C. §372 and another count of "impeding, intimidating, and interfering," the ICE agent under 18 U.S.C. §111(a)(1). The §372 conspiracy count alleged that Defendants:

> conspired with one another and others, known and unknown, to prevent by force, intimidation, and threat, Agent A, a United States law enforcement officer, from discharging the duties of his office, and to injure him in his person or property on account of his lawful discharge of the duties of his office, and while engaged in the lawful discharge thereof, and to injure his property so as to interrupt, hinder, and impede him in the discharge of his official duties.

2

(Dkt. #1, p. 3, ¶3). The indictment continues to allege that, as part of the conspiracy, Defendants and others "surrounded the Government Vehicle" and "pushed against the vehicle to hinder and impede its movement." (*Id.*, ¶¶4-5). As a result, the indictment avers, "Agent A was forced to drive at an extremely slow rate of speed." (*Id.*, ¶6). The indictment does not provide any notice to Defendants of how they agreed to engage in a conspiracy to violate one or more of the clauses in §372. There are no allegations that any Defendant encouraged violence, made threats, or damaged the SUV. Indeed, as the government has acknowledged, there are no allegations or evidence of any advance planning or coordination amongst Defendants to prevent, by force, threat, or intimidation, or to injure the officer or his SUV. Quite to the contrary, the indictment alleges that it was not any of the Defendants, but other people in the crowd caused the alleged damage to the SUV. Defendants are each alleged to have only placed their hands on the car or pushed against it in what the government claims was a "spontaneous conspiracy."

On March 13, 2026, the government filed a notice to narrow the conspiracy charged in Count One to the allegation that Defendants:

> conspired with one another and others, known and unknown, to prevent by force and intimidation, Agent A, a United States law enforcement officer, from discharging the duties of his office.

(Dkt. #96, ¶3). On April 7, 2026, the government provided the defense with an amended Count One, which is attached hereto as **Exhibit C**, and contains the language quoted immediately above. Thus, the government now intends to "proceed only on the first clause of 18 U.S.C. §372, namely, the force and intimidation prong," and also "to further eliminate the charge that the defendants conspired to threaten Agent A in preventing him from discharging his duties." (*Id.*).

This is a significant change. The Grand Jury returned Count One with a charge that facially embraced all three clauses of §372, each of which is its own separate offense, yet the government

3

now states that it will proceed only on the first clause of §372. At minimum, this creates a concrete, non-speculative basis to determine whether the Grand Jury was correctly instructed on each distinct clause of §372, whether those clauses were explained as separate offenses with separate elements, and whether the Grand Jury actually passed on the now narrowed theory (i.e. a violation of clause one only) the government is now pursuing. Defendants' interest in disclosure only increases as the Government continues to evolve its legal theories beyond the parameters of the indictment returned by the Grand Jury.

## II.     Discovery Requests

On December 3, 2025, Defendants made written discovery requests for: (1) "[a]ll grand jury transcripts and minutes, including but not limited to instructions given to the grand jurors on the law"; and (2) "[a]ll exhibits shown to the grand jurors." (Ex. A, p. 3). On December 18, 2025, the Government responded that it would not produce the requested materials, claiming it is not standard practice in this District and to obtain this transcript the Defendants must show "exceptional circumstances."[1] (Ex. B, p. 3). The Government stated, "[t]his is a relatively simple, straightforward indictment, that presents no exceptional circumstances." (Ex. B, p. 3). While the face of the indictment might be "simple" and "[un]exceptional," the facts, procedural history, and chilling First Amendment implications behind it are anything but.

## III.    Legal Standard

Rule 6(e) of the Federal Rules of Criminal Procedure authorizes district courts to disclose grand jury materials "in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(i)-(ii). Legal instructions given to a grand jury

---

[1] Defendants would note that it is not "standard practice" for federal prosecutors to redact charging clauses from an indictment months after the case had been indicted.

