UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL RABBITT, et al.

No. 25 CR 693

Judge April M. Perry

## GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE*

The United States of America, by and through its attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, respectfully submits the following consolidated motions *in limine*.

### I. Motion To Exclude Impermissible Legal Testimony and Opinion

The Government anticipates that defendants will attempt to present improper legal testimony and opinion on their (and their counsels') subjective (and misguided) view that their criminal behavior was protected by the First Amendment rights to free assembly and free speech. The government moves to exclude all such evidence.

### A. Instruction on the Law is the Province of This Court

The government seeks an order precluding defendants from eliciting evidence or arguing that their speech or conduct at the Broadview facility on September 26, 2025 was protected by the First Amendment. Instruction on the law is solely the province of this Court. Seventh Circuit Pattern Criminal Jury Instruction (2023) 1.01 - Functions Of Court And Jury ("Members of the jury, I will now instruct you on the law that you must follow in deciding this case. . . You must follow all of my instructions about the law, even if you disagree with them."). Any argument or

evidence on the First Amendment should be excluded because the question of whether the First Amendment provides a defense is a purely legal one that has already been subject to pretrial motions.

Consequently, this Court is, and should be, the jury's sole source of information on the law and the contours of the First Amendment. Allowing defendants to present evidence as to their subjective beliefs about the law, and allowing counsel to relitigate the question whether the First Amendment protects defendants' conduct, would improperly invade the province of this Court. Whether certain speech or the defendants' conduct is protected by the First Amendment simply is not an issue that the jury will decide or should properly consider. *Connick v. Myers*, 461 U.S. 138, 148 n.7 (1983) ("The inquiry into the protected status of speech is one of law, not fact."). This is one of the primary reasons Federal Rules of Evidence 701, 702, 403, and 611[1] prevent lay and expert witnesses from giving opinions "that simply 'tell the jury what result to reach.'" *Stetter v. Shalala*, 13 Fed. Appx. 79, 83-84 (4th Cir. 2001) (quoting *Torres v. County of Oakland,* 758 F.2d 147, 150 (6th Cir. 1985)).

In this case, no matter the political motivations or any political messages the defendants wished to express, the criminal conduct they are charged with engaging in is simply not protected by the First Amendment, as the government explained in response to defendants' Motion to Dismiss. Dkt. 120. Once the government establishes the elements of the offenses with which the defendants are charged, the

---

[1] Fed. R. Evid. 701 (lay opinion), Fed. R. Evid. 702 (expert testimony), Fed. R. Evid. 403 (exclusion of prejudicial, confusing, and time-wasting relevant evidence); Fed. R. Evid. 611 (mode and order of interrogation and presentation).

First Amendment provides no defense, even if evidence of their crimes is intertwined with political discussion and/or rhetoric. *See United States v. Amawi*, 695 F.3d 457, 482 (6th Cir. 2012) ("[A]lthough the conspiracy was closely related to, and indeed proved by, many of the defendants' conversations about political and religious matters, the conviction was based on an agreement to cooperate in the commission [of] a crime, not simply to talk about it"); *United States v. Hassan*, 742 F.3d 104, 127-28 (4th Cir. 2014) (citing *Amawi* for same proposition). Accordingly, any line of testimony, questioning, cross-examination, or argument that the defendants may wish to make regarding the First Amendment is irrelevant under Fed. R. Evid. 401 because it lacks a "tendency to make the existence of [a] fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" and because they are not entitled to a First Amendment defense as a matter of law.

Additionally, to the extent there is any relevance to any of the defendants' First Amendment claims, the Court should also exclude any questioning and argument along those lines under Fed. R. Evid. 403. Not only is the First Amendment issue one of law for this Court to decide, but any attempt to shift the jury's attention to whether the defendants' statements or conduct were protected by the First Amendment risks confusing the issues, wasting time, and unfairly prejudicing the jury. There is no "protest immunity" such that force or intimidation are shielded from prosecution by the First Amendment, and the defendants should not be allowed to improperly

3

suggest that the jury can find, or consider, that they enjoy an immunity from prosecution under the Constitution where none exists.

