**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CR 693 |
| | ) | Judge April M. Perry |
| MICHAEL RABBITT, | ) | |
| KATHERINE MARIE ABUGHAZALEH, | ) | |
| ANDRE MARTIN, and BRIAN STRAW | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO BAR LAY OPINIONS OFFERING
LEGAL CONCLUSIONS AND SPECULATIVE CONCLUSIONS**

Defendants, by and through their respective counsel, move to preclude (1) any testimony and lay opinions offering legal conclusions about the alleged wrongfulness or illegality of Defendants' (or other protesters') conduct; and (2) characterizations of Defendants (or other protesters') conduct that amount to legal conclusions. Outside of limited circumstances, the Seventh Circuit has "held repeatedly that lay testimony offering a legal conclusion is inadmissible because it is not helpful to the jury, as required by Rule 701(b)." *United States v. Noel*, 581 F.3d 490, 496 (7th Cir. 2009). A lay witness's purpose is to inform the jury what is in the evidence rather than to tell the jury what inferences to draw from that evidence. *Id*. "Once the evidence is presented, the jury is capable of examining it and determining whether it supports a conviction; it does not need lay testimony to assist in making that determination." *Id*.

It is anticipated that certain government witnesses, particularly law enforcement officials from the Broadview Police Department, may seek to testify about their opinions and conclusions or speculations regarding the protestors outside the Broadview facility, including on September

26, 2025. While these witnesses can offer testimony about their personal knowledge and observations as relevant to this case, they cannot testify as to the legal implications of those observations. *United States v. Baskes*, 649 F.2d 471, 478 (7th Cir. 1980). For example, they should be precluded from testifying, in substance, that a group of protestors who individually gathered outside the Broadview facility on September 26, 2025 (or otherwise) were part of a conspiracy, and/or had an agreement or a common objective.

Likewise, the government's witnesses should be precluded from offering conclusory assertions, such as a claim that one or more of the protesters was a "leader", or had any other position in some organization, or characterize someone as a "constant agitator"—which are bona fide concerns, particularly given certain law enforcement witnesses' opinions expressed about Defendant Abughazaleh, as reflected in FD-302 reports tendered in discovery. (*See*, *e.g.*, 1/18/2026 302 of Broadview Police Officer #1 (describing Defendant Abughazaleh as a "constant agitator"); 4/3/2026 FBI 302 of Officer #1 ("[Officer #1] believed the protests were organized by several leaders. Multiple groups with different leaders would gather together and make one big unified group."); *id*. ("A few people that [Officer #1] believed to be leaders were [REDACTED], and Kat ABUGHAZALEH."))

Such testimony would go beyond "inform[ing] the jury what is in the evidence" and crosses over into telling the jury ***"what inferences to draw from that evidence."*** *Noel*, 581 F.3d at 496 (emphasis added). The testimony would also improperly convey "the legal implications of what occurred," which necessarily "demand[s] an understanding of the nature and scope of criminal law." *Baskes*, 649 F.2d at 478. *See also Van Eyl*, 468 F.3d at 437; *United States v. Espino*, 32 F.3d 253, 257-258 (7th Cir. 1994) (holding lay opinion testimony about legal implications of conduct at issue was improper and inadmissible, citing *Baskes*). *See also United States v. Riddle*, 103 F.3d

2

423, 429 (5th Cir. 1997) (holding that district court erred in allowing lay opinion testimony about how government agency would view certain conduct); *United States v. Ness*, 665 F.2d 248, 250 (8th Cir. 1981) (danger of lay testimony about legality of conduct is "that the jury could easily accord too much weight to the pronouncement of a lay witness unfamiliar with the standards erected by the criminal law").

For instance, describing someone as a "leader" is objectionable opinion testimony for multiple reasons, including that it is conclusory speculation that presupposes that there was a group that someone "led." Admission of such evidence would effectively opine as to the existence of a conspiracy. Most importantly, such opinion testimony would exceed the narrow limitations of Rule 701. This improper testimony is effectively a legal conclusion and should be barred as improper lay opinion testimony pursuant to Rule 701.

Similarly, government witnesses should be precluded from testifying that protestors acted illegally on September 26, 2025 (or another date). There are multiple examples of this in 302's that were recently produced to the Defense, including the following:

- "[Officer #2] expressed that there was a difference between people passively protesting and that were crossing the line of obstructing[.] " (Officer #2 302 dated 4/102026);

- "[Officer #2] believed that many more arrests could have been made legally for what was happening outside of the Broadview ICE facility." (*Id.*);

- "[Officer #2] believe that charges such as reckless conduct, obstruction of traffic, criminal damage of property, and assault on a Federal Officer could have been charged on many occasions, not just on the incident that occurred on September 26, 2025." (*Id.*); and

- Officer #1 302 dated 4/3/2026: "protestors ignored the lawful commands all the way to the ICE facility gate."

Testimony along these lines is improper and should be precluded.

Finally, the testimony discussed above is also inadmissible pursuant to Rule 403 because any arguable probative value is substantially outweighed the danger of unfair prejudice, confusing

3

the issues, and/or misleading the jury – especially since the testimony is coming from law enforcement officers who the jurors may view as experts on the law, and also because they are discussing primarily arrests for minor state offenses that are irrelevant to the charges before the jurors.

WHEREFORE, Defendants respectfully request the Court enter an Order barring the government from offering the categories of testimony described above.

Respectfully submitted,

**/s/ Nancy L. DePodesta**
**/s/ Carly Alana Chocron**
Taft Stettinius & Hollister LLP
111 E Wacker Dr, Suite 2900
Chicago, IL 60601
312-836-5884
ndepodesta@taftlaw.com
cchocron@taftlaw.com
*Attorneys for Michael Rabbitt*

**/s/ Joshua G. Herman**
Law Office of Joshua G. Herman
53 W. Jackson, Blvd., Suite 404
Chicago, IL 60604
312-909-0434
jherman@joshhermanlaw.com
*Attorney for Katherine Marie Abughazaleh*

**/s/ Terence H. Campbell**
**/s/ Valerie Ann Davenport**
Cotsirilos, Poulos & Campbell, Ltd.
55 E. Monroe Street, Suite 3250
Chicago, IL 60603
312-263-0345
tpoulos@cotsiriloslaw.com
tcampbell@cotsiriloslaw.com
vdavenport@cotsiriloslaw.com
*Attorneys for Andre Martin*

**/s/ Christopher Parente**
**/s/ Damon M Cheronis**
Cheronis & Parente
140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
*Attorneys for Brian Straw*