IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CR 693 |
| | ) | Judge April M. Perry |
| MICHAEL RABBITT, | ) | |
| KATHERINE MARIE ABUGHAZALEH, | ) | |
| ANDRE MARTIN, and BRIAN STRAW | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' CONSOLIDATED MOTIONS IN LIMINE**

Defendants, by and through their respective counsel, pursuant to Federal Rules of Evidence 401, 402, and 402, respectfully move in limine to exclude certain evidence. In support of these motions, the following may be said:

I.      **Introduction**

1.      On October 23, 2025, a federal grand jury returned an indictment charging the defendants in this case with conspiring to (a) prevent by force, intimidation, and threat, Agent A, a United States law enforcement officer, from discharging the duties of his office, and (b) injure him in his person or property on account of his lawful discharge of the duties of his office, and while engaged in the lawful discharge thereof, and (c) injure his property so as to interrupt, hinder, and impede him in the discharge of his official duties, in violation of 18 U.S.C. § 372. (Count 1). Dkt. #1.

2.      Subsequently, the government narrowed its theory and announced it would only attempt to establish that the four remaining defendants "[c]onspired with one another and others,

known and unknown, to prevent by force and intimidation, Agent A, a United States law enforcement officer, from discharging the duties of his office."

3.    The indictment further charged each defendant with forcibly impeding, intimidating, and interfering with an officer of the United States, namely, Agent A, while engaged or on account of the performance of his official duties, in violation of 18 U.S.C. § 111(a)(1) and 2. (Counts 2 through 7). Dkt. # 1.

4.    A jury trial is set in this matter for May 26, 2026.

**II.    Motion to Exclude Certain Evidence as Irrelevant, Prejudicial, and Inadmissible Under Rules 401, 402 and 403.**

5.    Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant and generally admissible if it has "any tendency to make a fact more or less probable than it would be without that evidence" and where "the fact is of consequence in determining the action." Fed. R. Evid. 401, 402.

6.    The Court may, however, exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of...unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Further, evidence may be excluded where there is a significant danger that the jury may base its decision on emotion or where it would distract reasonable jurors from the real issues in the case. *United States v. Reese*, 666 F.3d 1007, 1016 (7th Cir. 2012).

**a.    Referring to the Defendants as "Rioters," "Antifa Members," or "Domestic Terrorists" or Similar Names.**

7.    The defendants anticipate that the government or its witnesses may attempt to refer to the defendants—or other individuals present at the Broadview detention center on the date in

question—as "rioters," "Antifa members," or "domestic terrorists" or other similar names. Such characterizations are improper, highly prejudicial, and should be excluded.

8. These labels are both inaccurate as applied to these individual defendants and not elements of the charged offense under 18 U.S.C. § 372; nor are they relevant to whether the defendants entered into an agreement to prevent a federal officer from discharging his duties by force or intimidation. Instead, they are inflammatory terms that carry strong political, social, and emotional connotations that risk unfairly biasing the jury against the defendants.

9. Labels such as "rioters," "Antifa members," "domestic terrorists," or other terms that indiscriminately lump the individual defendants into groups do not make any fact of consequence more or less probable. The government must prove conduct and agreement—not alleged political affiliation, generalized group identity, or pejorative characterizations.

10. Even if the government were to argue some marginal relevance, such terminology must still be excluded under Rule 403. The probative value, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Terms like "domestic terrorist," in particular, carry an extraordinary risk of inviting the jury to decide the case on emotion, fear, or political bias rather than on the evidence—particularly in this environment where those protesting the Trump administration's immigration enforcement policies are all too often targeted and labelled to be terrorists by those in the highest offices, much less the media consumed by potential jurors.

