IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CR 693 |
| | ) | Judge April M. Perry |
| MICHAEL RABBITT, | ) | |
| KATHERINE MARIE ABUGHAZALEH, | ) | |
| ANDRE MARTIN, and BRIAN STRAW | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**BRIAN STRAW'S MOTION
FOR COLLECTION AND REVIEW OF AGENT A's MESSAGES**

NOW COMES Brian Straw, by and through his attorneys, Cheronis & Parente LLC, and respectfully moves this Court for an order requiring a member of the prosecution team to collect and review Agent A's messages relating to this case and to provide additional information along with the disclosure as described below.

**Background**

Since the time of the indictment in this matter, Counsel for Brian Straw has made repeated requests for the Government to review Agent A's messages for any messages discussing the events of September 26, 2025, which occurred at the Broadview facility.[1] On March 25, 2026, the Government produced a selection of text messages from Agent A which discuss the events at Broadview on September 26, 2025. (Ex. A)[2]. An FBI report accompanying the text message

---

[1] Based on experience with prior Midway Blitz cases, counsel has learned that ICE/CBP Agents were often communicating with other agents via text message, and oftentimes using encrypted texting applications such as Signal, regarding their encounters with members of the community.

[2] Counsel has redacted the PII from these messages pursuant to the protective order in this case.

1

production noted that the FBI Agent received pdf documents from an ICE Attorney who alone reviewed Agent A's cellphone[3] and apparently made decisions regarding which text messages were discoverable in this case.[4]

The Government later confirmed that no member of the trial team, or the FBI, which is the investigating agency in this matter, reviewed Agent A's phones for the requested discovery material.[5]

At a hearing on April 7, 2026, the Government confirmed for the Court that they were provided a pdf copy of preselected text messages from Agent A's phone and that no member of their team or the FBI reviewed the text messages (Ex. B, at 16:4-10). The following colloquy between the Court and the Government then occurred:

> **THE COURT**: I mean, if I were you, I would be very uncomfortable leaving it up to some random third party to make my *Brady* decisions.
>
> **MR. HOGAN**: Absolutely. We'll look into it more.
>
> **THE COURT**: Okay. Look into it more.
>
> ...
>
> **THE COURT**: Let's let Mr. Hogan and team do their due diligence. One of you should be looking at all of the text messages or doing something that you can fairly state meets your *Brady* obligations to look for exculpatory information.
>
> **MR. HOGAN**: We understand. We'll do that.

---

[3] There is no indication if these text messages came from Agent A's personal phone, work phone, or some combination of both. It is also unclear if Agent A screenshotted the texts and sent them to counsel or if counsel took the screenshots.

[4] As noted at the April 7, 2026 hearing, the previously assigned AUSA in this case informed the Court that the Government's position is that ICE is not considered part of the "prosecution team" for discovery purposes.

[5] In a prior Midway Blitz case, *United States v. Marimar Martinez*, 25 CR 636, the procedure followed by the U.S. Attorney's Office was to have the FBI, which is the investigating agency in all Midway Blitz cases, conduct the review of the Agent's cell phones and provide the text messages to the U.S. Attorney's Office for review and determination of which messages are required to be disclosed under Rule 16 and *Brady/Giglio/Jencks* requirements.

(*Id.* at 16:11-15, 21-25).

Since April 7, the Government has provided no material update to the defense about its promised follow-up on this matter and have curtly brushed aside simple requests for an update on this matter.

**Request for Government to Collect and Review Agent A's Messages As Previously Agreed.**

Defense counsel regrets having to burden the Court with assistance in a matter that should be able to be worked out between the parties but based on the Government's refusal to provide the defense with a simple update on the status of this request, and the quickly approaching trial date, we are left with no other option.

Counsel inquired about the status of this seemingly simple matter one week after the April 7 hearing in which the Government told the Court they would comply with our request to review the Agent's text messages and was told, "We will get back to you if and when we have additional information on that topic." Counsel responded, "Thanks. Even if it is just a 302 noting you did it [that] would be great."[6]

After hearing nothing for another week, counsel sent another inquiry to the AUSA asking, "Any follow up on someone from prosecution team reviewing the Agent's text messages?" Counsel for the Government responded, "As I said last time you asked this question, 'We will get back to you if and when we have additional information on that topic.'"[7]

---

[6] Counsel notes that there are 3 full-time federal prosecutors assigned to this case, along with at least one FBI Agent. The review itself should take less than one hour so it is unclear why this remains such a burdensome request.

[7] From here there were additional communications that further deteriorated and resulted in no progress between the parties and which counsel for the Government suggested we take it up with the judge if we were not satisfied with the pace of the government's response on this issue. We are not satisfied with the Government's pace on this issue and thus the instant Motion.

Given the importance of this issue to the defense, the quickly approaching trial date, and the apparent low priority the Government has assigned this task, the defense requests the Court's assistance in setting some sort of timetable for the Government to respond to the defense that this review has been completed and either produce additional messages or confirm there are not additional messages that are required to be produced under the rules of evidence and pertinent case law.

As part of the review process the Government committed to doing, counsel would further request that the Government identify the messaging application or applications these messages are coming from (iMessage/Signal/other messaging app)[8], as well as the relationship status between Agent A and the recipient. As of now, the identifying information of the text recipient is fully redacted. While the defense does not need to know the name or contact number of the other person, we do need to know the relationship between the recipient and Agent A to understand the context. For example, in one text message previously produced between Agent A and an unidentified recipient, the following exchange occurred:

**Redacted Name**: Did you have a difficult time getting to BSSA this morning?

**Agent A**: Yeah, there was some trash in the street.

The defense assumes that Agent A is referring to the human beings who were protesting at Broadview as "trash." If so, there is certainly relevance to whether he is saying this to another member of law enforcement, to a family member, or a supervisor at ICE. Because of the current

---

[8] It appears at least some of these messages are iMessages. Counsel would request that the Government ensure that Agent A is asked about messages on any messaging application he might use including Signal.

redactions, we do not know the relationship status between Agent A and the text message recipient and respectfully request the Government to include the relationship in the new production.[9]

### Conclusion

For the foregoing reasons, Brian Straw respectfully requests that the Court grant this motion and set a deadline for the Government to comply with its April 7, 2026, agreement to conduct a review of Agent A's messages and to provide the additional information requested in this Motion.

Respectfully submitted,

**/s/ Christopher V Parente**
**/s/ Damon M Cheronis**
Cheronis & Parente LLC
140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
Attorneys for Brian Straw

---

[9] This was the procedure used by the Government in the *Martinez* case discussed above.