UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 25 CR 693 |
| v. | |
| | Judge April M. Perry |
| MICHAEL RABBITT, et al. | |

## GOVERNMENT'S RESPONSE TO DEFENDANTS' CONSOLIDATED MOTIONS *IN LIMINE*

The United States of America respectfully submits the following response to defendants' consolidated motions *in limine*.

### I. Referring to Defendants as "Rioters," "Antifa Members," "Domestic Terrorists," or Similar Names

The Government agrees not to refer to defendants and their co-conspirators as "rioters," "Antifa members," "domestic terrorists," or similar names. Defendants' motion should be denied as moot.

### II. Referring to Agent A as a "Victim"

Defendants' motion to preclude references to Agent A as the "victim" under Federal Rule of Evidence 403 should be denied. While the government does not intend to overuse the term during the trial, the label is appropriate in this case and the government should be allowed to use it in its normal course.

Defendants argue the term "creates an inference the defendants committed a crime" and is "likely to improperly color the jury's decision-making creating an assumption that the government has already proved a core element of its case." Dkt. 126 at 5. But courts have allowed the government to use the word "victim" at trial in

varying contexts, including where—as will likely be the case here— "the defense was not that the defendant did not engage in the alleged conduct, but that the defendant's conduct did not amount to a crime." *United States v. Mark Carroll and Luke Curry*, 2026 WL 891867, at *6 (N.D. Ill. Mar. 31, 2026), quoting *United States v. Franzone*, No. 21 CR 446, 2025 U.S. Dist. LEXIS 69258, at *9.

Barring the word's use would require instructing the government's witnesses that they cannot use an everyday term and will therefore inject unnecessary complexity into the trial. And it is exceedingly unlikely that the jury—which will be instructed that defendants are presumed innocent and their guilt must be proven beyond a reasonable doubt—will be swayed by such a common term. Indeed, it is far more likely that the jury will understand that the government is "merely restating the government's position that a crime occurred." *Carroll & Curry*, *supra*, at *6.

### III. Conclusion

For the foregoing reasons, defendants' consolidated motions *in limine* should be denied.

<div style="margin-left: 50%;">

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:  /s/ *William R. Hogan, Jr.*
WILLIAM R. HOGAN, JR.
MATTHEW SKIBA
ANDRES Q. ALMENDAREZ
Assistants U.S. Attorneys
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 353-5300

</div>

Dated: April 27, 2026