UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL RABBITT, et al.

No. 25 CR 693

Judge April M. Perry

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION
TO BAR LAY OPINIIONS**

The United States agrees not to offer testimony or lay opinions offering legal conclusions from its witnesses, with the following caveat: Federal Rule of Evidence 701 permits a witness who is not testifying as an expert to offer opinion testimony if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

As defendants correctly acknowledge, a witness "can offer testimony about their personal knowledge and observations as relevant to this case." Dkt. 125 at 2. So although a witness may not testify that there was a conspiracy, that witness may testify to observations that tend to support the existence of a conspiracy, including the collective action of the individuals who swarmed Agent A's car in an attempt to impede his movements. Similarly, a witness may testify to his common-sense observations that certain of the demonstrators played a leadership role by, for instance, shouting orders through a megaphone. Such lay testimony is not a legal conclusion and would clearly be helpful to the trier of fact in understanding a highly

disputed fact at issue – such as the defendants' intent. Moreover, the Seventh Circuit does not "deem inadmissible all lay opinion testimony that possibly implicates intent." *United States v. Locke*, 643 F.3d 235, 240 (7th Cir. 2011).

Defendants also seek to preclude Broadview Police Department Officers from testifying that defendants and other demonstrators acted illegally. Dkt. 125 at 3. But such testimony may be appropriate to counter defendants' account of the incident that is belied by the facts. For instance, defendants claimed in moving to dismiss the indictment that:

- Their conduct "was quite benign, and consistent with the lawful exercise of their First Amendment rights and with passive resistance protest that has been a hallmark of civil protest in this country since at least the Civil Rights Era," Dkt. 100 at 3;

- It was "established practice" that the Broadview Police Department would "clear a path in the crowd," *id.*

- The demonstrators were "peaceful," and the protest itself remained peaceful despite the swarming of Agent A's vehicle and property damage, *id.* at 3, 17;

- They somehow had tacit permission from the Broadview Police Department to impede ICE vehicles and were thus "entrap[ped]" into swarming Agent A's car, *id.* at 13.

To the extent the defendants attempt to make similar claims at trial, the government ought to be able to elicit testimony to the contrary from Broadview Police officers. Indeed, to the extent defendants fault the Broadview Police for not clearing the roadway, the Broadview officers should be able to provide context for the steps they took and did not take on September 26, 2025.

As stated above, the government will not be offering legal conclusions through the testimony of its witnesses. The defendants have highlighted four examples in

their motion that they wish to preclude (Dkt. 125 at 3), to which the government responds below.

1) The government's witnesses should be allowed to testify that some individuals did not obstruct the travel of Agent A's vehicle with their bodies, while others did. Such testimony does not offer a legal conclusion, but is instead an iteration of fact based on the witness's observations, distinct from a witness testifying people were "crossing the line of obstruction."

2) The government agrees that a witness should not be able to testify that "more arrests could have been made *legally*." Such a statement offers a legal conclusion and should not be allowed. However, the government's witnesses should be allowed to testify why more arrests were not undertaken at the scene on September 26, 2025, for example, if officer safety was implicated.

3) The government will not be eliciting testimony that "charges such as reckless conduct, obstruction of traffic, criminal damage of property, and assault on a Federal Officer could have been charged on many occasions, not just on the incident that occurred on September 26, 2025." Such testimony would be prejudicial and irrelevant to the charges in the indictment.

4) The government agrees that its witnesses should not be allowed to testify that protestors ignored "the lawful commands" of officers, as such would be tantamount to a legal conclusion. However, government witnesses can certainly testify that protestors ignored "their commands." Such testimony

does not elicit a legal conclusion and is instead a re-telling of fact based on the witness's observations and perceptions.

## Conclusion

For the foregoing reasons, the United States respectfully asks the Court to grant in part, and deny in part, the defendants' motion *in limine* to bar lay opinions offering legal and speculative conclusions.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:  /s/ *William R. Hogan, Jr.*
WILLIAM R. HOGAN, JR.
MATTHEW SKIBA
ANDRES Q. ALMENDAREZ
Assistants U.S. Attorneys
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 353-5300

Dated: April 28, 2026

4