UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL RABBITT, et al.

No. 25 CR 693

Judge April M. Perry

**GOVERNMENT'S MOTION TO DISMISS COUNT ONE
OF THE INDICTMENT**

The UNITED STATES OF AMERICA, by its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, moves to dismiss Count One of the indictment with prejudice, for the following reasons.

On October 23, 2025, a grand jury returned the indictment in this case. Dkt. 1. Count One charged six defendants with conspiring to violate 18 U.S.C. § 372, while Counts Two through Seven charged each defendant individually with a misdemeanor violation of 18 U.S.C. § 111(a)(1). On March 12, 2026, the government moved to dismiss the indictment with prejudice against defendants Sharp and Walsh and this Court granted that motion on March 13, 2026. Dkts. 91 and 92.

On April 29, 2026, the parties appeared before this Court and the government advised that "We're going to move to dismiss Count 1, and we are filing, as we speak, a superseding information on the remaining counts …." Dkt. 142 at 3. Later that day, the United States Attorney filed a superseding information charging the remaining four defendants with violating 18 U.S.C. § 111(a)(1). Dkt. 140.

The law is clear that where a superseding information is filed the original indictment and the superseding information may coexist at the same time and the

government may elect to proceed on the superseding information. *United States v. Jordan*, 807 Fed.Appx. 201, 202 (4th Cir. 2020) ("A superseding indictment is 'a second indictment issued in the absence of a dismissal of the first.' *United States v. Rojas-Contreras*, 474 U.S. 231, 237, 106 S.Ct. 555, 88 L.Ed.2d 537 (1985) (Blackmun, J., concurring). Thus, the superseding indictment and the original indictment can coexist, and 'the government may elect to proceed on any pending indictment, whether it is the most recently returned superseding indictment or a prior indictment.'"). Similarly, an original indictment remains pending prior to trial after the filing of a superseding indictment or information unless the government formally moves to dismiss it. *United States v. Brown,* 973 F.3d 667, 698 (7th Cir. 2020); *United States v. Yielding*, 657 F.3d 688, 703 (8th Cir. 2011); *United States v. Hickey,* 580 F.3d 922, 929 (9th Cir. 2009) ("'[A]n original indictment remains pending until it is dismissed ....', and multiple indictments may simultaneously be pending against the same defendant in the same case.") (citations omitted); *United States v. Bowe,* 946 F.3d 734 (10th Cir. 1991) ("As we understand it, there are two pending indictments against the defendants, and the government may select one of them with which to proceed to trial.") *(*quoting *United States v. Cerilli,* 558 F.2d 697 (3rd Cir. 1977).

The usual practice in this district has long been that where a superseding indictment or information is filed the case proceeds on that instrument until the conclusion of the proceedings, at which time the original charging document is formally dismissed with prejudice. Following April 29, 2026, that was the situation

in this case, as the government advised the defendants on May 1. There was nothing remotely unusual, let alone nefarious, about that state of affairs.

Nonetheless, on May 4, 2026, the defendants filed two motions. The first seeks an order from this Court dismissing Count One with prejudice. Dkt. 144. In defendants' view, the fact that there was no written motion by the government and order by the Court dismissing Count One with prejudice means that the "still pending felony conspiracy charge and its potential jeopardy dramatically impacts the trial, including what motions *in limine* are still in play and how each Defendant shapes their trial strategy, as there remains the risk that the government can prosecute them for this conspiracy charge it now says it wants to leave pending (at least for the foreseeable future)." *Id*. at 3. Of course, this is true in every case where an original indictment exists while the parties proceed on a superseding instrument, and the government is unaware of any case where that impacts a defendant's trial strategy—nor have defendants cited one. The second motion renewed defendants' efforts to obtain grand jury transcripts regarding the legal instructions the government provided pertaining to former Count One of the obviated and inoperative original indictment, and speculated about what defense counsel histrionically called a "time of mounting national distrust in the Department of Justice's use of the grand jury process." Dkt. 143 at 7.

In order to alleviate defendants' stated concerns, and avoid what would surely be further unnecessary and time-consuming litigation, not to mention a waste of this Court's resources, the government hereby formally moves to dismiss Count One of the original indictment with prejudice.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: */s/ William R. Hogan, Jr.*
WILLIAM R. HOGAN, JR.
ANDRES ALMENDAREZ
MATTHEW SKIBA
Assistant U.S. Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5300

4