**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CR 693 |
| | ) | Judge April M. Perry |
| MICHAEL RABBITT, | ) | |
| KATHERINE MARIE ABUGHAZALEH, | ) | |
| ANDRE MARTIN, and BRIAN STRAW | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* PROHIBITING**
**IMPERMISSIBLE TESTIMONY REGARDING THE GROUPING OF INDIVIDUALS**

Defendants Michael Rabbitt, Katherine Marie Abughazaleh, Andre Martin, and Brian Straw (collectively, "Defendants"), by and through their respective undersigned counsel, request this Court to prohibit the government from eliciting impermissible testimony regarding the grouping of individuals at the same or similar protests.

Based on interview reports the government provided summarizing statements of Broadview police officers who worked protests at the Broadview Facility, it appears that some members of law enforcement view all individual protestors as one common group. Obviously, human beings are all different and can all attend the same event, or similar events, for different reasons and with different intentions. There is no reason to assume what is said to one protestor is relayed to any other, nor what any one protestor might say to (or within earshot of) police is attributable to any other individual present at the protest.

1

To the extent the government is considering eliciting testimony from Broadview police officers about statements made by protestors generally (whether on September 26, 2025, or in the weeks prior), or Broadview police officers' general observations of known and unknown protestors' conduct on September 26, we respectfully ask the Court to preclude such testimony as highly prejudicial, not relevant, and without foundation, and thus should be excluded pursuant to Federal Rules of Evidence 401 and 403. That relief is all the more essential now that the conspiracy charge has been dismissed and Defendants each face only a single misdemeanor offense under 18 U.S.C. §111(a) for allegedly forcibly impeding, interfering, and intimidating Agent A.

For example, in an interview with the government one Broadview police officer stated, "based on [her] experience, *protestors* would confront most vehicles believing them to be ICE" (emphasis added), or another officer's statement that "*protestors* did not listen to the safety commands of the officers." (emphasis added). These generalized statements contain no basic identifying information such as date, time, and maker.

The defense objects to any testimony which generalizes the conduct of all "protestors," presumes membership in some sort of organized group, assumes a common understanding, or imputes the beliefs of one protestor to any other, rather than mere contemporaneous presence. As this Court will hear at trial, each defendant went to Broadview on September 26, 2025, for different personal reasons. Some were there for the first time and others had been on prior dates. To allow Broadview police, Agent A, or any other government witness to testify in any generalized manner using the term "protestors" unfairly minimizes the conduct and motivations of each individual defendant and, instead, allows the government to paint all those present that day with a broad brush which cannot be supported by the officers' generalized testimony. Further, lumping together all

protestors and ascribing actions, beliefs, organizational membership to the defendants or any others, at some unknown time and place lacks both foundation and relevance. Irrelevant evidence must be excluded. Fed. R. Evid. 402.

The government should not be allowed to elicit such generalized prejudicial testimony unless the officer can identify one of the defendants in the room as the person he or she witnessed making the statement, performing the act, or hearing the command at issue at a relevant date, time, and location. Put simply, the Court should bar the Government from eliciting testimony or making arguments which generalize the conduct, statements, or motivations of "protestors," "them," or any other term that signifies a "group." Testimony and arguments should, instead, be limited to the conduct and actions of identifiable individuals, particularly because each defendant is charged with a single misdemeanor offense and can only be judged on their own conduct.

The Government must prove, and the jury must evaluate, the alleged guilt of each Defendant individually. Any such "lumping" together of the Defendants, or imputing generalized statements or actions to them without sufficient firsthand knowledge would violate Federal Rule of Evidence 403 as more prejudicial than probative and should be prohibited. Under Rule 403, the Court may exclude relevant evidence if its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See also United States v. García-Sierra*, 994 F.3d 17, 32-33 (1st Cir. 2021) ("[u]nfair prejudice 'speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged'").

3

The lumping together of individual protestors by law enforcement witnesses would also violate Rules 602 and 701 to the extent it reflects an assumption that any one defendant is affiliated with the thoughts or actions of any unidentified generic protestor. Lay witnesses may testify only as to their personal knowledge and may not make inferences that are not "rationally based on the witness's perception." Fed. R. Evid. 701. Thus, witnesses cannot be permitted to assume that any single defendant knew what another protestor was told, or did, or heard. If and only if a law enforcement officer witness personally observed a Defendant's participation in any alleged act or conversation should the witness be permitted to provide that testimony. Defendants ask the Court to bar unspecific, generalized testimony regarding "protestors" or any other group denomination so that Defendants can be adjudged on the remaining misdemeanor charges based on their own individual conduct, not that of others.

Respectfully submitted,

**/s/ Nancy L. DePodesta**
**/s/ Carly Alana Chocron**
Taft Stettinius & Hollister LLP
111 E Wacker Dr, Suite 2600
Chicago, IL 60601
312-836-5884
ndepodesta@taftlaw.com
cchocron@taftlaw.com
*Attorneys for Michael Rabbitt*

**/s/ Joshua G. Herman**
Law Office of Joshua G. Herman
53 W. Jackson, Blvd., Suite 404
Chicago, IL 60604
312-909-0434
jherman@joshhermanlaw.com

**/s/ Molly Armour**
Law Office of Molly Armour
53 W. Jackson Blvd., Suite 1424
Chicago, IL 60604
773-746-4849
armourdefender@gmail.com
*Attorneys for Katherine Marie Abughazaleh*

4

**/s/ Terence H. Campbell**
**/s/ Valerie Ann Davenport**
Cotsirilos, Poulos & Campbell, Ltd.
55 E. Monroe Street, Suite 3250
Chicago, IL 60603
312-263-0345

tcampbell@cotsiriloslaw.com
vdavenport@cotsiriloslaw.com
*Attorneys for Andre Martin*

**/s/ Christopher Parente**
**/s/ Damon M Cheronis**
Cheronis & Parente
140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
*Attorneys for Brian Straw*