**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CR 693 |
| | ) | Judge April M. Perry |
| MICHAEL RABBITT, | ) | |
| KATHERINE MARIE ABUGHAZALEH, | ) | |
| ANDRE MARTIN, and BRIAN STRAW | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**_AGREED_ MOTION TO PERMIT THE JURY
TO VIEW THE SCENE OUTSIDE THE BROADVIEW FACILITY**

Defendants Michael Rabbitt, Katherine Marie Abughazaleh, Andre Martin, and Brian Straw (collectively, "Defendants"), with the agreement of the government, request this Court to allow the jury to travel to and view the scene outside the Broadview facility where the primary events in this case took place for the reasons stated below.

**I.      Introduction**

All four defendants face identical misdemeanor charges based on their alleged forcible impeding, interfering, and intimidating of Agent A on September 26, 2025, outside the Broadview facility. The parties anticipate there will be significant disagreement over the evidence regarding exactly how Agent A entered the road leading into the Broadview facility where dozens of individuals were involved in a protest and "Jericho Walk."  Both the government and defense will seek to introduce photographs and video clips portraying the scene from different angles, each of which show some part of the scene.

1

Defense counsel recently traveled to the Broadview facility to view the scene where the event at issue took place. Seeing the actual dimensions and layout of the scene greatly helps inform exactly how the disputed events took place on October 26, 2025. Despite having viewed dozens of videos and hundreds of photographs, defense counsel all recognized that the photographs and videos do not provide the same level of clarity that going to the scene allows for. The government, likewise, believes a visit to the scene would be helpful to the jury and agrees with this motion.

## II.      Argument

The Seventh Circuit has held that the decision to permit or deny a jury view is committed to the sound discretion of the trial court. *United States v. Woolfolk*, 197 F.3d 900, 906 (7th Cir. 1999) (citing *United States v. Williams*, 44 F.3d 614, 619 (7th Cir. 1995). "[T]he district court is permitted to weigh a variety of factors involving the fair and efficient conduct of the trial." *Id.*

In *Marquez v. Casa Espana en Puerto Rico*, 104 F. Supp. 3d 186, 188 (D.P.R. 2015), the court articulated a four-factor framework: (1) the importance of the evidence and the circumstances of the case; (2) whether it is reasonably certain that the view will substantially aid the jury in reaching a correct verdict; (3) whether the jury could adequately visualize the scene from testimony, photographs, and other documentary evidence; and (4) whether the conditions of the scene at the time of trial are sufficiently similar to the conditions at the time of the alleged crime to make a view helpful.

### (1) The Importance of the Evidence and the Circumstances of the Case

As this Court has observed in the pretrial filings, there is a significant dispute over exactly how the encounter between Agent A's vehicle and the many individuals, including Defendants, occurred outside the Broadview facility. The exact location of where the defendants and other

individuals were standing and how Agent A turned onto Harvard Street will be critical to the jury's understanding of this issue at trial.

Traveling to the scene will allow the jury to better understand the photographs and videos they will see at trial. In-person visitation will allow the jury to understand the true dimensions of the area and have a much better understanding of the events at issue and why people acted or reacted the way they did.

**(2) An In-Person View Will Substantially Help Inform the Jury's Understanding of the Case**

There is no dispute that a jury view of the Broadview scene will materially assist the jury in understanding the issues to be decided at trial. Indeed, perhaps the clearest indication of the value of a site visit is that, in a case where the parties seem to disagree on most issues, both the defense and the government agree that an in-person view of the scene would substantially aid the jury's understanding of the evidence, thus this "Agreed Motion."

**(3) Whether the Jury Could Adequately Visualize the Scene from Testimony, Photographs, and Other Documentary Evidence**

While the jury will undoubtedly be presented with many photographs, videos, and testimony concerning the scene, those forms of evidence cannot fully convey the actual dimensions, layout, and spatial relationships of the area. Many of these videos show only a discrete angle or slice of the greater scene, which can distort distance or perspective. An in-person view of the location of events will provide the jury with a more complete and more accurate understanding of the testimony and the photographic and video evidence presented at trial.

**(4) Whether the Conditions of the Scene at the time of Trial are Sufficiently Similar to the Conditions at the time of the Alleged Crime to Make a View Helpful**

Although there have been some minor changes to the scene since September 26—such as the installation of a temporary fence and the posting of additional signage—the most significant

physical features remain unchanged. In particular, the dimensions of the roadway, the locations of the crosswalks and sidewalks, and the length and layout of Harvard Street all remain substantially identical to their condition on September 26.

According to Google Maps, a trip to Broadview from the federal courthouse should only take 18 minutes each way. The site visit would likely only take 15 to 20 minutes once onsite, thus the entire process could likely be accomplished in a trial morning or afternoon. Understanding that this is still a somewhat significant investment in time, given the significance of these charges to each of the Defendants and the substantial value that such a visit could add to the jury reaching the correct decision in this case, the parties are in agreement this is a worthy investment in this matter.

Respectfully submitted,

**/s/ Nancy L. DePodesta**
**/s/ Carly Alana Chocron**
Taft Stettinius & Hollister LLP
111 E Wacker Dr, Suite 2600
Chicago, IL 60601
312-836-5884
ndepodesta@taftlaw.com
cchocron@taftlaw.com
*Attorneys for Michael Rabbitt*

**/s/ Joshua G. Herman**
Law Office of Joshua G. Herman
53 W. Jackson, Blvd., Suite 404
Chicago, IL 60604
312-909-0434
jherman@joshhermanlaw.com

**/s/ Molly Armour**
Law Office of Molly Armour
53 W. Jackson Boulevard, Suite 1424
Chicago, IL 60604
773-746-4849
armourdefender@gmail.com
*Attorneys for Katherine Marie Abughazaleh*

**/s/ Terence H. Campbell**
**/s/ Valerie Ann Davenport**
Cotsirilos, Poulos & Campbell, Ltd.
55 E. Monroe Street, Suite 3250
Chicago, IL 60603
312-263-0345
tcampbell@cotsiriloslaw.com
vdavenport@cotsiriloslaw.com
*Attorneys for Andre Martin*

**/s/ Christopher Parente**
**/s/ Damon M Cheronis**
Cheronis & Parente
140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
*Attorneys for Brian Straw*