UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL RABBITT, et al.

No. 25 CR 693

Judge April M. Perry

## **PROPOSED JURY INSTRUCTIONS**

The UNITED STATES OF AMERICA, by its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, respectfully submit the following proposed jury instructions in this case. Because this submission is based upon the currently anticipated trial evidence, the parties may ask this Court for permission to modify or supplement these proposed jury instructions, as appropriate.[1]

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:   /s/ *William R. Hogan, Jr.*
WILLIAM R. HOGAN, JR.
MATTHEW SKIBA
ANDRES Q. ALMENDAREZ
Assistants U.S. Attorneys
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 353-5300

---

[1] Throughout these proposed instructions, the bracketed language is to be used if necessary.

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

PROPOSED INSTRUCTION NO. 1
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 1.01

The charges against the defendants are in a document called an Information. You will have a copy of the Information during your deliberations.

The Information in this case charges that each defendant committed the crime of forcibly impeding, intimidating, and interfering with a federal officer.

The defendants have pled not guilty to the charges.

The Information is simply the formal way of telling the defendants what crime they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt.

PROPOSED INSTRUCTION NO. 2
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 1.02

Each defendant is presumed innocent of the charge. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the particular defendant you are considering is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove their innocence. A defendant is not required to produce any evidence at all.

PROPOSED INSTRUCTION NO. 3
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, [and] the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true [or] [that a witness would have given certain testimony].

[In addition, you may recall that I took [judicial] notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.]

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

PROPOSED INSTRUCTION NO. 4 (bracketed language if necessary)
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 2.01

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

PROPOSED INSTRUCTION NO. 5
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 2.02

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

PROPOSED INSTRUCTION NO. 6
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 2.03

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

**[If defendant calls witnesses and requests bracketed language.]** [You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.]

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

PROPOSED INSTRUCTION NO. 7 (bracketed language if necessary)
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit
(2023 ed.) 2.04

A defendant has an absolute right not to testify [or present evidence]. You may not consider in any way the fact that a defendant did not testify or present evidence. You should not even discuss it in your deliberations.

PROPOSED INSTRUCTION NO. 8 (bracketed language if necessary)
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 2.05

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony [, including that of a defendant]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent [or consistent] statements or conduct by the witness.

PROPOSED INSTRUCTION NO. 9 (bracketed language if necessary)
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.01

It is proper for an attorney to interview any witness in preparation for trial.

PROPOSED INSTRUCTION NO. 10
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit
(2023 ed.) 3.02

You have heard [testimony; evidence] that defendant Katherine Abughazaleh committed acts other than the ones charged in the information. Before using this evidence, you must decide whether it is more likely than not that the defendant took the actions that are not charged in the information. If you decide that she did, then you may consider that evidence to help you decide [describe with particularity the purpose for which other act evidence was admitted, e.g. the defendant's intent to distribute narcotics, absence of mistake in dealing with the alleged victim, etc.]. You may not consider this evidence for any other purpose. To be more specific, you may not use the evidence to conclude that, because the defendant committed an act in the past, she is more likely to have committed the crime charged in the indictment. The reason is that the defendant is not on trial for these other acts. Rather, she is only on trial for [list charges alleged in the indictment]. The government has the burden to prove beyond a reasonable doubt the elements of the crime[s] charged in the indictment. This burden cannot be met with an inference that the defendant is a person whose past acts suggest bad character or a willingness or tendency to commit crimes.

PROPOSED INSTRUCTION NO. 11
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.11

You have heard testimony of the identification of persons. Identification testimony is an expression of the witness's belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time [of the offense] and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that the defendant is the person who committed the crime that is charged.

PROPOSED INSTRUCTION NO. 12
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.12

You have seen video recordings and heard audio recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to watch the recordings during your deliberations. You may, if you wish, rely on your recollections of what you saw during the trial.

PROPOSED INSTRUCTION NO. 13
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.14

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

PROPOSED INSTRUCTION NO. 14
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.18

The Information charges each defendant with forcibly impeding, intimidating, and interfering with a federal officer while engaged in and on account of the performance of the officer's official duties. In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.   The defendant forcibly impeded, intimidated, or interfered with Agent A; and

2.   The defendant did so while Agent A was engaged in or on account of Agent A's official duties.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt for a defendant, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt for a defendant, then you should find the defendant not guilty.

