**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CR 693 |
| | ) | Judge April M. Perry |
| MICHAEL RABBITT, | ) | |
| KATHERINE MARIE ABUGHAZALEH, | ) | |
| ANDRE MARTIN, and BRIAN STRAW | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Defendants Michael Rabbitt, Katherine Marie Abughazaleh, Andre Martin, and Brian Straw (collectively, "Defendants"), by and through their respective undersigned counsel, respectfully submit the following proposed jury instructions. Instructions No. 1 and No. 2 are proposed in lieu of instructions Defendants understand that the government intends to propose. The remainder of the proposed instructions are in addition to those submitted by the government. Defendants reserve the right to object to the government's proposed instructions upon review and based on the evidence at trial. Defendants further reserve the right to propose additional instructions after review of the government's instructions and the evidence introduced at trial.

1

The information charges each defendant with forcibly impeding; intimidating; or interfering with a federal officer while engaged in or on account of the performance of official duties.

In order for you to find the defendant you are considering guilty of this charge, the government must prove the following elements beyond a reasonable doubt:

1. The defendant you are considering knowingly impeded; intimidated; or interfered with [Agent A];

2. The defendant you are considering did such acts forcibly; and,

3. The defendant you are considering did so while [Agent A] was engaged in or on account of his official duties.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find that defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant not guilty of that charge.

DEFENDANTS' PROPOSED INSTRUCTION No. 1

*Source*

18 U.S.C. § 111(a) ASSAULTING A FEDERAL OFFICER—ELEMENTS; Seventh Circuit Criminal Pattern Instructions, p. 188 (2023) (modified).

*United States v. Dasilva*, 21CR564 (D.C. Dist.), Dkt. #76, p. 6.
*United States v. Williams*, 21CR618 (D.C. Dist.), Dkt. #122, p. 32.
*United States v. Gietzen*, 22CR116 (D.C. Dist.), Dkt. #50, p. 24.

"Forcibly" means by use of force. Physical force is sufficient but actual physical contact is not required. A person also acts forcibly if they threaten bodily harm upon another, with the present ability to inflict bodily harm. The term "forcibly" applies to each separate act of impeding; intimidating; or interfering.[1]

Physical intimidation is not enough. A threat to use force at some unspecified time in the future is not sufficient to establish that a defendant acted forcibly.[2] A threat or display of physical aggression toward another is forceable if it inspires fear of pain, bodily harm, or death.[3] Force requires a degree of power that is not satisfied by passive resistance and mere touching.[4]

DEFENDANTS' PROPOSED INSTRUCTION No. 2

*Source*

18 U.S.C. §§ 111(a) DEFINITION OF "FORCIBLY"; Seventh Circuit Criminal Pattern Instructions, p. 191 (2023) (modified).

---

[1] *United States v. Stands Alone*, 11 F.4th 532, 535 (7th Cir. 2021) (Section 111(a)(1) "lists six verbs separated by the disjunctive 'or' and adjective 'forcibly' modifying each of those acts."); *United States v. Quintanilla-Chavez*, 807 F. Supp. 3d 641, 653, 653 (W.D. Tex. 2025) ("The term 'forcibly' modifies *all* of the acts rendered unlawful by § 111(a)(1)'—not just 'assault.'").

[2] *United States v. Dasilva*, Case No. 21CR564 (D.C. Dist.), Dkt. #76, p. 7.

[3] *United States v. Stands Alone*, No. 18-cr-128-jdp, 2020 U.S. Dist. LEXIS 76005, at *19 (W.D. Wis. Apr. 30, 2020) (quoting *United States v. Graham*, 431 F.3d 585, 589 (7th Cir. 2005)) ("An act is 'forceable' under § 111 if 'the defendant made 'such a threat or display of physical aggression toward the officers as to inspire fear of pain, bodily harm, or death.'").

[4] *United States v. Love*, 7 F.4th 674, 680 (7th Cir. 2021) (quoting *United States v. Duncan*, 833 F.3d 751, 754 (7th Cir. 2016)) ("As we have said: 'While mere touching is not enough to show physical force, the threshold is not a high one; a slap in the face will suffice.'"); *United States v. Goodwin*, 440 F.2d 1152, 1154 (3d Cir. 1971) (emphasis added) ("We are satisfied that, when defendant pushed and struggled with the agents and attempted to break away from their grasp, he was guilty of forcible assault and resistance, *even though those words require more than mere passive resistance*."); *Johnson v. United States*, 559 U.S. 133, 139, (2010) ("All of these definitions suggest a degree of power that would not be satisfied by the merest touching.").

