UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL RABBITT, et al.

No. 25 CR 693

Judge April M. Perry

**GOVERNMENT'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL
MOTION *IN LIMINE* REGARDING OTHER PROTESTERS' ACTS**

The government's theory in this case has always been that the defendants were part of a mob that impeded, intimidated, and interfered with Agent A on September 26, 2025, and under agency law principles are therefore each accountable for the foreseeable acts of their joint venturers, charged or not. Defendants now seek to exclude evidence that non-defendants broke the side mirror and rear windshield wiper, scratched the word "PIG," and banged "excessively" (whatever that means) on Agent A's vehicle. Dkt. 150 at 3-4. They claim this evidence should be barred because the superseding information no longer charges that they conspired with or aided and abetted other members of the mob in forcibly impeding Agent A. *Id.* However, the fact that they are no longer facing a substantive charge of conspiracy and the superseding information no longer includes a reference to 18 U.S.C. § 2 does not preclude proof of that conduct or their accountability for it. Their motion should be denied.

First, the Seventh Circuit has made it clear that there is no need to charge aiding and abetting under 18 U.S.C. § 2 for vicarious liability to attach to the defendants for the actions of the other participants in their joint actions:

> This court has previously held that the aiding and abetting charge under 18 U.S.C. § 2(a) "need not be specifically pleaded and a defendant indicted for a substantive offense can be convicted as an aider and abettor" upon a proper demonstration of proof so long as no unfair surprise results. *United States v. Tucker,* 552 F.2d 202, 204 (7th Cir.1977). "If the trial court determines that the evidence warrants an aiding and abetting instruction, it is immaterial, although preferable, whether 18 U.S.C. § 2 is actually charged in the indictment. An aider is punishable as a principal." *United States v. Holleman,* 575 F.2d 139, 144 (7th Cir.1978). . . . The reason for this rule is that 18 U.S.C. § 2 does not create a separate offense. It simply makes those who aided and abetted a crime punishable as principals. *United States v. Gonzalez,* 582 F.2d 1162, 1165 (7th Cir.1978).

*United States v. Galiffa,* 734 F.2d 306, 312 (7th Cir. 1984); *see also United States v. Kasvin,* 757 F.2d 887, 890-91 (7th Cir. 1985).

Second, there is also no requirement that defendants be specifically charged with the crime of conspiracy for the ordinary principals of agency law to apply to their actions and those of their joint venturers. This issue is usually addressed in the context of a conspiracy or joint venture where courts have uniformly held that statements may be admitted under Federal Rule of Evidence 801(d)(2)(E) notwithstanding the lack of any formal conspiracy charge. *See, e.g., United States v. Cox,* 923 F.2d 519, 526 (7th Cir. 1991) (conspiracy charge not a condition for admission of statements under Rule 801(d)(2)(E)); *United States v. Kelley,* 864 F.2d 569, 573-74 (7th Cir. 1989) ("[W]e initially note that Rule 801(d)(2)E) applies not only to conspiracies but also to joint ventures, and that a charge of criminal conspiracy is not required to invoke the evidentiary rule"). This agency/joint venture rule applies to actions as well as statements.

> Statements of a coconspirator are classified as nonhearsay party admissions on the theory that members of a conspiracy are partners

2

> in crime and thus are agents of one another. *See Anderson v. United States,* 417 U.S. 211, 218 n. 6, 94 S.Ct. 2253, 2259 n. 6, 41 L.Ed.2d 21 (1974); *Hitchman Coal & Coke Co. v. Mitchell,* 245 U.S. 229, 249, 38 S.Ct. 65, 71–72, 62 L.Ed. 260 (1917). Conspiracy as an evidentiary rule differs from conspiracy as a crime. The crime of conspiracy comprehends much more than just a joint venture or concerted action, whereas the evidentiary rule of conspiracy is founded on concepts of agency law. *United States v. Gil*, 604 F.2d 546, 549 (7th Cir.1979); *United States v. Trowery*, 542 F.2d 623, 626 (3d Cir.1976), *cert. denied*, 429 U.S. 1104, 97 S.Ct. 1132, 51 L.Ed.2d 555 (1977). Recognizing this, some courts refer to the coconspirator exception as the "joint venture" or "concert of action" exception. *See United States v. Gil*, *supra*, 604 F.2d at 549. A charge of criminal conspiracy is not a prerequisite for the invocation of this evidentiary rule. *Id.* at 549. Indeed, it may be invoked in civil as well as criminal cases. *Id.*

*United States v. Coe*, 718 F.2d 830, 835 (7th Cir. 1984). This recognition that joint venture liability applies to acts as well as statements was articulated over a hundred years ago by the Supreme Court in *Hitchman Coal & Coke Co. v. Mitchell,* 245 U.S. 229, 38 S.Ct. 65 (1917):

> The rule of evidence is commonly applied in criminal cases, but is of general operation; indeed, it originated in the law of partnership. It depends upon the principle that **when any number of persons associate themselves together in the prosecution of a common plan or enterprise**, lawful or unlawful, from the very act of association **there arises a kind of partnership, each member being constituted the agent of all**, so that **the act** or declaration of one, in furtherance of the common object, **is the act of all**, **and is admissible as primary and original evidence against them.**

*Hitchman*, 245 U.S. at 249 (citations omitted; emphasis added).

The video evidence in this case will show the defendants acting in concert with dozens of others in a mob to surround Agent A's vehicle. Some members of the mob pounded on the car, some pushed against it, some caused more severe damage such as breaking the side mirror and ripping off the rear windshield wiper. All those

3

actions impeded, obstructed, and intimidated Agent A—the only differences were those of degree, not kind. All the actions by all the members of the mob were clearly foreseeable to each of them. They are all therefore responsible for their joint venturers' conduct. The law clearly allows the government to prove that.

At a minimum, Agent A should be able to testify to the actions that he saw, heard, and felt as the mob swarmed his vehicle. Such testimony is highly relevant to showing his fear—and particularly why he felt intimidated and that he could not stop—as he inched forward to the Broadview ICE facility on September 26, 2025.

For the foregoing reasons, the United States respectfully requests that defendants' supplemental motion *in limine* to preclude evidence of the actions of others in the mob be denied.

<div style="margin-left: 50%;">

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:   /s/ *William R. Hogan, Jr.*
WILLIAM R. HOGAN, JR.
MATTHEW SKIBA
ANDRES Q. ALMENDAREZ
Assistants U.S. Attorneys
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 353-5300

</div>

Dated: May 14, 2026

4