**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *v.* | ) | No. 25 CR 693 |
| | ) | Judge April M. Perry |
| MICHAEL RABBITT, | ) | |
| KATHERINE MARIE ABUGHAZALEH, | ) | |
| ANDRE MARTIN, and BRIAN STRAW | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
SUPPLEMENTAL MOTION *IN LIMINE***

Nothing in the government's response (Dkt. 172) warrants admitting evidence of destructive or offensive acts by non-defendant demonstrators. Despite having dismissed with prejudice charges that Defendants conspired with non-defendant demonstrators, the government now seeks to circumvent this action by introducing evidence of third-party misconduct and attributing such misconduct to Defendants. This evidence, however, should not be admitted. It is irrelevant to the remaining individual, non-conspiracy charges and to any newly evolved theory that defendants aided and abetted the conduct with which defendants have been individually charged, namely, § 111(a)(1). It is also highly prejudicial with no corresponding relevance.[1] And, despite the government's arguments otherwise, the case law does not support attributing non-

---

[1] Separately, while the government previously agreed not to use words such as "rioter," the government used the term "mob" to describe Defendants seven times in its response brief. Defendants would ask that the Court clarify that the government may not refer to Defendants as part of a "mob" or use other similarly pejorative or prejudicial terms. Indeed, the term "mob" is defined as "[a] disorderly or riotous crowd, a rabble." Mob, Oxford English Dictionary (Dec. 2025), available at https://www.oed.com/search/dictionary/?scope=Entries&q=mob; see also Mob, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/mob (accessed May 17, 2026).

defendants' misconduct to a defendant charged for an individual offense. Defendants' supplemental motion *in limine* should be granted.

The government's contentions that this evidence of third-party misconduct should be admitted to prove a theory of aiding and abetting or vicarious liability – a theory never before espoused in this case (*see* Dkt. 172 pp. 1-4) – are mistaken and misleading for at least four reasons. ***First***, evidence of the non-defendants' conduct is totally irrelevant to showing whether the *Defendants* aided-and-abetted in the charged offense here. "Under federal law, the crime of aiding and abetting requires knowledge of the illegal activity that is being aided and abetted, a desire to help the activity succeed and *some act of helping*." *United States v. Stott*, 245 F.3d 890, 905 (7th Cir.), *amended on reh'g in part,* 15 F. App'x 355 (7th Cir. 2001) (internal citation omitted; emphasis in the original). The government's proffered evidence of misconduct by third-party demonstrators is not relevant in any way to this showing because it does not reveal what any individual Defendant knew or desired, nor does it show any of the individual Defendants in any act of helping the *unidentified* third-parties[2] in any misconduct or potentially offensive acts. Put another way, an aiding and abetting or joint venture instruction requires a showing of some kind of association between the joint venturers: at very least, knowledge of unlawful conduct, a desire for it to succeed, and act in furtherance of its success. *See id.* The government has not charged or met this minimal threshold for an aiding and abetting theory.

***Second,*** the government's insinuation that the possibility of an aiding and abetting theory should automatically allow the unfettered admission of evidence about presumably multiple non-defendants' misconduct and have those unidentified third-parties' conduct attributed to the charged

---

[2] Because the government has never identified any of the third-parties whose conduct it now seeks to rely on to prove *Defendants'* guilt, Defendants have not been able to investigate and prepare a defense to the third-party conduct the government now raises at the 11th hour.

Defendants is absurd. Taken to its logical extension, the government would never need to file a conspiracy charge or a *Santiago* proffer because it could just rely on a joint accountability or aiding and abetting instruction without ever having to even put a defendant on notice of the possibility of such a charge. Due process and common sense require more.

*Third,* relatedly, the government seems generally to misunderstand aiding and abetting. Finding that a defendant aided and abetted the commission of an offense under 18 U.S.C. § 2 requires finding that a substantive offense occurred. *See* 7th Cir. Pattern Jury Instruction § 5.06(A), Aiding and Abetting ("In order for you to find [the; a] defendant guilty of [Count __] on this basis, the government must prove each of the following elements beyond a reasonable doubt: 1. The crime of ___ was committed . . . ."). But the non-defendant third-parties' conduct cited by the government here has not been charged as a substantive offense. Indeed, no charge as to the "pig"-scrawling or vehicle damage or use of profanity exists in this case (or any other), and the allegations related to that conduct were very intentionally dropped from the superseding information in this case. The government does not even define what that other substantive offense is, much less explain how each Defendant can be guilty of violating §111(a) for forcibly impeding, interfering, and intimidating Agent A because some other unknown person committed some other undefined and uncharged crime. Accordingly, the jury could not find that such conduct constituted a substantive crime (which crime would have to be proved to the jury beyond a reasonable doubt), and the Defendants cannot be liable for aiding and abetting that conduct. *See id; see also United States v. Motley,* 940 F.2d 1079, 1081 (7th Cir. 1991) (citing *United States v. Ruffin,* 613 F.2d 408, 412 (2d Cir.1979) for the proposition that "[i]t is hornbook law that a defendant charged with aiding and abetting the commission of a crime by another cannot be convicted in the absence of proof that the crime was actually committed"). Indeed, "it is axiomatic that one cannot aid and

