**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| ) | |
| Plaintiff,      ) | |
| v.        ) | No. 25 CR 693 |
| ) | |
| ) | Judge April M. Perry |
| KATHERINE MARIE ABUGHAZALEH,      ) | |
| ) | |
| Defendant.      ) | |

**DEFENDANT ABUGHAZALEH'S OBJECTION
TO GOVERNMENT PROPOSED EXHIBITS 4 AND 5**

Defendant **KATHERINE MARIE ABUGHAZALEH**, by and through her attorneys **JOSHUA G. HERMAN** and **MOLLY ARMOUR,** respectfully objects to proposed Government Exhibits 4 and 5.

On Friday, May 15, 2025, the government disclosed its proposed exhibits, which had previously been identified in its exhibit list. Dkt. #169. After reviewing those exhibits and how the government has edited and clipped some of them, counsel object to Government Exhibits 4 and 5 as misleading, irrelevant, and incomplete. Government Exhibits 4 and 5 (based on Media 026 and Media 027, produced in discovery) are the subject of the government's supplemental motion *in limine* II. (Dkt. #152, pp. 7-10). The defense has responded to that motion. (Dkt. #171, pp. 10-18). Separate and apart from the arguments set forth in Defendant's Response, review of the actual exhibits the government recently provided raises additional concerns.

First, Government Exhibit 4 is just the first three seconds of a 41 second video that the government found on Twitter. The full 41-second video is available here: https://x.com/AliBradleyTV/status/1969007665498984819. The government's selective editing omits what happened in the next three seconds—Ms. Abughazaleh being thrown to the ground by

1

the officer. Counsel provided screenshots of the encounter in their Response to the government's supplemental motion *in limine*, but for the sake of completeness they are re-presented here, with marks through the images that the government has omitted from Government Exhibit 4:










2

 

Government Exhibit 5 is likewise incomplete and misleading. That exhibit is taken from a social media post by Ms. Abughazaleh from September 19, 2025, which is available at: https://x.com/KatAbughazaleh/status/1969013628398411810. A screenshot of the post, which contains two videos side-by-side, is copied below.

The video on the left of the post is approximately the first 8 seconds of the video depicted in the screenshots above. The video on the right is approximately 30 seconds and shows Ms. Abughazaleh sitting on the pavement with a sign before being grabbed and lifted off the ground by a masked agent in full gear. As shown below, above the videos, Ms. Abughazaleh wrote: "This is what it looks like when ICE violates our First Amendment rights." These first two images below are from the original social media post:





However, Government's Exhibit 5 is highly and selectively edited version of the original social media post. A screenshot of Government Exhibit 5 is below:



As is evident from that screenshot, in addition to omitting the video on the left, the government's selectively edited version omits Ms. Abughazaleh's statement, "This is what it looks like when ICE violates our First Amendment rights," and, as a result, makes it look like she only posted the single video—absent of any important context. The government's proposed exhibit makes it look like Ms. Abughazaleh posted just the one video, without commentary about ICE and the First Amendment. It is, at best, inaccurate.

While counsel maintain that this is not Rule 404(b) material for any of the reasons asserted

in the government's motion, should the Court consider allowing the government to play these videos, then it must not be permitted to edit them in a misleading and incomplete way. They should be played in full.

Rule 106 requires the introduction of any other part of a recording that "in fairness ought to be considered at the same time." In addition to the basic Rule 404(b) shortcomings, propensity problems, and mini-trial concerns raised in our Response (Dkt. #171, pp. 10-17), the government may suggest or imply through these highly edited videos that Ms. Abughazaleh was the aggressor in these encounters, or the jury could derive their own assumptions from these selective video portions. In fairness, if admitted, the jury should see the entire videos and make up their minds based on the entire context, not just a snippet. As a matter of fairness, the full videos and other context should be shown to rebut the unfair inference that the government plainly seeks to elicit. Accordingly, Ms. Abughazaleh objects to Government Exhibits 4 and 5 as they have been selectively and inaccurately edited.

<div style="margin-left: 40%;">

Respectfully submitted,

**/s/ Joshua G. Herman**
Law Office of Joshua G. Herman
53 W. Jackson Blvd., Suite 404
Chicago, IL 60604
312-909-0434
jherman@joshhermanlaw.com

**/s/ Molly Armour**
Law Office of Molly Armour
53 W. Jackson Blvd., Suite 1424
Chicago, IL 60604
773-746-4849
armourdefender@gmail.com

*Attorneys for Katherine Marie Abughazaleh*

</div>