UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN
DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | No. 25 CR 693 |
| v. | | |
| MICHAEL RABBITT, et al. | | Judge April M. Perry |

## DEFENDANTS' REVISED PROPOSED JURY INSTRUCTION ON THE FIRST AMENDMENT

Defendants submit the following revised proposed jury instruction on the First

Amendment:

### DEFENDANT'S PROPOSED JURY INSTRUCTION – 1ST AMENDMENT

The First Amendment to the United States Constitution provides that Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

The First Amendment protects speech even if it constitutes vehement, scathing, and offensive criticism of public officials, including law enforcement officers.

The First Amendment also protects expressive conduct when the conduct involves sufficient elements of communication.[1] Expressive conduct involves sufficient elements of

---

[1] *Texas v. Johnson*, 491 U.S. 397, 404 (1989) ("conduct may be sufficiently imbued with elements of communication to fall within the scope of the First [] Amendment[]," and taking into consideration "whether an intent to convey a particularized message was present, and whether the likelihood was great that the message would be understood by those who viewed it") (internal quotations omitted).

communication when the conduct is intended to convey a particular viewpoint or message and that viewpoint or message would likely be understood by those who viewed the conduct.[2]

In addition, the First Amendment protects the right of the people peaceably to assemble.

To the extent that the speech, expressive conduct, or assembly of the defendant you are considering is protected by the First Amendment, you cannot convict that defendant on the basis of that speech, expressive conduct, or assembly.[3] Defendant's use of protected speech, expressive conduct, or assembly cannot constitute forcible impediment, intimidation, or inference for purposes of applying my other instructions.[4]

DEFENDANTS' PROPOSED INSTRUCTION No. 3

*Source:* U.S. Const. Amend. I and authorities cited in footnotes.

---

[2] *See, e.g.*, *Spence v. State of Washington,* 418 U.S. 405, 410-11 (1974) (ruling that displaying an upside down U.S. flag with a peace symbol during the Vietnam War was First Amendment-protected conduct, considering that the court "for decades has recognized the communicative connotations of the use of flags" and noting that the current events of the time would have made the public understand the defendant's point at the time that he made it).

[3] U.S. Const. amend. I; see Jury Instr. at 13, *United States v. Rhodes*, No. 1:22-CR-00015, 2022 WL 17340460 (D.D.C. Nov. 18, 2022) ("You may not find that a defendant committed a crime … simply because you find that a defendant, or other individuals, engaged in speech you find to be offensive."); Jury Instr. at 26, *United States v. Facteau*, No. 15-cr-10076, Dkt. 436 (D. Mass. July 15, 2016) ("You may not convict a Defendant of a crime based solely on [protected speech] promoting [a medical] device, even if the use being promoted is not a cleared or approved use."). *See also* Jury Instr., *United States v. Francis*, No. 3:05-cr-00027-RV-ALL, 2005 WL 5653477 (N.D. Fla. June 7, 2005) ("Verbal conduct is protected by the First Amendment. Mere words alone cannot amount to disorderly conduct unless they are fighting words, words known to be false, or reporting some physical hazard in circumstances where such a report creates a clear and present danger of bodily harm to others, such as shouting 'Fire' in a crowded theater.").

[4] *See City of Houston v. Hill*, 482 U.S. 451, 462-63 (1987) (holding that statute prohibiting verbally opposing, molesting, abusing, or interrupting policemen was unconstitutional because "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state").