**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CR 693 |
| | ) | Judge April M. Perry |
| MICHAEL RABBITT, | ) | |
| KATHERINE MARIE ABUGHAZALEH, | ) | |
| ANDRE MARTIN, CATHERINE SHARP, | ) | |
| BRIAN STRAW, and JOSELYN WALSH | ) | |
| | ) | |
| Defendants. | ) | |

**BRIAN STRAW'S EMERGENCY MOTION FOR A PRESERVATION ORDER**

Brian Straw, by and through his attorneys, CHERONIS & PARENTE LLC, pursuant to Federal Rules of Criminal Procedure 2 and 16, and the Due Process and Effective Assistance of Counsel clauses of the Fifth and Sixth Amendments to the Constitution of the United States, respectfully requests that this Court enter a preservation order for the United States Attorney's Office for the Northern District of Illinois, Mr. William Hogan, Mr. Matthew Skiba, Mr. Andres Almendarez, and Ms. Sheri Mecklenburg to preserve and maintain any and all emails, text messages, voice messages, documents, notes, and records of any kind related to the circumstances surrounding the proceedings that occurred in the Grand Jury on October 9, October 16, and October 23, 2025, regarding the above-captioned case, as well as the decisions during the time period of October 9, 2025 through May 21, 2026, to not disclose the transcripts, to redact portions of the transcripts, and to not correct misstatements of fact by the Court the government knew to be inaccurate.[1]  In support of thereof, defendants' state as follows:

---

[1] This request is for both work and personal electronic devices.

1

1. On October 23, 2025, the government filed an indictment charging the defendants with conspiracy to impede and injure Agent A's vehicle, in violation of Title 18, United States Code, Section 372. (R. 1). The government also charged each defendant individually with a misdemeanour count of forcibly impeding Agent A while he was engaged in the performance of his official duties.

2. On April 29, 2026, the government filed a superseding information which contained carbon copy counts of the misdemeanor charges they previously presented to the Grand Jury (R. 140). On May 6, 2026, the government moved to dismiss Count One of the indictment (R. 147). On May 7, 2026, the Court granted that motion (R. 155). On May 18, 2026, the government moved to dismiss the remaining counts of the indictment (R. 177). The court granted that motion.

3. Beginning in December 2025 and continuing up until the pretrial conference on May 18, 2026, the defense had been requesting the disclosure of the grand jury transcripts in this case. At every turn the government opposed these requests and criticized defense counsel for "histrionically speculating" about misconduct in the grand jury. The government used this court to dismiss counts, file a superseding information, all without ever disclosing a single reason behind its mysterious shell game. As this Court is now aware, all of this was done to attempt to conceal what occurred in front of the Grand Jury. The degree of misconduct that occurred in the Grand Jury in this case is *nauseating*.

4. Perhaps worse than the severity of the Grand Jury misconduct, the cover up engaged by the U.S. Attorney's Office over the past seven months is equally appalling. Having now digested the actual transcripts of what occurred in these secret Grand Jury proceedings counsel has no doubt that severe sanctions will be forthcoming. In the meantime, given the level of misconduct at issue and the brazenness of the U.S. Attorney's Office for not immediately disclosing this level

of misconduct to the Court or defense counsel, defense counsel has lost complete faith and confidence in this U.S. Attorney's Office to do the right thing on its own. Counsel wants to make sure that all material information related to this scandal is preserved for purposes of the upcoming sanctions hearing.

5.     Based on these actions Mr. Straw is seeking an immediate preservation order for the United States Attorney's Office for the Northern District of Illinois, Mr. William Hogan, Mr. Matthew Skiba, Mr. Andres Almendarez, and Ms. Sheri Mecklenburg (attached as Exhibit A) which will ensure that these critical materials remain preserved until secured by defense counsel through the discovery process.

Respectfully submitted,

**/s/ Christopher Parente**
**/s/ Damon M Cheronis**
Cheronis & Parente
140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
*Attorneys for Brian Straw*