UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL RABBITT, et al. | No. 25 CR 693<br><br>Judge April M. Perry |

DEFENDANTS' SUBMISSION REGARDING
THE PENDING MOTION FOR AN ORDER REQUIRING THE
GOVERNMENT TO PRESERVE RELEVANT EVIDENCE

Defendants ANDRE MARTIN, MICHAEL RABBITT, KATHERINE
ABUGHAZALEH, and BRIAN STRAW, by and through their attorneys, respectfully
make the following submission regarding the pending motion for an Order requiring
the government to preserver relevant evidence.

At the hearings before the Court on Thursday, May 21, 2026, the Court
described several instances of significant government misconduct it had discovered
and announced its intention to entertain further motions and to hold hearings on
that misconduct. The following day, Defendant Straw filed a motion asking the
Court to enter an Order directing the government to preserve and maintain all
relevant documents and evidence relating to the misconduct identified by the Court
on May 21, 2026. This appeared to be an extraordinarily modest request, given the
circumstances, and Defendant Martin assumed (1) the government would be doing

that regardless of any motion; and (2) that the government would readily agree to do so. Unfortunately, that optimism was misplaced.

Despite the facts now before the Court about the significant government misconduct that occurred in this case – the discovery of which by the Court led the U.S. Attorney's Office to immediately dismiss the remaining charges against the Defendants – ***the government surprisingly objected to simply preserving the relevant evidence in its possession***. Thus, in a filing late in the day on May 22, 2026, the government filed a written pleading objecting to preserving relevant evidence (Dkt. 193), arguing the Court should not direct it to preserve relevant evidence relating to its now-disclosed misconduct because Defendants do not have standing to ask for such evidence. Thus, the government said, it should not be required to preserve relevant evidence relating to the misconduct now before the Court unless it happens to be required to preserve those records under the general Federal Records Act, 44 U.S.C. Sec. 3101. *Id.*

This response by the government was, to be frank, quite surprising given the circumstances presented, including the substance of the hearings before the Court on Thursday, May 21, 2026. Because the government has taken this position, Defendant Martin feels compelled to state his position on the record so there is no doubt about Defendants' position.

*First*, it is beyond axiomatic that the government has a legal (not to mention moral and ethical) obligation to preserve evidence relating to proceedings that are currently before the Court, including particularly in this case evidence relating to

misconduct the Court has now specifically identified. That the government would object to preserving evidence raises even more red flags. *Second*, the government's position that Defendants have no right to discovery in future proceedings or to participate in any sanctions or other collateral proceedings relating to the government misconduct that led to their indictment and the ordeal of this case is without merit. Of course, as the Court noted in its Order directing a response from the government, the question of "discovery" is for a later date – all that was requested was simply to preserve the relevant evidence.

That said, the government's position that Defendants have no rights or role in any future sanctions proceedings, or other collateral proceedings related to the misconduct that caused them incredible personal, financial, professional, and reputational damage over the past 7-plus months is wrong. And there is no doubt the Court retains jurisdiction to conduct whatever further proceedings and hearings it deems appropriate relating to the misconduct now apparent in this case. See generally, *Young v. United States ex rel. Vuitton et Fils*, 481 U.S. 787, 796-97 (1987) ("federal courts have recognized that contempt authority exists independently from the merits of the underlying proceeding because such authority is necessary to vindicate judicial integrity and enforce compliance with lawful court orders – otherwise "what the Constitution now fittingly calls 'the judicial power of the United States' would be a mere mockery.'"); *id.* (prosecutorial misconduct undermines public confidence in the administration of justice and warrants judicial intervention under the courts' supervisory authority); *id.* at 796 (the Court has "the

ability to appoint a private attorney to prosecute a contempt action"); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending"; unanimously holding courts retain authority to impose sanctions even after a voluntary dismissal of the case; civil context under Rule 11); *Ratliff v. Stewart*, 508 F.3d 225, 229-30 (5th Cir. 2007) (the collateral jurisdiction doctrine permits courts to sanction lawyers, even after a final judgment on the underlying merits. 'It is well established that a federal court may consider collateral issues after an action is no longer pending.'"); *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073. 1079 (7th Cir. 1987)( "The obligation to answer for one's act accompanies the act; a lawyer cannot absolve himself of responsibility by dismissing his client's suit."); *Charbono v. Sumski*, No. 790 F.3d 80, 85-86 (1st Cir. 2015) ("the contempt power is merely one of many inherent powers that a court possesses; it is not the only type of inherent power that can be deployed"); *id.* ("courts may levy sanctions (including punitive sanctions) for such varied purposes as disciplining attorneys, remedying fraud on the court, and preventing the disruption of ongoing proceedings" all separate and apart from formal contempt proceedings).

Again, briefing and decision about what future hearings will take place, and what discovery will be granted to Defendants under the circumstances of this case, are for another day. What can be said now without any doubt, though, is the Motion requesting an Order from the Court directing the government to preserve and maintain all relevant evidence relating to this case and misconduct identified

by the Court (or any other) should be granted – and granted *post haste* given the

government's objection to being directed to doing so.

Respectfully submitted,

**/s/ Nancy L. DePodesta**
**/s/ Carly Alana Chocron**
Taft Stettinius & Hollister LLP
111 E Wacker Dr, Suite 2600
Chicago, IL 60601
312-836-5884
ndepodesta@taftlaw.com
cchocron@taftlaw.com
*Attorneys for Michael Rabbitt*

**/s/ Joshua G. Herman**
Law Office of Joshua G. Herman
53 W. Jackson Blvd., Suite 404
Chicago, IL 60604
312-909-0434
jherman@joshhermanlaw.com

**/s/ Molly Armour**
Law Office of Molly Armour
53 W. Jackson Blvd., Suite 1424
Chicago, IL 60604
773-746-4849
armourdefender@gmail.com
*Attorneys for Katherine Marie Abughazaleh*

**/s/ Terence H. Campbell**
**/s/ Valerie Ann Davenport**
Cotsirilos, Poulos & Campbell, Ltd.
55 E. Monroe Street, Suite 3250
Chicago, IL 60603
312-263-0345
tcampbell@cotsiriloslaw.com
vdavenport@cotsiriloslaw.com
*Attorneys for Andre Martin*

**/s/ Christopher Parente**
**/s/ Damon M Cheronis**
Cheronis & Parente
140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
*Attorneys for Brian Straw*