**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 CR 693 |
| v. | ) | Honorable April M. Perry |
| | ) | |
| CATHERINE SHARP, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CATHERINE SHARP'S
MOTION AND APPLICATION
FOR ATTORNEYS' FEES AND LITIGATION EXPENSES
PURSUANT TO THE "HYDE AMENDMENT," 18 U.S.C SECTION 3006A**

Defendant Catherine Sharp, by and through her attorney Cynthia Giacchetti, and

pursuant to the Hyde Amendment, 18 U.S.C. Section 3006A, and the provisions of the

Equal Access to Justice Act, 28 U.S.C. Section 2412 ("EAJA"), hereby moves and

submits this application for the payment of her attorneys' fees and litigation expenses in

this case.

In support of this Motion and Application (hereinafter "Defendant Sharp's Hyde

Amendment Motion"), Defendant Sharp hereby adopts and incorporates herein

"Defendants' Motion and Application for Attorneys' Fees and Litigation Expenses

Pursuant to the "Hyde Amendment," 18 U.S.C. Section 3006A" recently filed by four of

her co-defendants on June 2, 2026 (Dkt. #201). (Hereinafter "Co-Defendants' Hyde

Amendment Motion Dkt.#201").

DEFENDANT SHARP'S HYDE AMENDMENT MOTION  SHOULD BE DEEMED TIMELY

Catherine Sharp was indicted in this matter on October 23, 2025. Dkt. #1.

On March 13, 2026, the Indictment against Catherine Sharp was dismissed with prejudice. Dkt. #92.

The Hyde Amendment references Section 2412 of the Equal Access to Justice Act (EAJA) as to procedural matters.  Most courts have focused on Section 2412(d), which contains a number of specific procedures, one of which is that the application for fees be filed within thirty days of final judgment in the action[1].

Although Defendant Sharp's Hyde Amendment Motion is being submitted more than thirty days after the dismissal of the Indictment against her, this Court should

---

[1]The Hyde Amendment was contained in Pub.L.105-119, Title VI, Section 617, Nov. 26, 1997, 111 Stat. 2519 and is found in the Statutory Notes to 18 U.S.C. 3006A. Although the Hyde Amendment references Section 2412 of the Equal Access to Justice Act (EAJA) in regard to "procedures and limitations", it does not specify which of the two subsections of the EAJA are to be applied.  Section 2412(b) authorizes an award of attorney's fees and expenses to a prevailing party in civil litigation against the United States to the same extent that any other party would be liable under the common law or under the terms of any statute that specifically provides for such an award. Section 2412(b) does not contain any specific time frame for filing an application for attorney's fees.  Section 2412(d) provides for fees costs and expenses to a party who prevails against the United States unless the position of the United States was substantially justified. Section 2412(d) does contain a 30 day time frame for filing.

In *United States v. Holland,* 34 F. Supp.2d 346, 356-359  (E.D.Va. 1999), vacated in part on other grounds 48 F.Supp.2d 571 (E.D.Va. 1999) the district court analyzed both sections and concluded (1) Section 2412(b) was more appropriate to a Hyde Amendment application; (2) the defendants could elect to proceed under Section 2412(b); and (3)  the defendants were not subject to the procedures and limitations contained in  Section 2412(d). In this initial Hyde Amendment Motion filing Defendant Sharp will address the issues raised by Section 2412(d) of the EAJA. However, Defendant Sharp does not waive her right to elect to proceed under Section 2412(b).

deem the application to have been submitted timely.

The EAJA's thirty-day filing deadline is subject to equitable tolling. *Dobyns v. United States,* 101 F.4th 839, 842-843 (Fed. Cir. 2024); *Townsend v. Comm'r of Soc. Sec.,* 415 F.3d 578, 582 (6th Cir. 2005). And the facts of this case provide a substantial basis for this Court to find that equitable tolling applies and Defendant Sharp's Hyde Amendment Motion should be accepted as timely filed.

First, the prosecutorial misconduct that provides the factual basis for Defendant Sharp's Hyde Amendment Motion was not known to Defendant Sharp during the thirty days following the dismissal of her charges. It was not until this Court received and reviewed certain unredacted grand jury transcripts on or about May 21, 2026, that the misconduct was finally revealed to the Court, much less to the public. *See generally* Tr. 5/21/26 (Dkt. #187). Therefore, it was simply impossible for Defendant Sharp to file a Hyde Amendment Motion within thirty days as she did not know she had a good faith basis to do so.

