IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | Case No. 25 CR 693 |
| v. | ) | |
| MICHAEL RABBITT, KATHERINE MARIE ABUGHAZALEH, ANDRE MARTIN, CATHERINE SHARP, BRIAN STRAW, and JOSELYN WALSH, Defendants. | ) | Chicago, Illinois<br>June 9, 2026<br>10:00 a.m. |

TRANSCRIPT OF PROCEEDINGS - HEARING
BEFORE THE HONORABLE APRIL M. PERRY

APPEARANCES:

| | |
|---|---|
| For the Government: | HON. ANDREW S. BOUTROS<br>UNITED STATES ATTORNEY<br>BY: MS. DIANE MAC ARTHUR<br>219 S. Dearborn Street, Suite 500<br>Chicago, Illinois 60604 |
| For Defendant Michael Rabbitt: | TAFT STETTINIUS & HOLLISTER, LLP<br>BY: MS. NANCY L. DePODESTA<br>111 East Wacker Drive, Suite 2600<br>Chicago, Illinois 60601 |
| For Defendant K.M. Abughazaleh: | LAW OFFICE OF MOLLY ARMOUR<br>BY: MS. MOLLY ARMOUR<br>53 West Jackson Boulevard, Suite 1424<br>Chicago, Illinois 60601 |
| For Defendant Andre Martin: | COTSIRILOS, POULOS & CAMPBELL, LTD.<br>BY: MR. TERRENCE H. CAMPBELL<br>MS. VALERIE DAVENPORT<br>55 East Monroe Street, Suite 3250<br>Chicago, Illinois 60603 |

APPEARANCES (Cont'd):

For Defendant Brian Shaw: CHERONIS & PARENTE
BY: CHRISTOPHER PARENTE
140 South Dearborn Street, Suite 404
Chicago, Illinois 60603

For Defendant Joselyn Walsh: PEOPLE'S LAW OFFICE
BY: MR. BRAD THOMSON
MS. TAYLEECE PAUL
1180 North Milwaukee Avenue, Third Floor
Chicago, Illinois 60642

For Defendant Catherine Sharp: LAW OFFICE OF CYNTHIA GIACCHETTI
BY: MS. CYNTHIA L. GIACCHETTI1
53 West Jackson Boulevard, Suite 1035
Chicago, Illinois 60604

For Intervenors: MANDELL, P.C.
BY: MR. BRIAN SAUCIER
One North Franklin Street, Suite 900
Chicago, Illinois 60606

Court Reporter: NOREEN E. RESENDEZ CSR, RPR, CRR
Official Court Reporter
219 S. Dearborn Street, Room 1728
Chicago, Illinois 60604
312-582-5267
Noreen.Resendez@gmailind.uscourts.gov

* * * * *

PROCEEDINGS REPORTED BY STENOTYPE
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard in open court:)

THE COURT: Calling case 25CR693, USA vs. Rabbit, et al.

MS. MAC ARTHUR: Good morning, Your Honor. Diane MacArthur on behalf the United States.

MR. CAMPBELL: Good morning, Judge. Terry Campbell on behalf of Andre Martin along with Valerie Davenport.

MR. PARENTE: Good morning, Your Honor. Chris Parente for Brian Straw, who is present and right behind me.

MS. DE PODESTA: Good morning, Your Honor. Nancy DePodesta on behalf of Michael Rabbitt. Mr. Rabbitt is not here in court today.

MS. ARMOUR: Good morning, Your Honor. Molly Armour on behalf of Kat Abughazaleh, who is present. Mr. Herman is at another proceeding and is not able to join us this morning.

MR. THOMSON: Good morning, Judge. Brad Thomson and Tayleece Paul on behalf of Jocelyn Walsh, who is present in court.

MS. GIACCHETTI: Good morning, Your Honor. Cynthia Giacchetti on behalf of Catherine Sharp, who is present.

THE COURT: Good morning, everyone.

MR. SAUCIER: Good morning, Your Honor. Brian Saucier on behalf of the intervenors.

THE COURT: Sorry. I missed you there.

MR. SAUCIER: No problem.

