**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CR 693 |
| | ) | |
| MICHAEL RABBITT, | ) | Judge April M. Perry |
| KATHERINE MARIE ABUGHAZALEH, | ) | |
| ANDRE MARTIN, BRIAN STRAW, | ) | |
| and CATHERINE SHARP | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' POSITION ON DISCOVERY FOLLOWING DISMISSAL**
**AND DURING PENDENCY OF THEIR HYDE AMENDMENT MOTION**

On May 26, 2026, the Court ordered briefing on the issue of Defendants'
Michael Rabbitt, Katherine Marie Abughazaleh, Andre Martin, Brian Straw, and
Catherine Sharp ("Defendants"), "standing, possible sanctions, and right to discovery
at this stage of proceedings." (Dkt. #196). This pleading addresses the issue of
Defendants' entitlement to discovery.[1] For the reasons set forth in Defendants'
pending Hyde Amendment Motion (Dkt. #201) and related Motion to Conduct
Discovery (Dkt. #206), Defendants have standing to seek and obtain discovery to
advance and fully develop their Hyde Amendment claims, both in relation to

---

[1] Issues related to sanctions and contempt will be addressed in separately filed pleadings. As
such, this submission does not touch on the important public interest issues that will be
served by pursuing sanctions and contempt, including through the appointment of a special
counsel who would be charged with investigating the extent of the government's misconduct.
Moreover, Defense counsel are uniquely positioned to assist in such proceedings due to their
unique knowledge of what transpired both on and off the record with the AUSAs who have
appeared in this case.

anticipated negotiations with the government, which has recently informed Defendants' counsel that it will not contest that they are entitled to recover their attorney's fees and costs, or through litigation, if the parties' good-faith negotiations on the amount of those fees and costs do not yield a full and fair settlement.

More specifically, on June 2, 2026, Defendants filed their Motion and Application for Attorneys' Fees and Litigation Expenses Pursuant to the "Hyde Amendment," 18 U.S.C. §3006A. (Dkt. #201). That motion detailed the serious misconduct that prosecutors repeatedly engaged in before the grand jury, which they hid from Defendants, and then mislead the Court about on multiple occasions.

Defendants' Hyde Amendment motion also highlighted how, along with the grand jury transcripts, Defendants also requested details about how the prosecutors selected them, including all communications with officials from Main Justice and the White House. The government labelled Defendants' requests for such communications as "frivolous," just as it minimized Defendants' requests for the grand jury transcripts that it so desperately tried to bury. Defendants' Hyde Amendment motion also highlighted how Defendants were entitled to discovery for "good cause shown." (Dkt. 201, p. 14, citing *United States v. Terzakis*, No. 13 CR 339, 2016 U.S. Dist. LEXIS 110553, at *31 (N.D. Ill. Aug. 19, 2016)).

On June 4, 2026, Defendants filed a Motion for Leave to Conduct Discovery to support their Hyde Amendment motion. (Dkt. 206). That motion provided additional argument why Defendants were entitled to discovery to "guarantee the Defendants a full and fair opportunity to demonstrate the bad faith, vexatious, and/or frivolous

2

nature of this misguided prosecution." (Dkt. 206, p. 1). The discovery motion reiterated the case law supporting Defendants' entitlement to discovery to support their Hyde Amendment Motion. (*See id.*, pp. 2-3, citing *United States v. Gardner*, 23 F.Supp.2d 1283 (N.D.Okla.1998); *United States v. Gugnani*, 178 F.Supp.2d 538 (D. Md. 2002); *Terzakis*, 2016 U.S. Dist. LEXIS 110553 (N.D. Ill. Aug. 19, 2016)).

