UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL RABBITT, KATHERINE MARIE ABUGHAZALEH, ANDRE MARTIN, BRIAN STRAW, and CATHERINE SHARP | No. 25 CR 693<br><br>Hon. April M. Perry |

**GOVERNMENT'S NOTICE OF CORRECTION**

The government wishes to clarify one factual representation made to former Defendants' counsel via email, which counsel included in their reply and attached to their filing. It is doing so at least in part because former Defendants have levied what could be construed as various accusations against an Assistant United States Attorney who responded to discovery requests they made.

More specifically, as reflected in Exhibit A to former Defendants' Reply (R. 255-1), on July 15 and July 27, 2026, counsel for former Defendants emailed an AUSA on this matter to identify communications (which the government maintains are privileged) between the United States Attorney's Office and U.S. Department of Justice in Washington D.C. ("Main Justice") related to this case. Because the AUSA was not involved in any such communications with Main Justice and had no personal knowledge of such communications, the AUSA presented counsel's requests to the Front Office of the U.S. Attorney's Office. The First Assistant United States Attorney directed the AUSA to respond to counsel by referencing the government's August 4, 2026, response brief, which among other things, stated:

> The Front Office is not aware of any communications in which it took direction from anyone outside the U.S. Attorney's Office regarding its decisions as to what investigatory steps the local prosecution team would take or who the local prosecution team would charge when prosecutors went into the grand jury to indict this case.

R. 247 at 40-41 at n. 15.

On August 11, 2026, former Defendants' counsel emailed again asking whether there were other communications between the Front Office and Department of Justice officials concerning this case that did not involve "direction." R 255-1 at 3. The AUSA consulted with the First Assistant United States Attorney, who misunderstood this request as relating to communications that predated the charging decision made by the U.S. Attorney's Office locally. Accordingly, after consulting with the United States Attorney, the First Assistant United States Attorney directed the AUSA to respond to former Defendants' counsel by referencing a September 27, 2025, virtual meeting in which a video of the incident in question was played and the incident discussed but the identities of the individuals in the incident were unknown to the U.S. Attorney's Office.

That response did not accurately answer former Defendants' request because, as the government has previously stated, there were communications with Main Justice *after* the charging decision had been made by the U.S. Attorney's Office locally. *See* R. 110 at 3, 4 n.2; R. 247 at 3, 40-41 n.15. There are no communications between the U.S. Attorney's Office and the White House regarding this matter.

The government's mistaken response came from the First Assistant United States Attorney and not the AUSA who responded to the inquiry. The government wishes to clarify the record on this point to avoid any unfounded accusations against the AUSA who emailed with counsel. There was no intention to hide or withhold any information from the AUSA communicating with former Defendants' counsel.

Respectfully submitted.

ANDREW S. BOUTROS
United States Attorney

By: s/ *Jason A. Yonan*
First Assistant United States Attorney
219 S. Dearborn St., Rm. 500
Chicago, IL 60604
(312) 353-5300

Dated: September 25, 2026