**U.S. Department of Justice**

*950 Pennsylvania Ave, NW - RFK*
*Washington, DC 20530*

November 9, 2026

***VIA Email***

The Hon. April M. Perry
United States District Judge
United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 S Dearborn St
Chicago, IL 60604

RE: *United States v. Rabbitt,* No. 1:25-cr-693 (N.D. Ill.)

Dear Judge Perry:

The Court requested that "[a]ny claims of privilege may be made in a privilege log accompanied by a legal memorandum explaining what privilege is claimed and how it applies in the context of a sanctions / contempt inquiry by the Court." ECF No. 276. The United States' position is that the privileges it has asserted do not apply any differently in this inquiry than they would in ordinary litigation. *See In re Grand Jury Subpoena*, 218 F. Supp. 2d 544, 553, 561 (S.D.N.Y. 2002) (applying balancing of interests analysis in case involving alleged government misconduct).

To illustrate, the Seventh Circuit noted that a judge's inquiry regarding purported irregular conduct by prosecutors, which would entail examination of "deliberations" among prosecutors, concerned "intra-office conversations and memoranda that . . . are covered by multiple privileges." *In re United States*, 398 F.3d 615, 61 (7th Cir. 2005). "[F]ederal judges may not insist that prosecutors reveal deliberative or pre-decisional materials." *Id.* The necessary implication is that ordinary privilege rules apply in this context. A contrary result—where privileges suddenly disappear whenever a judge decides to conduct an inquiry—would seriously undermine the separation of powers.

The United States has asserted the deliberative process privilege to withhold communications in which officials deliberate over: the strength of the evidence as to particular suspects; whether to proceed with an unsealed or sealed indictment; strategy relating to publicization of the indictment; the timing of arrests; and other strategic litigation decisions. The United States has also asserted the attorney work product doctrine to withhold draft documents, as well as written legal and factual analysis concerning several issues in this case.

The deliberative process privilege applies to "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)). "To encourage candor, which improves decisionmaking, the privilege blunts the chilling effect that accompanies the prospect of disclosure." *Id.* "The 'ultimate purpose' of the deliberative process privilege is 'to prevent injury to the quality of agency decisions.' It reflects the view that if agencies were "to operate in a fishbowl, the frank exchange of ideas and opinions would cease and the quality of administrative decisions would consequently suffer." *Waterman v. Internal Revenue Serv.*, 61 F.4th 152, 157 (D.C. Cir. 2023) (internal citations omitted).

Here, the deliberative process privilege applies to all the withheld documents, which concern deliberations comprising part of a process by which government decisions were made in and relating to this case. To give one example, communications related to how to respond to press or media coverage of an ongoing criminal matter, or whether an indictment would be filed under seal or not, are prototypical communications that the deliberative process privilege protects.

The attorney work product doctrine "protects" from disclosure the "mental processes of the attorney." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (quoting *United States v. Nobles*, 422 U.S. 225, 238 (1975)). It also protects materials prepared by an attorney for use in litigation. *F.T.C. v. Groier Inc.*, 462 U.S. 19, 24 (1983) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947). Here, a discussion of evidence and the charges it supports by any attorney is the exact type of information shielded by the attorney work product doctrine.

Finally, the United States has asserted the Law Enforcement Privilege to withhold communications revealing strategic and operational decisions regarding the timing of arrests. *See Harrison v. City of New York*, 817 F. Supp. 3d 132, 149 (E.D.N.Y. 2025) ("[T]he purpose of the law enforcement privilege is to prevent disclosure of law enforcement techniques and procedures . . . ." (quotations omitted)).

***/s Stanley E. Woodward, Jr.***

Stanley E. Woodward, Jr.
Associate Attorney General
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Stanley.woodward@usdoj.gov