**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

UNITED STATES OF AMERICA
Plaintiff,
v.
Case No.: 1:25−cr−00693
Honorable April M. Perry
, et al.
Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, November 10, 2026:

MINUTE entry before the Honorable April M. Perry: The Court acknowledges receipt of the Government's submissions on 11/9/2026. The Court notes that while production was optional under the Court's order, the form of production was not. For example, the Court ordered that electronic records "must be produced with all associated metadata (for both emails and attachments) including read receipts, delivery status, and message tracking logs." See Doc. 276. The two 1−page emails that the Government produced were in pdf format, which does not provide any metadata about the email or attachment, including any indication as to whether or when they were read. As the Court explained in detail in its 11/2/2026 Order, the point of requesting the 10/14/2025 email and attachment was to provide corroboration for U.S. Attorney Boutros' claim that he had not read them. See Doc. 287 at 4. The Government's chosen manner of production thus sheds no light on the only relevant issue. As another example, the Court ordered that "[i]f an email is part of an email chain, all versions of that chain must be produced" and that in the alternative a privilege log could be produced. See Doc. 276. The privilege log was to include "[a]t a minimum... the author, recipient, all parties who received copies of the document, the date of the document, subject, and a short summary." Id. The Government's privilege log does not provide any author or recipient, instead providing a single entry for "email exchange[s]," without any indication as to how many emails were part of an "exchange," who authored and received each of them, or which participants were involved in which emails. Therefore, the privilege log is noncompliant with the Court's order, in addition to being inadequate to establish any claims of privilege, which must be made on a document−by−document basis. See U.S. v. White, 950 F.2d 426, 430 (7th Cir. 1991). If these deficiencies were inadvertent, a revised production may be made by 11/12/2026 at 3:00 p.m. Finally, on an unrelated topic, the Court notes that the Courtroom Deputy has not heard from any of the parties about an agreement to move the hearing date. Given the staffing and security that will be required for the hearing, any email request from the parties to move the hearing must be made by 12:00 p.m. on 11/13/2026. Mailed notice. (jcc,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.