4

are one example of grand jury matter that courts have authorized the disclosure of under Rule 6(e). *See, e.g.*, *United States v. Soliman*, No. 06-CR-236A, 2008 WL 4490623, at *6 (W.D.N.Y. Sept. 30, 2008) (disclosing instructions where the defendant argued that grand jury was misled by an incorrect instruction of the law). Erroneous or prejudicial legal instruction to a grand jury is a well-established ground on which to dismiss or partially dismiss an indictment. *See, e.g.*, *United States v. Peralta*, 763 F. Supp. 14, 17-21 (S.D.N.Y. 1991) (finding that "the government's misleading statements of law" to the grand jury warranted dismissal of the indictment); *United States v. Bowling*, 108 F. Supp. 3d 343, 352-53 (E.D.N.C. 2015) (dismissing multiple counts where "the government's erroneous legal instruction to the grand jury . . . played a significant and impermissible role in the grand jury's decision to indict"); *United States v. Cerullo*, No. 05-cr-1190, 2007 WL 2462111, at *2-4 (S.D. Cal. Aug. 28, 2007) (dismissing indictment where prosecutor's failure to accurately and fairly explain important legal issue "misled the grand jury" and "prejudiced the Defendant").

Disclosure of grand jury materials, including portions of grand jury transcripts, is warranted where a defendant demonstrates a "particularized need" for that information which outweighs the public interest in secrecy. *United States v. Edelson*, 581 F.2d 1290, 1291 (7th Cir. 1978); *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683 (1957). To establish a particularized need, a defendant must show that (1) the requested materials are necessary "to avoid a possible miscarriage of justice"; (2) the need for disclosure is greater than the need for secrecy; and (3) the request is structured to cover only those materials so needed to avoid an injustice. *United States v. Thompson*, No. 05 CR 980, 2006 WL 2850479, at *2 (N.D. Ill. Sept. 28, 2006) (citing *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979)); *United States v. Swiatek*, 632 F. Supp. 985, 989 (N.D. Ill. 1986). District courts have "substantial discretion" when

5

determining "whether grand jury transcripts should be released." *Douglas Oil Co.*, 441 U.S. at 223; *Hernly v. United States*, 832 F.2d 980, 984 (7th Cir. 1987).

## IV.    <u>Argument</u>

This Court should exercise its "substantial discretion" and compel the Government to produce the transcripts detailing how the law regarding §372 was presented to the Grand Jury. Defendants possess a particularized need for this information as disclosure potentially provides a basis to dismiss or limit Count One of the indictment. This demonstrated need far outweighs any competing interest in grand jury secrecy, and Defendants' request for disclosure is narrowly tailored.

### A.  Defendants Have a Particularized Need for the Transcripts Sought

The disclosure of grand jury transcripts is warranted when a defendant demonstrates a "particularized need" for the information. *Proctor & Gamble Co.*, 356 U.S. at 683. Specifically, a defendant must show that the requested materials are necessary to avoid a possible injustice. *Id.* at 682; *Swiatek*, 632 F. Supp. at 989. Defendants here possess this type of particularized need in light of the fact that the government has stricken two of three distinct charging clauses from Count 1 of the indictment months after presentment to the Grand Jury.

The §372 conspiracy statute can be violated through three distinct types of agreements that require proof of, among other things, (1) an agreement to prevent by force, intimidation, or threat an officer from discharging the duties of his office; (2) an agreement to injure an officer in his person or property while carrying out his duties; or (3) an agreement to injure property so as to interrupt, hinder, impede, or obstruct an officer in the discharge of his official duties. Critically, each clause "defines a discrete crime" and *is its own separate offense*. *United States v. Gerhard*, 615 F.3d 7, 20 (1st Cir. 2010) ("The charge in the indictment Count 1 under § 372 quoted only

one clause of several in the statute, each of which defines a discrete crime."); *United States v. Bundy*, No. 2:16-cr-00046-GMN-PAL, 2016 WL 8730142, at *17 (D. Nev. Dec. 30, 2016) ("Thus, the superseding indictment demonstrates that the objects listed in § 372 are separate elements of an offense. Additionally, the First, Sixth, Eighth, Tenth, and Eleventh Circuits have stated the elements of a § 372 offense according to the specific object alleged in the indictment."); *United States v. Hopper*, 436 F. App'x 414, 425 (6th Cir. 2011) ("The clause of § 372 which is the subject of Count One of the indictment . . ."); *United States v. Nordean*, No. CR 21-175 (TJK), 2022 WL 17583799, at *11-14 (D.D.C. Dec. 11, 2022) (discussing the separate clauses of §372).