### B.     Legal Opinion Evidence is Improper and Irrelevant

Similarly, defendants' views on the validity of federal laws, including upon 18 U.S.C. §§ 111(a)(1) and 372, are immaterial to any admissible defense and should be excluded. This is so because a defendant's subjective belief that a valid law should not apply to him or her, or that the law itself is invalid or unconstitutional, provides no relevant or legitimate defense. *See, e.g.*, *Cheek v. United States*, 498 U.S. 192, 206 (1991) (holding "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury"); *United States v. Moore*, 627 F.2d 830, 833 (7th Cir. 1980) ("Good faith disagreements with the law or good faith beliefs that it is unconstitutional are not defenses."); *United States v. Hairston*, 819, F.2d 971, 973 (10th Cir. 1987) ("[G]ood faith belief that [the laws] are unconstitutional provides no defense"); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (citing cases). Such evidence—particularly questioning and arguments by counsel—should be excluded.

Any First Amendment argument from the defense is likely to be nothing more than an appeal to the jury's emotions and sentiments. It is also likely to be misleading about what rights the First Amendment protects (and does not protect). As the first edict in the Bill of Rights, the First Amendment elicits strong feelings and opinions from the public. Members of the public have their own personal conception of what the First Amendment protects that may or may not be in line with the law. Invocation

4

of the First Amendment will raise the danger of the jurors substituting their own understandings of the First Amendment for this Court's instructions — as sure an attempt to "serenade the jury with a siren song of nullification" as ever there was. *United States v. Sepulveda,* 15 F.3d 1161, 1190 (1st Cir.1993) (upholding jury instruction not to consider lack of punishment when defense had argued on summation that "it was unfair for [defendant] to stand trial while the others were given a free ride").

### C. The Evidence Is Inadmissible Lay Opinion

The evidence the government seeks to exclude is also impermissible because defendants are unqualified to testify as to legal matters, and their lawyers should not be permitted to make improper legal arguments to the jury. A lay witness may only give opinions that are "rationally based on the perception of the witness" *and* "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(a), (c). And it is improper for their lawyers to make arguments to the jury that contravene the law this Court will provide.

Defendants' legal knowledge, opinions, and analysis do not meet the requirements of Rule 701 for several reasons. First, any such evidence would not be based on the "perception" of a defendant through the use of his or her powers of observation, hearing, touch, or other sense. Fed. R. Evid. 701(a); *Stagman v. Ryan,* 176 F.3d 986, 996 (7th Cir. 1999) (district court properly excluded witness's opinion when witness had no personal knowledge of the facts asserted.). Instead, the evidence would be purely based upon a defendant's own informal study of the law and subjective interpretation and application of that study. Second, the evidence is also

5

inadmissible because it would be "based on . . . specialized knowledge" within the scope of Rule 702, which governs expert testimony. Fed. R. Evid. 701(c). *See, e.g., United States v. Glenn*, 312 F.3d 58, 66-67 (2nd Cir. 2002) (drug-dealing witness's lay opinion that bulge at defendant's waist was gun was impermissible opinion based upon specialized knowledge in violation of 701(c)).

In other words, defendants are unqualified to testify to such specialized legal matters. Lay legal opinions do not generally warrant admission under Rule 701. *Stetter,* 13 Fed. Appx. at 83-84 (court properly excluded lay witness from giving legal opinion which was based upon advice of witness's lawyer). In fact, even the admission of *expert* legal opinion is often carefully circumscribed and outright barred since such expert opinion frequently invades the impermissible realm of legal conclusion. *See, e.g., DiBella v. Hopkins*, 403 F.3d 102, 121 (2d Cir. 2005) (barring expert testimony that defendant's actions were "extortion"); *Miller v. Clark County,* 340 F.3d 959, 963 n.7 (9th Cir. 2003) (excluding expert testimony that dog bite was "deadly force"). Defendants' unqualified, lay legal opinions would violate the mandates of Rule 701(c) which were established to prevent just this type of end-run around the qualifying requirements of Rule 702. *See* Fed. R. Evid. 701, Advisory Committee Note, 2000 Amendments (explaining that 701(c) "eliminate[s] the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing").