11. Courts routinely prohibit the use of inflammatory labels that suggest guilt by association or invite the jury to convict based on generalized stigma rather than specific proof. See e.g. *United States v. Tomkins*, 07 CR 227, 2012 WL 1357701, at 2 (N.D. Ill. April 19, 2012) (granting

the defendant's motion in limine to prohibit the government from using the words "terrorist" and "terrorism" where the defendant was not charged with being a "terrorist" or engaging in "terrorism."); *United States v. Irvin*, 87 F.3d 860 (1996) (excluding reference to gang names as, "[g]angs generally arouse negative connotations and often invoke images of criminal activity and deviant behavior. There is therefore always the possibility that a jury will attach a propensity for committing crimes to defendants who are affiliated with gangs or that a jury's negative feelings toward gangs will influence its verdict.")

12. Allowing such terms here would effectively permit the government to argue the same propensity or guilt by association found in gang cases, in violation of Rules 403 and 404.

13. Moreover, the government has already narrowed its theory to a specific alleged conspiracy involving force and intimidation. Injecting terms like "Antifa, " "domestic terrorism," or "riot" improperly broadens the case beyond the charged conduct and risks turning the trial into a referendum on political movements or public unrest, rather than a focused inquiry into the defendants' alleged actions.

14. The risk of spillover prejudice is particularly acute given that the government alleges a spontaneous conspiracy involving "others, known and unknown." Use of broad, stigmatizing labels would invite the jury to attribute the actions or perceived identities of unrelated individuals to the defendants, undermining their right to an individualized determination of guilt.

15. Accordingly, the defendants respectfully request that the Court preclude the government, its witnesses, and its counsel from referring to the defendants—or any uncharged individuals present at the scene—as "rioters," "Antifa members," "domestic terrorists," or any similar

inflammatory or politically charged terminology. The government should be limited to describing specific, observable conduct supported by admissible evidence.

**b. Referring to Agent A as a "Victim."**

16. The defendants anticipate that the government and or witnesses will refer to Agent A as the "victim" of the alleged conspiracy and substantive counts of the indictment.

17. Referring to Agent A as a "victim" would cause unfair prejudice to the defendants under Rule 403. The word victim "creates an inference that Defendant has committed a crime" and is "likely to improperly color the jury's decision-making creating an assumption that the Government has already proved a core element of its case." *United States v. August*, 590 F. Supp. 3d 972, 976 (W.D. Tex. 2022); See also *United States v. Sena*, No. 19 CR 1432, 2021 U.S. Dist. LEXIS 170971, at *4 (D.N.M. Sept. 9, 2021) (granting the defendant's motion in limine, reasoning that "to label [the alleged victim] as a victim at the outset of trial carries the risk of improperly influencing the jury's decision" and that "there is virtually no probative value in allowing the government to use the term 'victim.'").

18. Accordingly, defendants request that the Court preclude the government, its witnesses, and its counsel, from referring to Agent A as a victim.

WHEREFORE, the Defendants respectfully request that this Court enter an order barring the government from using the above-named terms at trial.

Respectfully submitted,

**/s/ Nancy L. DePodesta**
**/s/ Carly Alana Chocron**
Taft Stettinius & Hollister LLP
111 E Wacker Dr, Suite 2900
Chicago, IL 60601
312-836-5884
ndepodesta@taftlaw.com
cchocron@taftlaw.com
*Attorneys for Michael Rabbitt*

**/s/ Theodore Thomas Poulos**
**/s/ Terence H. Campbell**
**/s/ Valerie Ann Davenport**
Cotsirilos, Poulos & Campbell, Ltd.
55 E. Monroe Street, Suite 3250
Chicago, IL 60603
312-263-0345
tpoulos@cotsiriloslaw.com
tcampbell@cotsiriloslaw.com
vdavenport@cotsiriloslaw.com
*Attorneys for Andre Martin*

**/s/ Joshua G. Herman**
Law Office of Joshua G. Herman
53 W. Jackson, Blvd., Suite 404
Chicago, IL 60604
312-909-0434
jherman@joshhermanlaw.com
*Attorney for Katherine Marie Abughazaleh*

**/s/ Christopher Parente**
**/s/ Damon M Cheronis**
Cheronis & Parente
140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
*Attorneys for Brian Straw*