PROPOSED INSTRUCTION NO. 15
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.), 18 U.S.C. § 111(a) Assaulting a Federal Officer – Elements

Each defendant must have acted knowingly.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether a defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

PROPOSED INSTRUCTION NO. 16
*See United States v. Graham*, 431 F.3d 585, 590 (7th Cir. 2005) ("[Section] 111 is a general intent crime which requires only that the defendant acted with knowledge of his conduct.")
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.), 4.10 Definition of "Knowingly"

"Forcibly" means by use of force. Physical force is sufficient but actual physical contact is not required.

PROPOSED INSTRUCTION NO. 17
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.), 18 U.S.C. § 111(a) Definition of "Forcibly"

"Force" means power, violence, or pressure directed against a person or thing.

PROPOSED INSTRUCTION NO. 18

*Stokeling v. United States*, 586 U.S. 73, 79 (2019) (quoting Black's Law Dictionary 656 (7th ed. 1999) for above definition)

*Johnson v. United States*, 559 U.S. 133, 139 (2010) (quoting Black's Law Dictionary 717 (9th ed. 2009) for above definition)

*United States v. Marquez*, 207 F. Supp. 3d 715, 726 (S.D. Tex. 2016) (citing above definition in defining "forcibly" under § 111); *United States v. Perea*, 818 F. Supp. 2d 1293, 1310 (D.N.M. 2010) (same)

"Impede" means to block, hinder, hold up, or stand in the way of a person or thing.

PROPOSED INSTRUCTION NO. 19
*See Marinello v. United States*, 584 U.S. 1, 7 (2018) (the definition of "impede" is "broad" and "can refer to anything that 'blocks,' 'makes difficult,' or 'hinders'")
*See Arthur Andersen LLP v. United States*, 544 U.S. 696, 707 (2005) ("The dictionary defines 'impede' as 'to interfere with or get in the way of the progress of' or 'hold up' or 'detract from.'").

"Intimidation" means to say or do something that would make an ordinary person feel threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force. The government is not required to prove that the target of the intimidation actually felt threatened.

PROPOSED INSTRUCTION NO. 20
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.), Definition of "Intimidation"

A federal officer is engaged in his official duties if he is acting within the scope of his employment.

A federal officer on his way to work in a government-owned vehicle, and who is required to protect that vehicle as part of his employment, may be engaged in his official duties.

PROPOSED INSTRUCTION NO. 21
*United States v. Hoffer,* 869 F.2d 123, 126 (2d Cir. 1989)
*United States v. Stephenson*, 708 F.2d 580, 581 (11th Cir. 1983) (*per curiam*)

A defendant did not need to know that the victim was a federal officer.

GOVERNMENT INSTRUCTION NO. 22
*United States v. Feola*, 420 U.S. 671, 684-86 (1975);.
*United States v. Salgado*, 519 F.3d 411, 414 (7th Cir. 2008).
*United States v. Woody*, 55 F.3d 1257, 1265-66 (7th Cir. 1995).

In deciding your verdict, you should not consider the possible punishment for a defendant. If you decide that the government has proved a defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

PROPOSED INSTRUCTION NO. 23
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 4.08

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, Twitter/X, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

PROPOSED INSTRUCTION NO. 24
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 7.01 (modified)

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

PROPOSED INSTRUCTION NO. 25
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 7.02

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

PROPOSED INSTRUCTION NO. 26
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 7.03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL RABBITT, et al.

No. 25 CR 693

Judge April M. Perry

## **VERDICT FORM**

With respect to the indictment, we, the jury, find the defendant MICHAEL

RABBITT:

NOT GUILTY ☐ GUILTY ☐

_____ _____
FOREPERSON

_____ _____

_____ _____

_____ _____

_____ _____

_____
DATE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL RABBITT, et al.

No. 25 CR 693

Judge April M. Perry

## <u>VERDICT FORM</u>

With respect to the indictment, we, the jury, find the defendant KATHERINE

MARIE ABUGHAZALEH:

NOT GUILTY ☐                    GUILTY ☐

_____                    _____
FOREPERSON

_____                    _____

_____                    _____

_____                    _____

                                           _____
                                           DATE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL RABBITT, et al.

No. 25 CR 693

Judge April M. Perry

### **VERDICT FORM**

With respect to the indictment, we, the jury, find the defendant ANDRE MARTIN:

NOT GUILTY ☐                          GUILTY ☐

_____
FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

                                          _____
                                          DATE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL RABBITT, et al.

No. 25 CR 693

Judge April M. Perry

## **VERDICT FORM**

With respect to the indictment, we, the jury, find the defendant BRIAN STRAW:

NOT GUILTY ☐ GUILTY ☐

_____

FOREPERSON

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

DATE