The First Amendment to the United States Constitution provides that Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances. The First Amendment guarantees the right to free speech, including the right to complain about public policy.[5]

The First Amendment protects speech even if it constitutes vehement, scathing, and offensive criticism of public officials, including law enforcement officers. The First Amendment also protects political exaggeration or expressions of opinion. The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers. Such speech is protected even if that speech is insulting, offensive, disagreeable, obscene, upsetting, arouses contempt, or even if it is outrageous.[6]

The First Amendment also protects expressive conduct just the same as it protects speech when the conduct involves sufficient elements of communication.[7] Expressive conduct involves sufficient elements of communication when the conduct is intended to convey a particular

---

[5] *Snyder v. Phelps*, 562 U.S. 443, 451-52 (2011) (quoting *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 758-759 (1985)); see also Jury Instr., *United States v. Dukes*, No. 4:17-CR-00010-JHM, 2018 WL 4381090 (W.D. Ky. June 15, 2018) ("The First Amendment of the Constitution protects the rights of individuals to complain about public officials, which includes the right to complain to the government about the conduct of public officials without being retaliated against for those complaints.").

[6] *Snyder v. Phelps*, 562 U.S. 443, 458 (2011) ("[Westboro Church protestors'] speech cannot be restricted simply because it is upsetting or arouses contempt. "If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable. … [I]n public debate [we] must tolerate insulting, and even outrageous, speech in order to provide adequate 'breathing space' to the freedoms protected by the First Amendment. What Westboro said, in the whole context of how and where it chose to say it, is entitled to "special protection" under the First Amendment, and that protection cannot be overcome by a jury finding that the picketing was outrageous."); *Lewis v. City of New Orleans*, 415 U.S. 130, 132 (1974) (striking down statute making it "unlawful to curse or revile or to use obscene or opprobrious language toward or with reference to a police officer while in performance of his duties"); *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1020 (9th Cir. 2015) ("While police ... may resent having obscene words and gestures directed at them ... they may not exercise the awesome power at their disposal to punish individuals for conduct that is not merely lawful, but protected by the First Amendment. Indeed, an expression of disapproval toward a police officer ... falls squarely within the protective umbrella of the First Amendment and any action to punish or deter such speech—such as stopping or hassling the speaker—is categorically prohibited by the Constitution.").

[7] *Texas v. Johnson*, 491 U.S. 397, 404 (1989) ("conduct may be sufficiently imbued with elements of communication to fall within the scope of the First [] Amendment[]," and taking into consideration "whether an intent to convey a particularized message was present, and whether the likelihood was great that the message would be understood by those who viewed it") (internal quotations omitted).

viewpoint or message and that viewpoint or message would likely be understood by those who viewed the conduct.[8] It is your role as jurors to determine whether any of the Defendants' individual expressive conduct involves sufficient elements of communication to be protected by the First Amendment.[9]

To the extent that the speech or expressive conduct of the defendant you are considering is protected by the First Amendment, you cannot convict that defendant on the basis of that speech or expressive conduct.[10] Defendant's use of protected speech or expressive conduct cannot constitute forcible impediment, intimidation, or inference for purposes of applying my other instructions.[11]

In addition, the First Amendment protects the right of the people peaceably to assemble. To the extent the conduct of the defendant you are considering is protected by that individual's First Amendment right of assembly, you cannot convict that defendant on the basis of that conduct. The fact that a Defendant joined a peaceable assembly cannot constitute impediment, intimidation, or inference for purposes of applying my other instructions.

DEFENDANTS' PROPOSED INSTRUCTION No. 3

*Source:* U.S. Const. Amend. I and authorities cited in footnotes

---

[8] *See, e.g.*, *Spence v. State of Washington,* 418 U.S. 405, 410-11 (1974) (ruling that displaying an upside down U.S. flag with a peace symbol during the Vietnam War was First Amendment-protected conduct, considering that the court "for decades has recognized the communicative connotations of the use of flags" and noting that the current events of the time would have made the public understand the defendant's point at the time that he made it).

[9] *United States v. Beale*, 620 F.3d 856, 865-66 (8th Cir. 2010) (jury's role in determining factual questions relating to whether charged conduct was protected).

[10] U.S. Const. amend. I; see Jury Instr. at 13, *United States v. Rhodes*, No. 1:22-CR-00015, 2022 WL 17340460 (D.D.C. Nov. 18, 2022) ("You may not find that a defendant committed a crime … simply because you find that a defendant, or other individuals, engaged in speech you find to be offensive."); Jury Instr. at 26, *United States v. Facteau*, No. 15-cr-10076, Dkt. 436 (D. Mass. July 15, 2016) ("You may not convict a Defendant of a crime based solely on [protected speech] promoting [a medical] device, even if the use being promoted is not a cleared or approved use."). *See also* Jury Instr., *United States v. Francis*, No. 3:05-cr-00027-RV-ALL, 2005 WL 5653477 (N.D. Fla. June 7, 2005) ("Verbal conduct is protected by the First Amendment. Mere words alone cannot amount to disorderly conduct unless they are fighting words, words known to be false, or reporting some physical hazard in circumstances where such a report creates a clear and present danger of bodily harm to others, such as shouting 'Fire' in a crowded theater.").