abet a crime unless a crime was actually committed." *United States v. Freed,* 921 F.3d 716, 721 (7th Cir. 2019), *abrogated on other grounds by Thompson v. United States*, 604 U.S. 408, 145 S. Ct. 821, 221 L. Ed. 2d 291 (2025).

The government is grasping at straws trying to admit this highly prejudicial, irrelevant evidence of third-party misconduct. But if the government were to get away with this tenuous theory that Defendants could be found guilty for aiding-and-abetting in conduct that has not been charged, alleged, or proven to be a substantive offense, then the government could begin convicting people without ever proving that the substantive offense occurred. This outcome would be contrary to the law (*see id.*) – not to mention a gross violation of due process given the late notice and complete lack of disclosure of who the third-parties are on whose conduct the government now desperately seeks to rely to prove the Defendants' guilt. The evidence of third-party conduct in this case should not be admitted under this theory.

***Fourth,*** the government cites one case—*United States v. Galiffa*, 734 F.2d 306, 309–313 (7th Cir. 1984)—for its general proposition that aiding and abetting need not be specifically charged for a defendant to be convicted as an aider-and-abettor. (Dkt. 172, pp. 1-2.) While Defendants do not dispute this basic legal premise as a general matter, the explanation in *Galiffa* illuminates perfectly why admitting non-defendant conduct to prove Defendants' guilt would be inappropriate here, where the government is using this tactic to get around the impact of the conspiracy charge having been dismissed with prejudice. In *Galiffa*, the court discussed at length that, there, an aiding-and-abetting instruction was appropriate, despite not having been charged, because the defendants – who were charged as co-conspirators in the case that went to trial – were on notice from the indictment that they were charged with assisting others in criminal conduct. *Id.*at 312-313. By virtue of preparing a defense to the charged conduct, defendants also were

preparing a defense to aiding and abetting. *Id.* Accordingly, the defendants were on sufficient notice, their defense was not prejudiced, and there were no due process concerns. *See id.* That logic does not apply here. Unlike *Galiffa*, the superseding information does not put Defendants on notice they are charged with assisting or associating with non-defendant demonstrators (or anyone for that matter) in the commission of the charged crime. The Defendants are not preparing a defense to aiding-and-abetting the non-defendants' alleged misconduct simply by virtue of preparing a defense to the charged individual offense – indeed, exactly the opposite is the case here. These key differences put this case outside the bounds of *Galiffa*. More importantly, they implicate serious due process concerns with the government's suggestion that it will use the evidence of third-party misconduct against the Defendants.

The government's next argument—that the evidence of non-defendant misconduct should come in under Federal Rule of Evidence 801(d)(2)(e) (*see* Dkt. 172, pp. 3-4)—is also a red herring. It is both true and entirely inconsequential that Rule 801(d)(2)(e) permits statements of a co-conspirator or joint-venturer to be admitted as an exception to the rule against hearsay. (Dkt 172, p. 3-4). It is equally inconsequential to this motion that the term "co-conspirator" as used in Rule 801 is broader than just persons criminally charged with conspiracy. These are simply rulings about hearsay exceptions. But just because evidence can get around the rule against hearsay does not mean that it is relevant, nor that it is admissible under the other Rules of Evidence. So this argument does nothing to address Defendants' non-hearsay arguments as to why this evidence should be excluded. Indeed, though Defendants do not waive the right to raise hearsay arguments at trial depending on how evidence is being used in context, this motion is *not* based on an argument that evidence of third-party misconduct should be excluded as inadmissible hearsay Rather, as described above, Defendants' principle argument is that the evidence should be

excluded because its *high risk of undue prejudice* greatly outweighs any nominal relevance in light of the dismissed conspiracy charge and related allegations.