Second, even as of today's date, Defendant Sharp does not have a copy of the unredacted grand jury transcripts that are critical to this motion or the *in camera* information provided to the four co-defendants who remained in the case after her dismissal order. However, based on the public information that is available, and particularly the Co-Defendants' Hyde Amendment Motion (Dkt.#201) which was filed with this Court approximately three days ago, Defendant Sharp has now filed her Hyde Amendment Motion. This filing has been submitted as soon as reasonably possible under the circumstances.

3

Third, Defendant Sharp made every effort possible during the time she was charged in the case to obtain the grand jury transcripts and any other evidence of prosecutorial misconduct, and she worked jointly with other defendants to obtain such material. As early as December 3, 2025, Defendant Sharp, along with the other defendants, made a specific written request for grand jury transcripts[2]. Defendant Sharp's efforts to obtain grand jury transcripts and related information continued unabated and up until the day the Indictment was dismissed against her, including oral requests and correspondence with the Government. With her co-defendants, she challenged the Government's indictment via a Motion for Bill of Particulars, and the Government's shaky theories of conspiracy. Dkt. #61. Defendant Sharp was working jointly on the Motion to Compel that would be filed on March 13, 2026, just after her dismissal from the case. *See* Dkt. #92 (Dismissal), #94 (Motion to Compel).

Until the day her charges were dismissed, Defendant Sharp consistently sought all relevant information relating to her prosecution. Alongside her co-defendants, Ms. Sharp waged every legal battle against her Indictment. But for her early dismissal from the case, she would have pursued every legal avenue to unearth the grand jury transcripts, fight the conspiracy and assault allegations, and vindicate her rights. Despite her best efforts in aggressively litigating the charges, Defendant Sharp was not able to obtain any information that could have provided a good faith basis for filing a Hyde Amendment Motion within the thirty days after dismissal of her Indictment.

---

[2]See Exhibit A to Co-Defendants' Hyde Amendment Motion Dkt.#94-2, 201-1.

4

Fourth, during and after the time Defendant Sharp was facing Indictment and despite continued efforts by co-defendants, the Government refused to produce the grand jury transcripts that reflected prosecutorial misconduct. In fact, the Government redacted those very materials when submitting the grand jury materials to the Court *in camera*. Dkt. 130. The Court's statements during the May 21, 2026 hearing appear to reflect its own personal surprise and shock at the Government's actions with the grand jury. One cannot expect that Defendant Sharp could have reasonably known or discovered this evidence of prosecutorial misconduct earlier than the Court itself.

Fifth, the government did not simply hide the evidence of prosecutorial misconduct. They made repeated statements denying that anything inappropriate had occurred and disparaged the defense for suggesting that any inappropriate conduct had occurred. The Government's statements were not only false, but were purposely misleading.

Since the time of her initial Indictment, Defendant Catherine Sharp has diligently and aggressively pursued her rights. It was simply impossible for Defendant Sharp to file a Hyde Amendment motion within thirty days of the dismissal of her charges because the government refused her request to produce the grand jury transcripts that contained evidence of prosecutorial misconduct and misled Defendant Sharp by repeatedly asserting that there was no impropriety in her prosecution. The government then redacted evidence of prosecutorial misconduct from the grand jury transcripts submitted to the Court *in camera* in an effort to hide that information from the defendants, the public, and even the Court. This fraudulent concealment was only recently uncovered and the full extent of prosecutorial misconduct in this case remains

5

to be investigated. The extraordinary circumstances described above and in the Co-defendants' Hyde Amendment Motion Dkt. #201 establish that equitable tolling is appropriate in this case and the Court should deem that Defendant Sharp's Hyde Amendment Motion is timely filed.

DEFENDANT SHARP QUALIFIES FOR AND IS ENTITLED TO RELIEF UNDER THE HYDE AMENDMENT

First, Defendant Sharp was the prevailing party in this case. All charges in the Indictment that had been brought against her were dismissed with prejudice by order of this Court on March 13, 2026. Dkt. #92.

Second, Defendant Sharp retained private counsel to represent her in this matter as evidenced by the Appearance Form filed by her attorney, Molly Armour. Dkt. #5. Moreover the docket reflects that Defendant Sharp did not seek nor was she provided with appointed counsel in this case.