THE COURT: All right. So the three grand jury transcripts have been provided to me with proposed redactions, s all of which were agreed. I was a little surprised to see the witness testimony in there because I was anticipating only having the attorney and grand jury colloquy before me. So I just wanted to chat with you briefly, especially the two defendants who were dismissed out of the case early because I wasn't sure if you had seen it. I know there was some correspondence last night where the government asked permission to provide it to you.

My concerns with the witness testimony are this: These charges against you all have been dismissed. They aren't coming back. These grand jury transcripts, specifically the witness testimony from the FBI agent, who is laying out in a nonadversarial way the government's case against you, if it's released, that will be out there in the world forever. And one of the biggest reasons we keep grand jury transcripts secret at all is to protect people who aren't charged or who aren't convicted from having the government's nonadversarial, one-sided view of the evidence out in the public realm for people who are never then actually convicted.

Given there have been a tremendous number of public statements issued about this case and the government's view of the case since it was dismissed, I think you can expect that if the grand jury transcript is released of the witness, that

will then perhaps be used if the government continues to persist that, you know, the crime was well-founded and the charges were just.

So with that in mind, I'm going to start with the two defendants who did not get a chance to weigh in originally on the disclosure request.

Do you want that FBI agent's testimony released?

MS. GIACCHETTI: Judge, thank you. Everybody made a lot of efforts to get me the materials last night, and I spent some time with them and was able to meet with Ms. Sharp a little bit this morning. I believe we are on board with disclosure the way it has been agreed to between the parties. But I feel I need a little more time to do due diligence, and would ask Your Honor if we could respond by 2:00 o'clock tomorrow, email, call, whatever you would want to do. We need time to go through and be sure that we've done our due diligence to respond to that.

But I believe in general that we are in agreement with what the parties have agreed so far.

MR. THOMSON: Yes, Judge. Similarly, we were able to receive the transcripts late last night. I've been able to review them. I've not been able to discuss them in specific detail with my client yet. I would say, as with the broadest strokes, that it has been the government's one-sided story attacking Ms. Walsh for months on end now, and as part of this

full transparency of exposing the misconduct that led to this attack on her, we want transparency at its forefront. As to the specifics, again, I need to specifically address that with her; but we don't have any objection to and we would join in having a little bit more time to be able to inform the Court of our full position.

THE COURT: Okay. So the only thing that I'm talking about here is the FBI agent's testimony, which was the October 9th transcript. It's basically page 10, line 5 through page 53, line 20. So you are -- anybody and everybody, I mean, anybody else can be heard now; but if everybody wants a chance to think and talk, I'd say let's take a defense submission via writing tomorrow, a filing just briefly stating what your position is with respect to the FBI agent's testimony. Otherwise, I do not have a problem releasing all of the remaining parts. Agent A's testimony is in there twice. That says really nothing about the defendants personally at all, so my concerns about that are really neither here nor there.

The only other issue I had with the proposed redactions was the proposed redaction of the "USA (inaudible)" section, which the U.S. Attorney has already released and talked about in a public statement. So I am a little perplexed as to why we would then redact it out from the transcripts. So I guess I'm curious as to how you all arrived

at that.

MS. MAC ARTHUR: The reason for the redaction, Your Honor, is because it does not -- with those words included, "USA (inaudible)," it does not accurately reflect what was actually said. So rather than release the transcript with words that are inaccurate, the government proposed that the words themselves be deleted. I recognize that there have been statements made, but as Your Honor noted these transcripts will now be out there; and the concern that we had is that we don't want an inaccurate transcript to reflect something that really wasn't said.

MR. CAMPBELL: Judge -- Terry Campbell on behalf of Mr. Martin -- our view is the more sunlight on this case and what led to it the better. He wanted everything released. We still want everything released. We accommodated the government's request to get to an agreement and we said, Fine. You want to redact these particular pieces, we won't oppose that. We want everything released. As to, you know, right, the transcript says what it says. It says "USA (inaudible)." It really is not harmful one way or the other whether that goes out. The U.S. Attorney has made a public statement about his interpretation of it. So from my point of view, I don't care. I think it should go out as it was in the transcript, but I don't care.

THE COURT: Do we think the USA is -- I mean, do we

think that they didn't actually say USA da, da, da or do we think that they did say that and that they just were using an inappropriate shorthand for AUSA?