Defendants also spelled out specific and targeted discovery requests regarding the materials presented to the grand jury; the decisions to indict the six defendants—which include communications with officials in Washington D.C., specifically Associate Deputy Attorney General Aakash Singh or Acting Attorney General Todd Blanche; the decisions to cover-up the grand jury misconduct; and other grand jury issues related to immigration-related cases. (Dkt. 206, pp. 5-8). The Court acknowledged these filings and kept the briefing schedule as set on May 26, 2026.[2]

On June 5, 2026, counsel for the Civil Division of the U.S. Attorney's Office emailed defense counsel that the government had decided it would not contest that Defendants are entitled to their legal fees, albeit "without admitting or conceding to the fact." The government asked defense counsel to provide information contemplated by local rules to engage in good faith discussions on the amount of fees and related expenses. Defense counsel fully intend to provide this information and to engage in those good faith discussions to reach agreement on the amount. However, as

---

[2] Additionally, counsel for defendant Catherine Sharp filed her own Hyde Amendment petition (Dkt. 210) and motion to join Defendants' discovery motion (Dkt. 211). The Court acknowledged those filings and aligned them with the previously set briefing schedule on the issue of standing, possible sanctions, and the right to discovery. (Dkt. 215). Counsel for Sharp therefore joins in this pleading.

noteworthy and rare as it is, the government's acknowledgment that Defendants are entitled to recover their legal fees does not end the issue of discovery that is authorized under the Hyde Amendment. If anything, the government's recognition that Defendants are entitled to their legal fees supports the need for fuller discovery.

Indeed, while counsel for Defendants appreciate and accept the government's commitment that they are entitled to recover legal fees, the government has not yet committed to the amount of legal fees it will pay. While defense counsel do not question government civil counsel's intentions to engage in good faith discussions, both parties should have the same questions that can be answered through the proposed discovery requests that are on file. For example, it is meaningful information for both sides to know if the prosecutors or anyone else in the U.S. Attorney's office had any contact or communications with Main Justice or White House officials about this case and the Defendants.

Put simply, answering that and other questions, which are outlined in Defendants' Motion for Leave to Conduct Discovery (Dkt. #206), would advance the parties' good faith negotiations over the relief Defendants are entitled to pursuant to their Hyde Amendment claim. Transparency is essential—to serve the interests of both sides—given the facts that led us to this point.

The case law cited in Defendants' Hyde Amendment pleadings clearly entitle Defendants to discovery. The unique and extremely troubling facts of this case— including the government's efforts to hide facts and block factual inquiry—demand that full discovery occur.

4

Respectfully submitted,

**/s/ Nancy L. DePodesta**
**/s/ Carly Alana Chocron**
Taft Stettinius & Hollister LLP
111 E Wacker Dr, Suite 2600
Chicago, IL 60601
312-836-5884
ndepodesta@taftlaw.com
cchocron@taftlaw.com
*Attorneys for Michael Rabbitt*

**/s/ Joshua G. Herman**
Law Office of Joshua G. Herman
53 W. Jackson Blvd., Suite 404
Chicago, IL 60604
312-909-0434
jherman@joshhermanlaw.com

**/s/ Molly Armour**
Law Office of Molly Armour
53 W. Jackson Blvd., Suite 1424
Chicago, IL 60604
773-746-4849
armourdefender@gmail.com
*Attorneys for Katherine Marie Abughazaleh*

**/s/ Terence H. Campbell**
**/s/ Valerie Ann Davenport**
Cotsirilos, Poulos & Campbell, Ltd.
55 E. Monroe Street, Suite 3250
Chicago, IL 60603
312-263-0345
tcampbell@cotsiriloslaw.com
vdavenport@cotsiriloslaw.com
*Attorneys for Andre Martin*

**/s/ Christopher Parente**
**/s/ Damon M Cheronis**
Cheronis & Parente
140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
*Attorneys for Brian Straw*

**/s/ Cynthia Giacchetti**
Law Office of Cynthia Giacchetti
53 W. Jackson Blvd., Suite 1035
Chicago, Illinois 60604
cg@cgdefense.com
312-939-6440
*Attorney for Catherine Sharp*

5