The government can thus prove a violation of §372 through three separate agreements that can yield three distinct conspiracies. The crime is the agreement, and each clause must be proven by a separate agreement because they each have distinct objects. The standard of liability is therefore different from, for example, a narcotics conspiracy under 21 U.S.C. §846 that involves multiple types of drugs because an agreement to possess or distribute any type of drug is sufficient to prove the conspiracy. Under §372, one who agrees to prevent an officer by force, threats, or intimidation, does not inherently agree to injure an officer or his property in order to impede, and thus cannot be convicted on that latter clause without proof of a separate agreement. *See Gerhard*, 615 F.3d at 20 (explaining that "§ 372 itself makes clear that to prevent an officer from performing his duty is not the same as impeding an officer in the performance of his duty," and that the "[s]everal additional clauses of § 372 reveal . . . [that] Congress did not equate 'to prevent . . . from' discharging duties with 'impede' or 'hinder' in the discharge of duties").

The government originally indicted a §372 conspiracy by alleging violations of all three clauses, and it now seeks to strike two of those offenses and proceed only on the "force and intimidation" clause. Importantly, the government is not simply eliminating some of the *means* of

7

committing the same offense. Rather, this is more akin to different elements being dropped from a single count because each clause of §372 defines its own separate offense. The government's substantial narrowing from the charging theory presented in the indictment thus gives rise to a concrete, non-speculative concern that the Grand Jury may not have been properly instructed that each §372 clause constitutes a distinct, separate offense with its own elements, and/or that the Grand Jury did not indict on the first clause of §372. That is, there is a real possibility that an overbroad or conflated theory of liability was presented to the Grand Jury—for example, the Grand Jury may not have had the elements of the first clause of §372 correctly described to them, or had elements of each of the three clauses incorrectly blended together. If the Grand Jury was not properly explained the law in this regard, or if it never actually passed on the single offense the government is now pursuing based on clause one, then a ground may exist to dismiss or limit Count One within the meaning of Rule 6(e)(3)(E)(ii).

In addition, the fact that the government is no longer pursuing the second and third charging clauses—an important amendment from its original charging theory— demonstrates this is certainly not a "simple, straightforward" case as the government has contended. Indeed, the fact that the government has stricken two of the three charging clauses from the indictment months after presentment to the Grand Jury demonstrates the complex nature of this case and that alone provides the "exceptional circumstances" necessary for this Court to order disclosure of the relevant portions of the Grand Jury transcripts.

All of the foregoing counsels strongly in favor of requiring the disclosure of the Grand Jury transcript to see how the Grand Jurors were instructed on the law under §372. This is a modest request necessary to avoid a possible injustice and one that causes neither hardship nor harm to the government, but provides ready, objective proof as to whether the lone charge under §372 that

8

remains was properly returned by the Grand Jury, i.e., that it was instructed on clause 1 of §372 and returned an indictment on that basis.

### B. Defendants' Particularized Need for Disclosure Outweighs Any Need for Continued Secrecy

The need for disclosure regarding how the §372 charges were explained to the Grand Jury is greater than the need for continued secrecy, which carries little force at this stage when weighed against Defendants' need for disclosure. In determining whether the need for disclosure outweighs the public interest in secrecy, courts consider whether the grand jury proceedings are complete and the policy reasons for grand jury secrecy are no longer present. *See United States v. Mahoney*, 495 F. Supp. 1270, 1273 (E.D. Pa. 1980) (explaining that "the policy reasons for secrecy are lessened" when a "grand jury has completed its work").