So too with their counsel, as argument explaining, justifying, or advancing the validity of the defendants' claimed beliefs as a basis for a defense of good faith would

contradict this Court's instructions on the law and would be nothing more than improper appeals to jury nullification. *See United States v. Young*, 470 U.S. 1, 7-10 (1985) (holding that district court has duty to prevent counsel from making improper arguments to the jury, including those designed to "divert the jury from its duty to decide the case on the evidence"); *United States v. Ernst,* No. 10-CR-60109-AA-01, 2014 WL 1303145, at *1 (D. Or. 2014) ("Defendant was not entitled to question the jury as to the validity of federal law, and he was not entitled to present arguments in favor of jury nullification.").

II.      **Motion to Exclude Additional Evidence or Argument Designed to Elicit Jury Nullification**

Besides being improper to present legal arguments urging jury nullification, it is improper for a defendant to suggest in any other way that the jury should acquit even if it finds that the government has met its burden of proof. *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant.") (citing *United States v. Kerley*, 838 F.2d 932, 938 (7th Cir. 1988)); *Smith v. Winters*, 337 F.3d 935, 938 (7th Cir. 2003) ("A defendant has of course no right to ask the jury to disregard the judge's instructions ('jury nullification')."); *United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification 'is not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system.'" (quoting *United States v. Anderson,* 716 F.2d 446, 450 (7th Cir. 1983)). Although the

7

government cannot anticipate every form of jury nullification argument or evidence defendants may seek to inject into this trial, the potential areas noted below should be excluded, as well as any argument or questioning, no matter what its form, that, in effect, would "encourage [the] jury to acquit under any circumstances regardless of the applicable law or proven facts." *Anderson*, 716 F.2d at 450.

### A. Argument or Evidence Regarding Charging Decisions or Selective/Vindictive Prosecution

Although defendants have failed in their pretrial efforts to compel discovery about the government's charging decisions and in their allegations of selective and vindictive prosecution, they still should be precluded from arguing or eliciting evidence about those matters at trial. The Supreme Court has repeatedly emphasized that "[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978). Prosecutorial discretion is guided by—among other things—"the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." *Wayte v. United States*, 470 U.S. 598, 607 (1985); *United States v. Ribota*, 792 F.3d 837, 840 (7th Cir. 2015) (prosecutorial discretion "involves consideration of myriad factors such as the enforcement priorities of the office, the determination as to the strength of the case, the prosecutorial resources available, and the prosecution's general deterrence values"). Argument about the government's

prosecutorial decision-making is "extraneous and collateral" and properly excluded from trial. *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument").

The question at trial will be whether the government can prove the charged defendants are guilty, not whether others not on trial should have been charged or are also guilty. Whether and why certain individuals were charged or not charged is immaterial. *United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) ("Whether or not [a coconspirator] was criminally charged does not make the facts relating to [the defendant's] knowledge and participation . . . more or less probable."). Any argument about uncharged individuals is nothing more than a claim of selective prosecution, and inappropriate because claims of selective or vindictive prosecution are irrelevant to the merits of the criminal charges against the charged defendants. *United States v. Armstrong*, 517 U.S. 456, 463 (1996) ("A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charges for reasons forbidden by the Constitution.").

Similarly, the subjective intentions or motivations of government agents are also extraneous and should not be the subject of inquiry. *United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting that, even in the context of an entrapment defense, it was proper for the trial court to prohibit the defense from "mount[ing] an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant").

9

### B. Argument or Evidence Alleging "Outrageous Government Conduct"

There is an "increasing tendency in criminal cases to try some person other than the defendant and some issues other than his guilt." *United States v. Griffin*, 867 F. Supp. 1347, 1347 (N.D. Ill. 1994) (citation omitted). "Often the only thrust of the defense is this: the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or not guilt has been proved beyond a reasonable doubt." *Id.* In the face of this tendency to interject themes of "government misconduct" into a defense strategy, courts bar defendants "from presenting evidence or making arguments to the jury suggesting that they should be acquitted because the government engaged in misconduct in the course of its investigation." *United States v. Shields*, 1991 WL 236492, at *3 (N.D. Ill. 1991); *United States v. Finley*, 708 F. Supp. 906, 913-914 (N.D. Ill. 1989) (granting motion *in limine* to preclude evidence "which is not relevant to defendants' guilt but is designed only to persuade the jury that defendants should be acquitted because the government engaged in misconduct during its investigation"); *United States v. Katz*, 1992 WL 137174, at *5 (N.D. Ill. 1992).