[11] *See City of Houston v. Hill*, 482 U.S. 451, 462-63 (1987) (holding that statute prohibiting verbally opposing, molesting, abusing, or interrupting policemen was unconstitutional because "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state").

5

Even though the defendants are being tried together, you must consider each defendant and the evidence concerning that defendant separately. Your decision concerning one defendant, whether they are guilty or not guilty, should not influence your decision concerning any other defendant.

DEFENDANTS' PROPOSED INSTRUCTION No. 4

*Source*

SEPARATE CONSIDERATION—MULTIPLE DEFENDANTS CHARGED WITH SAME OR MULTIPLE CRIMES; Seventh Circuit Criminal Pattern Instructions 4.07, p. 75 (2023) (modified).

A person commits an assault when, without lawful authority, he or she knowingly engages in conduct which places another in reasonable apprehension of receiving a battery. A person commits aggravated assault when, in committing an assault, he or she without justification operates a motor vehicle in a manner which places a person in reasonable apprehension of being struck by the moving motor vehicle.

DEFENDANTS' PROPOSED INSTRUCTION No. 5

*Source*

Aggravated Assault, 720 ILCS 5/12-1, 720 ILCS 5/12-2(c)(7).

7

A person may use force when he reasonably believes that force is necessary to defend himself or another person against the imminent use of unlawful force.

The appropriateness of an act of self-defense is judged by the objective reasonableness of the act under the circumstances at the time which it was committed.

DEFENDANTS' PROPOSED INSTRUCTION No. 6

*Source*

SELF DEFENSE/DEFENSE OF OTHERS, Seventh Circuit Criminal Pattern Instructions 6.01 (2023).

*United States v. Smith*, 230 F.3d 300, 308 (7th Cir. 2000).

8

A law enforcement officer's use of force is unlawful only when it is unreasonable under the facts and circumstances of the case. Whether the use of force is appropriate must be judged from the perspective of a reasonable officer on the scene and requires careful attention to: (1) the severity of the crime at issue; (2) whether the individual subject to the use of force poses an immediate threat to the safety of the officer or others; and (3) whether the individual subject to the use of force is actively resisting arrest or attempting to evade arrest by flight.

DEFENDANTS' PROPOSED INSTRUCTION No. 7

*Source*

*Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989) [12]

---

[12] *Graham v. Connor*, 490 U.S. 386, 396 (1989):

"Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447 (1979), however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *See Tennessee v. Garner*, 471 U.S., at 8–9, 105 S.Ct., at 1699–1700 (the question is "whether the totality of the circumstances justifie[s] a particular sort of ... seizure").

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *See Terry v. Ohio*, supra, 392 U.S., at 20–22, 88 S.Ct., at 1879–1881."

You have heard testimony about certain defendant's character for peacefulness, concern for the safety of others, and law abidingness. You should consider this testimony together with and in the same way you consider other evidence.

DEFENDANTS' PROPOSED INSTRUCTION No. 8

*Source*

CHARACTER EVIDENCE REGARDING DEFENDANT; Seventh Circuit Criminal Pattern Instructions 3.08, p. 45 (2023) (modified).

Respectfully submitted,

**/s/ Nancy L. DePodesta**
**/s/ Carly Alana Chocron**
Taft Stettinius & Hollister LLP
111 E Wacker Dr, Suite 2600
Chicago, IL 60601
312-836-5884
ndepodesta@taftlaw.com
cchocron@taftlaw.com
*Attorneys for Michael Rabbitt*

**/s/ Joshua G. Herman**
Law Office of Joshua G. Herman
53 W. Jackson Blvd., Suite 404
Chicago, IL 60604
312-909-0434
jherman@joshhermanlaw.com

**/s/ Molly Armour**
Law Office of Molly Armour
53 W. Jackson Blvd., Suite 1424
Chicago, IL 60604
773-746-4849
armourdefender@gmail.com
*Attorneys for Katherine Marie Abughazaleh*

**/s/ Terence H. Campbell**
**/s/ Valerie Ann Davenport**
Cotsirilos, Poulos & Campbell, Ltd.
55 E. Monroe Street, Suite 3250
Chicago, IL 60603
312-263-0345
tcampbell@cotsiriloslaw.com
vdavenport@cotsiriloslaw.com
*Attorneys for Andre Martin*

**/s/ Christopher Parente**
**/s/ Damon M Cheronis**
Cheronis & Parente
140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
*Attorneys for Brian Straw*