And make no mistake: the risk of undue prejudice from this newly proffered evidence is high. In its response, the government does not shy away from the fact that its *sole* purpose in trying to admit this evidence is to ascribe the objectionable, offensive and/or destructive conduct of **unidentified third-party demonstrators** to each of the individual Defendants. (Dkt. 172, p. 4.) The government baldly contends, citing zero case law or other support, that third-party misconduct should not only be admitted in this case, but that the government should be able to argue that the defendants are "responsible" for such misconduct to the point that it proves their guilt on the only live charge, that under 18 U.S.C. Sec. 111 – a charge that has nothing to do with damage to a rear window-wiper or graffiti on a side panel, *neither of which were known to Agent A until after the events at issue here*. (*Id.*) In other words, the government intends to introduce this evidence to argue that any offensive or destructive act by any demonstrator may be attributed fully to any Defendant, without explaining how discrete acts were foreseeable to Defendants, much less part of any joint undertaking or agreement. (*Id.*) The government's theory is totally unsupported by any caselaw in the government's brief or any we could find. And the use of the third-party evidence in this manner creates an overwhelming risk of confusing and prejudicing the jury.

Finally, the government's response misrepresents Defendants' motion *in limine* and fails to engage with the Defendants' full argument as to why the conduct of non-defendant demonstrators should be excluded at trial. Defendants' argument is not merely that this evidence should be excluded *only* because the superseding information no longer charges conspiracy, as the government suggests. (*See* Dkt. 172, p. 1.) Rather, Defendants' point is that the lack of a conspiracy charge fundamentally changes the analysis of this evidence under Federal Rule of Evidence 403.

Rule 403 provides that even relevant evidence is inadmissible when the risk of unfair prejudice substantially outweighs the evidence's probative value. *See* Fed. R. Evid. 403. Here, the dismissal of the conspiracy charge greatly diminishes, if not eliminates, any arguable relevance of this evidence. *See United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) ("The probative value of evidence against a defendant is low where the evidence does not go to an element of the charge."); *see* Fed. R. Evid. 401 (relevant evidence must make a "fact of consequence" more or less probable). The evidence is also highly and unduly prejudicial for the reasons outlined above and in Defendants' Motion *in limine*, including because of its potentially offensive use of profanity, the derogatory term "Pig," and alleged acts of vandalism against the vehicle, none of which any Defendant had any hand in. Because the risk of prejudice from this evidence of *third-party* misconduct far outweighs its relevance for proving *Defendants'* conduct, Rule 403 demands the evidence be excluded. *See United States v. Gootee*, 34 F.3d 475, 478 (7th Cir. 1994) (excluding evidence of third-party misconduct—there, drug use and solicitation— because it was not relevant to proving whether *defendant* engaged in charged misconduct).

The government's response does not even attempt to engage in this 403 analysis, nor raise *any* argument as to this evidence's highly prejudicial nature. (*See* Dkt. 172, pp. 1-4.) Instead, the government focuses exclusively on how the offensive conduct of non-defendants may be *relevant* notwithstanding the dropped conspiracy charge because of the possibility of an aiding-and-abetting or vicarious liability instruction which the government has not submitted (arguments we addressed above), but the response makes no argument to explain away or mitigate the evidence's risk of prejudice and confusion. (Dkt. 172, pp. 1-4.) Any such argument on their behalf is therefore forfeited. *See United States v. Johnson*, No. 24-2027, 2025 WL 1541048, at *4 (7th Cir. May 30,

2025) (finding party forfeited argument not addressed in response to motion *in limine*); *Sanchez v. Chicago*, No. 12 C 06347, 2016 WL 4905672, at \*12 (N.D. Ill. Sept. 15, 2016) (same).

Accordingly, for the foregoing reasons and those in the supplemental motion *in limine,* Defendants respectfully request that this Honorable Court grant the supplemental motion *in limine* and such other relief as this Court deems appropriate and just.

Dated: May 18, 2026

Respectfully submitted,

**/s/ Nancy L. DePodesta**
**/s/ Carly Alana Chocron**
Taft Stettinius & Hollister LLP
111 E Wacker Dr, Suite 2900
Chicago, IL 60601
312-836-5884
ndepodesta@taftlaw.com
cchocron@taftlaw.com
*Attorneys for Michael Rabbitt*

**/s/ Joshua G. Herman**
Law Office of Joshua G. Herman
53 W. Jackson Blvd., Suite 404
Chicago, IL 60604
312-909-0434
jherman@joshhermanlaw.com

**/s/ Molly Armour**
Law Office of Molly Armour
53 W. Jackson Blvd., Suite 1424
Chicago, IL 60604
773-746-4849
armourdefender@gmail.com
*Attorneys for Katherine Marie Abughazaleh*

**/s/ Terence H. Campbell**
**/s/ Valerie Ann Davenport**
Cotsirilos, Poulos & Campbell, Ltd.
55 E. Monroe Street, Suite 3250
Chicago, IL 60603
312-263-0345
tcampbell@cotsiriloslaw.com
vdavenport@cotsiriloslaw.com
*Attorneys for Andre Martin*

s/ **Christopher Parente**
**/s/ Damon M Cheronis**
Cheronis & Parente
140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
*Attorneys for Brian Straw*

8