Third, Defendant Sharp incurred attorneys fees and litigation expenses in connection with defending the charges brought against her. Counsel for Defendant Sharp will submit an itemized billing statement as required by 28 U.S.C. Section 2412(d)(1)(B) as a supplement to this Motion, *ex parte* and under seal.

Fourth, Defendant Sharp's net worth was less than two million dollars at the time of the Indictment as evidenced by her Pretrial Services Report, which is already of record in this case. Dkt. #33. In the event this threshold is disputed or the Court requires further proof on this issue, Defendant is prepared to provide additional information regarding her financial net worth at the time of the Indictment.

Fifth, as required by the Hyde Amendment, the government's case against Defendant Sharp was "vexatious", "frivolous", and "in bad faith."  In support of this issue, Defendant Sharp initially adopts and incorporates  the statements, discussions, and arguments contained in the previously filed "Co-Defendants' Hyde Amendment Motion and Application" (Dkt. #201.) and seeks additional time to provide further evidence that the government's position was "vexatious," "frivolous," and "in bad faith."

DEFENDANT SHARP SHOULD BE AFFORDED ADDITIONAL TIME TO FURTHER DEVELOP HER CLAIMS UNDER THE HYDE AMENDMENT

 Defendant Sharp requests additional time to further develop the claims that support her request for relief under the Hyde Amendment.

First, Defendant Sharp is now represented by new counsel: Cynthia Giacchetti. Ms. Giacchetti was not personally involved in the previous litigation in this matter, which was both extensive and intense. Ms. Giacchetti obviously needs time to review prior pleadings and transcripts, confer with Defendant Sharp, and confer and coordinate with counsel for co-defendants.

Second, Defendant Sharp has not been provided copies of the grand jury transcripts that have been disclosed to four of her co-defendants during recent proceedings. Defendant Sharp needs and hereby requests copies of those grand jury transcripts, related exhibits, and the redacted versions that were provided to the Court. These grand jury transcripts are obviously crucial to Defendant Sharp's ability to provide evidence supporting her Hyde Amendment claims. There is good cause to share this foundational information with Ms. Sharp, who was indicted by a deeply flawed grand jury process tainted with a cacophony of error, just as her co-defendants.

Third, disclosures relating to the government's actions in this case continue to emerge on an almost daily basis. Most recently a Special Report of the United States Attorney's Office admits that the United States Attorney personally addressed the grand jurors who returned the Indictment against Catherine Sharp and requested that individual grand jurors who were having difficulty with cases being presented to them raise their hands and identify themselves. Special Report of the United States Attorney's Office for the Northern District of Illinois Regarding Grand Jury Appearances, June 2, 2026, https://www.justice.gov/usao-ndil/media/1443716/dl. These ongoing disclosures require that Defendant Sharp be given additional time to fully investigate and present her claims.

Fourth, on May 26, 2026, the government advised the Court that materials relevant to the prosecution and indictment of the defendants are being retained and preserved. *See* Dkt. #196. It is our understanding that, to date, these materials have not been made available to the defense.

Fifth, as reflected in Co-Defendants' Hyde Amendment Motion Dkt. # 201. at pp. 22-23, the co-defendants who have earlier filed Hyde Amendment claims anticipate (1) seeking access to materials that are subject to preservation but have not yet been produced; (2) filing requests to conduct targeted discovery; (3) introducing additional evidence to support their claims, including at an evidentiary hearing; and (4) filing amended or supplemented motions after further discovery. Defendant Sharp should be allowed to join those actions so as to also further develop her claims.

CONCLUSION

For the foregoing reasons, Defendant Catherine Sharp respectfully moves for an award of her attorney's fees and litigation expenses under the Hyde Amendment; requests that she be provided copies of the grand jury transcripts that have been disclosed to her co-defendants during recent proceedings, related exhibits, and the redacted versions that were provided to the Court; asks the Court to hold this motion in abeyance pending the conduct of discovery on the issues related to Defendant Sharp's Hyde Amendment claims that will further inform this motion and the relief sought herein; and any other relief the Court deems just and proper under the circumstances presented.

Respectfully submitted,

*/s/Cynthia Giacchetti*
Attorney for Catherine Sharp

CYNTHIA GIACCHETTI
Law Office of Cynthia Giacchetti
53 W. Jackson Blvd., Suite 1035
Chicago, Illinois 60604
312-939-6440
cg@cgdefense.com

9