MS. MAC ARTHUR: Your Honor, two quick things. The words "the USA" were never said. What was said as reflected, I think, in the publicity or the coverage that has been made in the press, was a reference to an individual Assistant U.S. Attorney.

THE COURT: Right.

MS. MAC ARTHUR: So what was said was AUSA Bond, B-O-N-D. We have produced to the defendants the audio from that session and those words "AUSA Bond" are clearly heard.

I also note, Your Honor, that we came before Your Honor at the start of the session with an agreement from the defense attorneys to redact that portion. I'm sensing a slight shift perhaps.

MR. CAMPBELL: There is no shift at all. I said I don't care. I said we agreed to it to accommodate them. I want the audio released too. Let's release the audio. Then everyone can hear what was said.

THE COURT: Let's just start with the transcript.

MR. CAMPBELL: Okay.

THE COURT: Do you agree that it says AUSA rather than -- I think the transcript says "USA (inaudible)." Do we agree that the USA part is actually incorrect as well?

MR. PARENTE: I'm not sure if it's correct or not, Judge. The only reason I think it should be released, if we're going to release it, is that line is what led us to ask the government whether the U.S. Attorney made an appearance.

THE COURT: Right.

MR. PARENTE: So without that mistake, we never would have known that Andrew Boutros actually did have contact with the grand jury. So in the interest of keeping this story in the light and everything else, maybe it should stay because that's sort of what led us to believe that he had contact, even though we were wrong about how he had contact. That's how we got there.

So I have no problem with the public seeing what we saw, which is why we asked whether he had contact. If that makes sense.

THE COURT: It does. I'm going to go ahead and have it released. I mean, I think the record is quite clear at this point. A, that the transcript says it; B, that the U.S. Attorney objects; and now, C, the parties seem to agree that either we can't tell or it is perhaps overtly wrong.

If you all want to add some type of notation on the transcript that it's under review or discussion or you've asked for an errata, I have no objection to that either. To the extent you can get an errata on a grand jury transcript, which I am not sure about either.

MR. CAMPBELL: Right. The best evidence is the audio. So we should get to that pretty soon, right? I mean, if the question is what actually was said, release the audio.

THE COURT: Well, I don't know if anybody has a question. You all said you can't tell. But can you actually tell not what it says or have you not just listened to it closely enough?

MR. CAMPBELL: I have not listened close enough to come to a definite conclusion on that.

MR. PARENTE: But I do know that in the -- what they're calling the Special Report, the Boutros Special Report, he included his own transcript, so that's out there as well. It's not official but that's --

THE COURT: He also makes it perfectly clear what the transcript says, frankly.

MR. PARENTE: Yeah, so ...

THE COURT: Okay. Is there anything else? Obviously, I know you want the audio. You also want a lot of other things, so we will get to that in due course. We have our briefing schedule set.

Anything else we should talk about now.

MS. GIACCHETTI: Judge, you mentioned two specific pages and lines. Can you give me those again?

THE COURT: It's the FBI agent's testimony, which I have down as going from on October 9th, 2025, page 10, line 5

through page 53, line 20.

MS. GIACCHETTI: Thank you.

THE COURT: With all of that said, I will order the release of all of the remaining parts of the grand jury transcripts as soon as you all can get together and make the redactions actually happen. I think that is appropriate under Rule 6, given all of the requests that have been made, the fact that there is agreement of the parties, the fact that there is limited secrecy value in AUSA colloquy with the grand jurors, the fact that the charges have been dismissed, as well as the fact that we do have a great deal of interest in transparency here.

So you had all proposed redacting them, uploading them under seal, and then me unsealing them. Is there a reason that we're doing that rather than you all just uploading the redacted version?

MR. CAMPBELL: We are happy to do that. We wanted to make sure we accommodated whatever your view is of the proper way to release. We are happy to file it publicly.

THE COURT: So make sure you all agree on what is getting filed publicly. And then one or either both, I don't care, who uploads it.

MR. CAMPBELL: So I think on our side we have it in ready form and whatever other changes need to be made, will be made. We'll file it as soon as we have an order from the

Court allowing us to do it, which should be pretty -- tomorrow.