Here, the indictment has been returned, and the grand jury proceedings have concluded. Once the grand jury finishes its activities, the interest in secrecy is "reduced." *Douglas Oil Co.*, 411 U.S. at 223; *Dennis v. United States*, 384 U.S. 855, 870 (1966) ("[A]fter the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it."); *United States v. Burge*, No. 08 CR 846, 2014 WL 201833, at *3 (N.D. Ill. Jan. 17, 2014) ("The need for grand jury secrecy is diminished once the grand jury has fulfilled its duties[.]"); *In re Grand Jury Investigation*, 55 F.3d 350, 354 (8th Cir. 1995) ("The end of a grand jury inquiry reduces the interests in grand jury secrecy[.]"). This is a sliding scale analysis: "as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." *Douglas Oil Co.*, 411 U.S. at 223; *West v. United States*, No. 08 CR 669, 2010 WL 1408926, at *3 (N.D. Ill. Apr. 5, 2010) ("The burden . . . works on a sliding scale.").

Further, none of the policy reasons for maintaining grand jury secrecy apply here. The traditional reasons justifying grand jury secrecy are: (1) to prevent the escape of those whose indictment may be contemplated; (2) to ensure the utmost freedom to the grand jury in its deliberations; (3) to prevent subornation of perjury or tampering with the witnesses; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; and (5) to protect the innocent accused who is exonerated from disclosure of the fact that he has been under investigation. *See United States v. Rogan*, No. 02 C 3310, 2005 WL 2861033, at \*6 (N.D. Ill. Oct. 27, 2005) (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 n.6 (1958)). But these concerns are greatly diminished once the grand jury proceedings have concluded and the indictment is made public, as is the case here. *United States v. Twersky*, No. S2 92 CR. 1082 (SWK), 1994 WL 319367, at \*5 (S.D.N.Y. June 29, 1994); *Mitchell v. City of Chicago*, No. 18 C 7357, 2019 WL 3287844, at \*3 (N.D. Ill. July 22, 2019). Indeed, the first reason is of no concern because "[t]here is no longer a need to keep information from the targeted individual in order to prevent his escape—that individual presumably will have been exonerated, on the one hand, or arrested or otherwise informed of the charges against him, on the other." *Butterworth v. Smith*, 494 U.S. 624, 632 (1990). Likewise, the second reason is not implicated because there is "no longer a need to prevent the importuning of grand jurors since their deliberations will be over." *Id.* at 632-33. Similarly, the third and fourth considerations are not implicated because "the grand jurors are no longer involved and cannot be influenced or intimidated," and further, Defendants are not seeking "any information regarding witnesses who actually testified before the grand jury, [so] there is little reason to be concerned that disclosure might cause witnesses in this or future grand jury investigations to fear retribution." *In re Grand Jury Investigation*, 55 F.3d at 355. Finally, the fifth consideration is not of concern here because

10

Defendants have already been named in the public indictment. Moreover, Defendants are not seeking through this request factual information regarding any uncharged co-conspirators, witnesses, or any other persons. Accordingly, the interest of maintaining secrecy is minimal, if it exists at all, and under such circumstances, "disclosure is wholly proper where the ends of justice require it." *Dennis*, 384 U.S. at 870.

### C. Defendants' Requested Disclosure is Narrowly Tailored

Finally, Defendants' request is "structured to cover only material so needed" as mandated by the Supreme Court. *See Douglas Oil Co.*, 441 U.S. at 222. Defendants seek only those portions of the Grand Jury transcripts pertaining to the government's explanation and related colloquy concerning the law of §372 as applied to Count One, which has now been amended. Defendants do not seek fact witness testimony through this motion or information regarding the grand jurors themselves, or any other information that might unnecessarily intrude on Grand Jury secrecy. *See Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 869 (D.C. Cir. 1981).[2] Put simply, this narrow request targets only the discrete materials necessary to determine whether the Grand Jury was properly instructed on the three separate offenses defined by §372 and to ensure that the indictment returned lawfully supports the charge under the first clause, which is