The impropriety of arguing allegations of governmental misconduct to the jury is twofold. First, and most fundamentally, the Seventh Circuit has rejected the outrageous government conduct defense. *United States v. Boyd*, 55 F.3d 239, 241-42 (7th Cir. 1995). *Boyd* is unequivocal in its holding that "outrageous government conduct" is no defense to a criminal charge, and the jury thus should not be exposed to irrelevant allegations of this sort. Second, even before the *Boyd* decision, courts

10

held that the issue of government misconduct is a matter of law for determination by the court: "the issue of outrageous government conduct is not an issue for the jury." *United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) (noting that every circuit which has considered the issue has held that the issue is not a jury question) (citations omitted); *United States v. Childs*, 447 F.3d 541, 545 (7th Cir. 2006) (the Seventh Circuit has "never taken what [it] see[s] to be an extreme step of dismissing criminal charges against a defendant because of government misconduct."); *United States v. Sherman*, 268 F.3d 539, 549 (7th Cir. 2001) ("[W]e of course have held that the defense of outrageous government conduct does not exist in this circuit[.]").

### C. Penalties and Collateral Consequences Faced by Defendants

Each defendant faces both a felony charge under § 372 and a misdemeanor charge under § 111(a)(1). Reference to the severity of each charge, and the potential punishment defendants face if convicted, should be excluded. The potential penalties faced by a defendant are irrelevant to the jury's determination of guilt or innocence. *Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'") (quoting *United States v. Rogers*, 422 U.S. 35, 40 (1975)). The Seventh Circuit has stated unequivocally that "arguing punishment to a jury is taboo." *United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997), *overturned on other grounds*, 526 U.S. 813 (1999); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997) ("the practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored"); *United States v.*

11

*McCracken*, 488 F.2d 406, 423 (5th Cir. 1974) ("Except where a special statutory provision mandates a jury role in assessment or determination of penalty, the punishment provided by law for offenses charged is a matter exclusively for the court and should not be considered by the jury in arriving at a verdict as to guilt or innocence."). Mention of the potential penalties faced by the defendants would serve only the improper purpose of jury nullification. *See, e.g., United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("'The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial.'" (quoting *United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980)); *see also United States v. Patterson*, 1996 WL 54237, at *1 (N.D. Ill. 1996) (prohibiting discussion of potential penalties in order to avoid possible jury nullification); Seventh Circuit Pattern Criminal Jury Instruction (2023) 4.08 ("In deciding your verdict, you should not consider the possible punishment for the defendant[s] [who [is; are] on trial].").

The same goes for any evidence or argument concerning possible collateral consequences of conviction, which in this case could involve—among other things— the loss of employment. Such issues and arguments have no place in this trial and no bearing on the guilt or innocence of the defendants.

### D.     "Golden Rule" Arguments

Defendants also should be precluded from making a so-called "Golden Rule" appeal or argument, *i.e.*, that the jurors should place themselves in defendants' shoes. The Seventh Circuit held such arguments to be improper, regardless of whether they are made by the government or defense. *See United States v. Roman*, 492 F.3d 80, 805-06 (7th Cir. 2007) (affirming exclusion of defendant's proposed argument that "jurors should

put themselves in his shoes and consider 'There but for the grace of God go I.'"); *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989) (finding improper "Golden Rule" argument where prosecutor stated during rebuttal, "I ask you, ladies and gentlemen, if it happened to you and you had nothing to hide[.]"). "[A] 'Golden Rule' appeal . . . 'is universally recognized as improper because it encourages the jury to depart from the [position of] neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'" *Roman*, 492 F.3d at 803 (quoting *Teslim*, 869 F.2d at 328); *accord, United States v. Vario*, 484 F.2d 1052, 1055 (2d Cir. 1973) (affirming district court's preclusion of defense argument that the jury should treat the defendants as they would want their friends and family members to be treated if charged with similar crimes). Defendants should therefore be precluded from making such an argument to the jury.