THE COURT: Okay. Well, I can do today everything except the FBI agent's testimony.

MR. CAMPBELL: Got it. Thank you.

THE COURT: Okay. So I'll issue that order today leaving out for now the FBI agent's testimony. You all file tomorrow sometime your positions on the FBI agent's testimony, and then I will issue a separate minute order about that to follow.

MR. CAMPBELL: Can I raise one other topic? We filed things that were, you know, have a fair amount of detail in them, including the request for discovery. I think the dates that got set may not have anticipated us filing them when we did. Is there any sense to making the briefing schedule a little tighter than it is right now?

THE COURT: You all tell me. I don't even know that we reached your initial filing deadline, have we?

MR. CAMPBELL: Right. I don't think we have. There is a discovery motion that is out there in the Hyde petition. The Hyde petition itself, I don't think, needs to have a response, right. We have asked that that be held in abeyance. But the discovery motion, I think there is no reason to wait another 30 days to get a response on that. Given that it is filed and it is out there. So I would ask for a tighter

briefing schedule on that.

What we have, at least on my calendar, is next week a filing from us on the standing issues with respect to, you know, our ability to have a seat at the table in further proceedings here. So we're planning to meet that deadline.

But, you know, given that we did put together the discovery motion quickly and it's ready to be briefed, I'm hoping that we can get a response sooner than, whatever it is, early July is the current date.

THE COURT: My goal was to have every single thing on one briefing schedule for the simple reason that I think some of these things could either moot themselves or to the extent that we have separate parallel proceedings with some other investigative body, I want to be able to think about all of those as a uniform whole. I don't think it makes sense if we're going to have that type of process going on to also have you all going forward on discovery. It can make it quite messy.

So if you are willing to get absolutely everything on file earlier, then we can advance up the government's briefing schedule on absolutely everything.

MR. CAMPBELL: So what we have -- now what we have is everything with the exception of our standing motion or standing brief, which is due next Tuesday, I think. And so we all know that everything is going to be on file by next

Tuesday, if we can set dates from that point.

THE COURT: So really what you're asking for is the government's schedule to be shorter?

MR. CAMPBELL: And our reply to be shorter too, Judge.

THE COURT: Well you are always welcome to file things before they are actually due. Just because I set a deadline doesn't mean it's the date you have to file on.

Let me ask Ms. MacArthur you've seen, it sounds like, the vast majority of what is going to be filed. Are you able and willing to meet a shorter timeline or do you feel like you'll need the full time that you requested?

MS. MAC ARTHUR: I can't answer the second question, Your Honor, because I have not seen the full briefing yet. I will say that I think it's very important to keep these together, which is to say, for the government to be able to respond to the entirety because I do see, even from that which has been filed to date, these are interconnected matters. And so I do object to now splintering off that which has been filed from what is yet to come.

I don't know yet when it is that they're going to be filing whatever remains. So at that time, if it is appropriate for us to be given less time to respond under the original schedule, then I would ask that that be considered whenever we get the full briefing.

THE COURT: How about you all meet and confer on Tuesday or Wednesday after they've seen what you have filed. If you all can agree to a shorter time frame, I'm more than willing to enter it.

MR. CAMPBELL: Thank you, Judge.

THE COURT: Anything else?

MR. THOMSON: Yes, Judge. As co-counsel was mentioning or counsel for co-defendants was mentioning, they have -- the remaining four have the audio, which we do not, that they're seeking to have released, so I would ask that we also receive that in a -- to allow us to be able to digest that and have an opinion should there be discussion about releasing that in the future, so I don't have it at a last-minute court date like this again.

THE COURT: Any objection?

MS. MAC ARTHUR: No, Your Honor.

THE COURT: You can have the audio as well.

MR. CAMPBELL: Is it okay if we provide it to them? That will be the quickest.

THE COURT: That is fine.

MR. CAMPBELL: Great. Thank you, Judge.

THE COURT: Anything else?

THE GOVERNMENT: Nothing from the government, Your Honor.

THE COURT: Thank you, all.

(Proceedings concluded at 10:22 a.m.)

* * * * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/Noreen E. Resendez                    *June 10, 2026*

Noreen E. Resendez, CSR, RPR, CRR                    Date
Official Court Reporter