---

[2] Defendants would respectfully note that district courts have found requests for legal instructions to be sufficiently limited and proper even absent the customary demonstration of particularized need. *See, e.g.*, *United States v. Keller*, No. 89 CR 793, 1990 WL 6642, at *4 (N.D. Ill. Jan. 5, 1990) ("[D]isclosure of the instructions to the grand jury does not involve the same issues of secrecy as disclosure of other material . . . [C]ompelling necessity or particularized need standards . . . are not proper standards to apply when the defendant only requests the instructions given to the grand jury."); *United States v. Fuentes*, No. 07-0248, 2008 WL 2557949, at *4 (E.D. Cal. Jun. 24, 2008) ("The government opposes [the request for the transcript of the grand jury charges] on the grounds that defendants have not made a showing of particularized need. The argument is unpersuasive. The defendants are entitled to the transcript of the instructions and charges to the grand jury."); *United States v. Diaz*, 236 F.R.D. 470, 477-78 (N.D. Cal. 2006) ("This Court agrees that such instructions do not fall within the bar of Rule 6(e) because their disclosure would not reveal the substance or essence of the grand jury proceedings . . . [and] poses no security threat to past, current, or prospective jurors.").

the only charge now remaining. Accordingly, the government should be required to disclose the transcripts explaining how the Grand Jury was instructed on §372.

### D. In the Alternative, the Court Should Review the Requested Transcripts *In Camera*

Should the Court remain concerned that the policy interests behind the secrecy of Grand Jury proceedings potentially outweigh Defendants' particularized need for the requested materials, Defendants respectfully request that the Court perform an *in camera* review to determine whether Grand Jury was properly explained the law on §372. *See Dennis*, 384 U.S. at 874-75 (noting that the practice of *in camera* review "may be useful in enabling the trial court to rule on a defense motion for production to it of grand jury testimony"); *Stevens*, 771 F. Supp. 2d at 564 (wherein the court reviewed the grand jury transcripts to allow for additional briefing as to "whether the grand jury was properly instructed"); *Twersky*, 1994 WL 319367, at *5 (ordering *in camera* review of grand jury instructions). If, after its review, the Court determines that any portion of the government's explanation of the law to the Grand Jury regarding §372 was erroneous or prejudicial, Defendants ask that those portions be disclosed, subject to any limitations imposed by the Court. *See Burge*, 2014 WL 201833, at *4 (ordering the government to disclose portions of grand jury testimony after conducting *in camera* review of transcripts).

## V. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant this supplemental motion to compel and enter an order compelling the government to produce the transcripts reciting how the law was explained and presented to the Grand Jury concerning the §372 conspiracy charge and any related exchanges. In the alternative, Defendants respectfully request that the Court conduct an *in camera* review of the transcripts and disclose those portions

the Court determines are necessary to allow Defendants an opportunity to develop this issue further.

Respectfully submitted,

**/s/ Nancy L. DePodesta**
**/s/ Carly Alana Chocron**
Taft Stettinius & Hollister LLP
111 E Wacker Dr, Suite 2900
Chicago, IL 60601
312-836-5884
ndepodesta@taftlaw.com
cchocron@taftlaw.com
*Attorneys for Michael Rabbitt*

**/s/ Theodore Thomas Poulos**
**/s/ Terence H. Campbell**
**/s/ Valerie Ann Davenport**
Cotsirilos, Poulos & Campbell, Ltd.
55 E. Monroe Street, Suite 3250
Chicago, IL 60603
312-263-0345
tpoulos@cotsiriloslaw.com
tcampbell@cotsiriloslaw.com
vdavenport@cotsiriloslaw.com
*Attorneys for Andre Martin*

**/s/ Joshua G. Herman**
Law Office of Joshua G. Herman
53 W. Jackson, Blvd., Suite 404
Chicago, IL 60604
312-909-0434
jherman@joshhermanlaw.com
*Attorney for Katherine Marie Abughazaleh*

**s/ Christopher Parente**
**/s/ Damon M Cheronis**
Cheronis & Parente
140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
*Attorneys for Brian Straw*

13