### E.     Motion to Preclude References to Conduct Not at Issue

The charges in this case are limited to one single, discreet incident on September 26, 2025 that did not involve firearms or injuries to either Agent A or the defendants. Defendants should not be permitted to introduce evidence of or refer to other, unrelated incidents involving ICE and/or CBP, such as the well-publicized shootings in Chicago in October 2025 and Minnesota in early 2026.

Evidence or argument referencing the shootings and other violence involving ICE and CBP would clearly invite jury nullification, as they have nothing to do with the incident at issue here. And any evidence or argumentation on this score would suggest to the jury that defendants and their co-conspirators were somehow justified in swarming Agent A's vehicle on September 26, 2025. But of course, nothing about

either § 372 or § 111 creates a defense based on the controversies involving the agencies involved.

### III. Motion to Exclude Evidence or Argument Regarding Non-Pertinent Traits of Character

Federal Rule of Evidence 404(a)(1) states that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." An exception to this rule is spelled out in Rule 404(a)(2)(1), which states that "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." By "reading Rules 401, 402, and 404(a) together," the Seventh Circuit has held that "a character trait can only be 'pertinent' if its existence is relevant to the outcome of the case." *United States v. Staggs*, 55 F.2d 1073, 1075 (7th Cir. 1977), *overruled on other grounds, United States v. Ricketts*, 146 F.3d 492, 497 (7th Cir. 1998).

In the present case, defendants have been charged with conspiring to impede a federal law enforcement officer from discharging his official duties, and impeding an officer of the United States who was engaged in, or on account of, the performance of his official duties. Even if defendants could identify a pertinent character trait at issue, they must still abide by the limitations of Federal Rule of Evidence 405(a), which limits character evidence to opinion or reputation testimony and prohibits evidence of specific acts. Like Rule 403, Rule 405 is intended to prevent the series of wasteful "mini-trials" which would inevitably ensue if a defendant was allowed to pursue this irrelevant line of inquiry. The Advisory Committee Notes for Rule 405

conclude that proof of character by means of specific acts "possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time." *See, e.g.*, *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978) (evidence of lawful transactions "could have complicated the case and confused the jury").

Accordingly, the government moves to exclude evidence of non-pertinent traits of a defendant's character. To the extent a defendant intends to offer evidence regarding character, it should be permitted only in accordance with the limitations of Federal Rules of Evidence 404(a) and 405(a).

## IV. Motion to Exclude "Missing Witness" Arguments

The Court should preclude defendants from arguing about missing witnesses. The Court has the discretion to prohibit argument concerning missing witnesses not under the control of either side. *See United States v. Sblendorio*, 830 F.2d 1382, 1394 (7th Cir. 1987). Furthermore, "when the witness is equally available to both sides, the preferred practice is to preclude the [missing witness] argument rather than to leave the jury free to speculate about a lot of non-evidence." *United States v. Simpson*, 974 F.2d 845, 848 (7th Cir. 1992).

Here, the government does not intend to call every witness or every law enforcement officer involved in the investigation of the offenses defendants committed. These witnesses are equally available to both sides, and defendants have the ability to subpoena them. Therefore, the government requests that defendants be prohibited from introducing evidence about or arguing that any relevant inference can be drawn from the fact that additional witnesses did not testify at trial.

If a defendant makes any such argument or introduces any such evidence regarding missing witnesses, either because the Court permits it or because he violates the Court's ruling, the government seeks permission to respond to this argument appropriately. As the Seventh Circuit has held, ordinarily a prosecutor may reply to "an argument by the defense that the absence of some witness counts against the prosecution" by pointing out that defendant has the same subpoena power as the government. *Sblendorio* at 1392–93.

## V. Motion to Use Defendant's Chants and Statements of Co-Conspirators to Establish the Elements of § 372 and § 111

The government intends to introduce anti-ICE statements and chants made by the defendants and their co-conspirators that were heard by Broadview Police Officers and captured on audio/video recordings regarding surrounding and preventing ICE vehicles from entering the Broadview ICE facility. For example, in addition to anti-ICE chants plainly heard on audio/video recordings at the Broadview facility, on multiple occasions Broadview Police Officers "heard the protestors discuss to not let ICE cars through to their facility."[2] Such evidence will be introduced to show defendants' motivation and purpose in joining the conspiracy—*e.g.*, it demonstrates that the co-conspirators swarmed and impeded Agent A's vehicle *because of* his affiliation with ICE.

These statements and chants will aid the jury's determination as to whether the government has met the elements of the conspiracy statute and to show

---

[2]  This statement and others like it are memorialized in FBI 302s that were furnished to defendants in discovery on April 17, 2026.

16

defendants' motive and intent in obstructing Agent A on September 26, 2025. *See Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993) (the First Amendment "does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent"). "Evidence of a defendant's previous declarations or statements is commonly admitted in criminal trials subject to evidentiary rules dealing with relevancy, reliability, and the like." *Id*. Indeed, *Mitchell* has been cited to uphold the admission of a wide range of statements, including speeches involving civil disobedience and statements given during protest contexts. *See also United States v. LeBeau*, 654 Fed. Appx. 826 (7th Cir. 2016) (rejecting defendant's First Amendment challenge when the government offered defendant's statements to establish the elements of a crime or to prove motive or intent); *United States v. Fullmer*, 584 F.3d 132, 156 (9th Cir. 2009) (statements ordinarily protected by First Amendment are admissible when viewed in context with other conduct to show connection with conspiracy).[3]

Accordingly, the government seeks a pretrial ruling that it may introduce any statements, including those of unknown co-conspirators, that establish the defendants' motive, intent, or an element of the crime, such as whether they possessed knowledge of the conspiracy with which they are charged.

---

[3] The court in *Fullmer* specifically noted that one particular defendant's conduct—which included writing an editorial and recruiting speakers to travel and advocate on behalf of the organization—was not criminal, and that punishing him based on that conduct alone would be unconstitutional. *Fullmer*, 584 F.3d at 158. The court nonetheless, citing *Mitchell*, held that this defendant's "conduct . . . does provide circumstantial evidence from which a jury could have reasonably inferred that Harper was involved in a conspiracy." *Id*.

### VI. Motion to Preclude Comments About Discovery Requests or Commentary Regarding Discovery in the Jury's Presence

The government moves to bar defendants from requesting discovery from witnesses or the government, moving the Court for such discovery, or otherwise commenting on discovery matters in the presence of the jury. Such requests in front of the jury are inappropriate and may create the impression that one side has suppressed information as a means of seeking an unfair advantage. *See United States. v. Dochee*, 2009 WL 102986, at *1 (N.D. Ill. Jan. 15, 2009) (granting the government's motion *in limine* to exclude comments on discovery because "commentary on discovery matters by either party in the presence of the jury could create the impression that the opposing party is withholding information."); *Large v. Mobile Tool Intern., Inc.*, 2008 WL 4238963, at *4 (N.D. Ind. Sept. 10, 2008) ("[I]t is improper for Large to reference specific discovery motions or orders in this case when discussing spoliation before the jury."). In fact, counsel's requests often are ill-founded because the discovery has already been tendered or is not subject to disclosure. In any event, these requests, if appropriate, can easily be made to the Court or the government outside the presence of the jury with no prejudice resulting to either side.

Accordingly, the government requests that all comments relating to discovery be made outside the presence of the jury. *See United States v. Gray*, 2010 WL 1258169, at *2-3 (N.D. Ind. Mar. 26, 2010) ("[G]rant[ing] the government's motion to preclude requests of discovery from witnesses or opposing counsel, moving the court for such discovery or otherwise commenting on discovery matters in the presence of the jury. Any necessary requests for or comments about discovery can be made

18

outside of the jury's presence.").

### VII. Motion to Preclude Evidence or Argument Related to an Entrapment Defense

In moving to dismiss the indictment on First Amendment grounds, defendants advanced an undeveloped theory that the actions of the Broadview Police Department somehow entrapped the defendants into committing the offenses here. That is so, defendants contend, because the "[d]efendants and other protestors were engaged in First Amendment activity in a public forum where police had permitted them to demonstrate throughout the morning – indeed, in a location specified for such protests by the Village of Broadview." Dkt. 100 at 13. This Court should preclude evidence or argument on that basis.

Any proposed theory of entrapment would fall short of meeting the elements of entrapment because there is simply no evidence that any law enforcement official communicated to protestors that they could obstruct law enforcement vehicles from driving to the Broadway facility. The elements of entrapment are:

> "In their zeal to enforce the law . . . Government agents may not originate a criminal design, implant in an innocent person's mind the disposition to commit a criminal act, and then induce commission of the crime so that the Government may prosecute." *Jacobson v. United States*, 503 U.S. 540, 548 (1992). "[E]ntrapment is a relatively limited defense. It is rooted, not in any authority of the Judicial Branch to dismiss prosecutions for what it feels to have been 'overzealous law enforcement,' but instead in the notion that Congress could not have intended criminal punishment for a defendant who has committed all the elements of a proscribed offense but was induced to commit them by the Government." *United States v. Russell*, 411 U.S. 423, 435 (1973). Entrapment is defense to a crime if two elements exist:(1) The government induces the crime; and (2) The defendant lacked the predisposition to engage in the criminal conduct.

19

*Mathews v. United States*, 485 U.S. 58, 63 (1988). The Seventh Circuit has held that a defendant must come forward with *some* evidence that he was not predisposed to commit the crime and that the government induced him to commit it. *United States v. Mayfield*, 771 F.3d 417, 443 (7th Cir. 2014) (en banc); *United States v. Anderson*, 55 F.4th 545, 549 (7th Cir. 2022). Defendnats have not adduced *any* evidence on tis score.

Additionally, no evidence of inducement exists. Inducement must be something more than a government agent soliciting, suggesting, or creating an ordinary opportunity to commit the crime. *Mayfield,* 771 F.3d at 434. "Inducement requires 'the character and degree of the government's persistence or persuasion, or the nature of the enticement or reward,' to exceed the typical enticements and temptations the crime or criminal actors post to a defendant. *Anderson,* 55 F.4th at 551 (quoting *Mayfield*). In this context, the term "ordinary" means "something close to what unfolds when a sting operation mirrors the customary execution of the crime charged. *Mayfield*, 771 F.3d at 433. To go beyond ordinary, "inducement means government solicitation of the crime plus some other government conduct." *Id.* at 434. The *Mayfield* court described "other conduct" could be: (a) repeated attempts at persuasion; (b) fraudulent representations; (c) threats, coercive tactics, or harassment; (d) promises of reward beyond that inherent in the customary execution of the crime; (e) pleas based on need, sympathy, or friendship; or (f) any other conduct by government agents that creates a risk that a person who otherwise would not commit the crime if left alone will do so in response to the government's efforts. *Id.*

at 435.

A fair and honest review of the evidence shows the defendants simply cannot satisfy their burden in this case. Law enforcement did not induce protestors to obstruct Agent A's driving path to his work. The Broadview Police neither expressly nor tacitly permitted the demonstrator to obstruct ICE vehicles, let alone to swarm Agent A's vehicle. As such, there is no evidence to support a contention that any government agent suggested or proposed to the defendants that they interfere or obstruct Agent A, much less that law enforcement engaged in "repeated and persistent solicitation" or "persuasion" that overcame the defendants' reluctance to interfere, obstruct, or impede Agent A. In fact, the evidence at trial will be directly to the contrary.

### VIII. Motion to Preclude Defendants from Arguing That Alleged Inaction by Law Enforcement Made Their Conduct Legal

In a similar vein, the Court should also bar the defendants from arguing that any inaction by the Broadview Police Department or other law enforcement on September 26, 2025, rendered the defendants' conduct legal. "Settled caselaw makes clear that law enforcement officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct." *United States v. Oliveras*, No. 21-cr-738, 2023 WL 196525, at \*2 (D.D.C. Jan. 17, 2023); *Garcia v. Does*, 779 F.3d 84, 95 (2d Cir. 2015) (en banc) (declining to extend the entrapment by estoppel defense to a case involving the location and movements of protestors who argued that their prosecuted conduct had been implicitly approved by the police, but could not show that it was "affirmatively authorized" by the police). The same reasoning applies here.

21

Accordingly, defendants should be prohibited from arguing that their conduct was lawful because law enforcement officers allegedly failed to prevent it or censure it when it occurred.

### IX. Evidence and Argument of Appropriate Lawful Conduct

The government moves to exclude all evidence of defendants' lawfulness except reputation or opinion evidence offered by character witnesses strictly in accord with the limitations of Federal Rule of Evidence 405(a). Other than testimony from character witnesses fitting within the narrow confines of Rule 405(a), no such evidence is admissible. In an effort to distract the jury from the charges for which the defendants are standing trial, they may seek to elicit from government witnesses, or present through their own witnesses, testimony that on prior occasions they were lawfully demonstrating about public policy or engaged in lawful First Amendment activities. Such evidence could be affirmatively offered, but could also take the form of questions posed during cross-examination, such as: (a) isn't it true the defendant did not do anything improper on this occasion; (b) isn't it true that defendant is not a dangerous person; (c) isn't it true defendant obeyed orders to disperse on other occasions other than the charged case. The list is endless.

Any evidence or argument of this sort is inadmissible and should be excluded. The law is clear: "A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on [other] specific occasions." *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) (excluding taped proof that defendants met regularly and did not discuss criminal activity); *United States v. Heideke*, 900 F.2d

1155, 1162 (7th Cir. 1990) ("Proof that a defendant acted lawfully on other occasions is not necessarily proof that he acted lawfully on the occasion alleged in the indictment.").

Evidence of other lawful behavior is irrelevant because acts of honesty or good deed do not prove an absence of illegal acts. *See, e.g.*, *Scarpa*, 897 F.2d at 70; *United States v. Beno*, 324 F.2d 582, 589 (2d Cir. 1963) ("Evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant."); *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978) (upholding exclusion of evidence that used car dealer paid for some cars instead of stealing them). Courts have consistently excluded evidence of specific acts of lawful conduct by charged defendants. *See, e.g.*, *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991) ("evidence of good conduct is not admissible to negate criminal intent"; proffered testimony that was merely an attempt to portray defendant as a good character through the use of prior 'good acts' was properly excluded); *United States v. Marrero*, 904 F.2d 251, 259-60 (5th Cir. 1990) (in false claims prosecution, evidence that defendant did not overcharge in every instance where she had opportunity to do so was irrelevant to whether she overcharged on occasions alleged in indictment); *United States v. Troutman*, 814 F.2d 1428, 1454 (10th Cir. 1987); *United States v. Benedetto*, 571 F.2d 1246, 1250 & n.5 (2d Cir. 1978) ("Evidence of prior performance of official duty without bribe-taking [is] inadmissible in [a] bribery prosecution."); *United States v. O'Connor*, 580 F.2d 38, 43 (2d Cir. 1978) (in bribery case, inappropriate to permit testimony that charged inspector honestly performed his duties in specific instances).

23

To hold otherwise would be to eviscerate the carefully drafted limitations of Rule 405, which forbids proof of good character through evidence of specific acts where character is not an element of the charge or defense. *See Beno*, 324 F.2d at 584 and 587. Like Rule 403, Rule 405 is intended to prevent the series of wasteful "mini-trials" that would inevitably ensue if the defendant were allowed to pursue this irrelevant line of inquiry. The Advisory Committee Notes for Rule 405 conclude that proof of character by means of specific acts "possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time." *See, e.g., Grimm*, 568 F.2d at 1136 (evidence of lawful transactions "could have complicated the case and confused the jury"). To the extent the defendants intend to offer evidence regarding their character, they should be permitted to do so only in accordance with the limitations of Rule 405(a).

**IV. Conclusion**

For the foregoing reasons, the United States respectfully requests that its motions *in limine* be granted.

<div style="margin-left: 50%;">

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:   /s/ *William R. Hogan, Jr.*
WILLIAM R. HOGAN, JR.
MATTHEW SKIBA
ANDRES Q. ALMENDAREZ
Assistants U.S. Attorneys
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 353-5300

</div>

Dated: April 21, 2026