**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL RABBITT, KATHERINE MARIE ABUGHAZALEH, ANDRE MARTIN, BRIAN STRAW, AND CATHERINE SHARP,<br><br>Defendants | No. 25 CR 693<br>Hon. April M. Perry |

**MOTION FOR CLARIFICATION OF ORDER ADDRESSING GOVERNMENT'S RESPONSE TO OCTOBER 9 REQUEST FOR EVIDENCE**

The Court has ordered the United States Attorney for the Northern District of Illinois, and three Assistant United States Attorneys in that office, to provide live, sworn testimony at an evidentiary hearing currently set for November 16, 2026. ECF No. 287 at 5. The United States respectfully requests clarification as to what law authorizes that hearing and any further non-adversarial process the Court is considering. *See id.* (explaining that the Court is considering "the appropriate next steps" in this case). Because the answer may impact the rights of the subjects of the Court's inquiry, clarity is crucial.

At the October 1 hearing, this Court recognized the importance of not "conflat[ing] . . . contempt" with the Court's "inherent authority to sanction abuse of the judicial process and litigation misconduct." Tr. 51:23–52:7. But at the same time, the Court appears to be conducting an investigation with an eye towards potential criminal contempt proceedings. *See* ECF No. 276 (explaining that the purpose of the Court's request for evidence is to "aid [the Court] in making findings of fact regarding potential sanctions *or criminal contempt*" (emphasis added));

*see also* ECF No. 287 at 5 (confirming that the Court is considering using the requested evidence and any testimony "at the November 16 hearing" as a basis for "factual findings" on criminal contempt).

The Seventh Circuit has cautioned against such an approach. Under Rule 42(a)(2) of the Federal Rules of Criminal Procedure, "[t]he Court *must* . . . appoint" a prosecutor to pursue any criminal contempt proceedings (emphasis added). Thus, "[i]n the rare situations when a prima facie case of criminal contempt has been made out, and the contempt is not committed in the judge's presence . . . , the judge must turn the matter over to a prosecutor rather than assume an inquisitorial role inappropriate to the Judicial Branch." *In re United States*, 398 F.3d 615, 618 (7th Cir. 2005). The "fundamental problem" with the proposed inquiry is that the Court is seeking information from a U.S. Attorney (and certain Assistant U.S. Attorneys) concerning "deliberations among his staff" or other Department information that is "covered by multiple privileges," including "[h]ow the United States reaches its litigating positions, who said what to whom within the prosecutor's office, and so on." *Id.* Although "[j]udges are often tempted to seek a larger role in the conduct of litigants that appear before them," "especially . . . for a judge who spent many years as a prosecutor before donning the robe," this "temptation must be resisted in order to maintain separation between the executive and judicial roles." *Id.*

After all, criminal contempt is a "crime in the ordinary sense," *Bloom v. Illinois*, 391 U.S. 194, 201 (1968), and the investigation and prosecution of crimes is a core *executive* function, *United States v. Texas*, 599 U.S. 670, 679 (2023). Indeed, the Supreme Court has stressed that "the Executive Branch has 'exclusive authority and absolute discretion' to decide which crimes to investigate and prosecute." *Trump v. United States*, 603 U.S. 593, 620 (2024). Prosecutorial discretion includes "what methods of investigation should be used, what information will be

sought as evidence, [and] which persons should be charged with what offenses." *Young v. United States ex rel. Vuitton et Fils SA*, 481 U.S. 787, 807 (1987). So it is well settled that, save for summary contempt—undisputedly not at issue here—it is "plain error for a judge to act as both prosecutor and decision maker" in a criminal contempt proceeding. *Cromer v. Kraft Foods N.A., Inc.*, 390 F.3d 812, 820 (4th Cir. 2004).

Referral to a prosecutor is thus required not only for any ultimate contempt prosecution, but also for "any investigative activity" in relation to such a contemplated prosecution. *Young*, 481 U.S. at 801–02; *see also United States v. Neal*, 101 F.3d 993, 996 (4th Cir. 1996) (district court erred by presiding over a hearing to investigate a potential criminal contempt and "deciding himself which witnesses would testify"). Of course, the United States does not view any criminal referral or other criminal proceedings as necessary or proper. But in all events, the Court itself cannot act as prosecutor in—or in anticipation of—such proceedings.

Along the same lines, this Court may not sidestep essential procedural safeguards applicable to criminal proceedings (above and beyond privileges that apply regardless, as explained in the Department's November 9, 2026, submission) by purporting to act under its inherent power. "[W]hen a court uses its inherent powers to impose sanctions that are criminal in nature, it must provide the same due process protections that would be available in a criminal proceeding," including "an independent prosecutor, a jury trial or a standard of proof beyond a reasonable doubt." *See F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1139 (9th Cir. 2001); *Plaintiffs' Baycol Steering Committee v. Bayer Corp.*, 419 F.3d 794, 808 (8th Cir. 2005) (collecting similar authorities).

To be sure, the Court might not yet have determined the nature of the contemplated proceedings due to a desire to gather additional information. But when it comes to the rights of

the subjects of this inquiry, that is precisely the problem. No authority exists for a federal judge to hold a mini-trial dedicated to uncovering and assessing evidence with criminal sanctions on the table. A judge cannot simultaneously act as an investigator entitled to discovery; a prosecutor who interrogates witnesses; and a judge who issues rulings on, *e.g.*, privilege objections—all ostensibly to decide whether there is a basis for a Rule 42(a)(2) referral. Such a freewheeling, quasi-inquisitorial, quasi-prosecutorial "inquest" is wholly foreign to the separation of powers. *In re United States*, 398 F.3d at 617. If the Court does not think it currently has sufficient evidence for a Rule 42 referral, but also does not think it can attain such evidence without conducting an improper inquiry, the solution, however unsatisfying, is to simply not conduct the inquiry and leave the matter to the Executive Branch.

Failure to clearly convey the nature of the proceedings also threatens the rights of the persons subject to them. Indeed, compelling the production of evidence and testimony against the backdrop of potential prosecution can create due process problems. *Cf. United States v. Kordel*, 397 U.S. 1, 11–12 (1970) (indicating concerns "with a case where the Government has brought a civil action solely to obtain evidence for its criminal prosecution or has failed to advise the defendant in its civil proceeding that it contemplates his criminal prosecution").

In sum, the Court has presented the United States Attorney and his subordinates with a Catch-22. They can testify and risk prosecution, or they can assert their rights under the Fifth Amendment and risk antagonizing the Court, while it may also be considering non-contempt sanctions. Accordingly, the United States respectfully requests that the Court clarify whether the scheduled hearing is part of an already-existing or contemplated criminal proceeding. Even to the extent the Court does not contemplate a criminal referral, the United States respectfully requests that the Court clarify how the Court would safeguard the rights of witnesses insofar as the

Department could use any testimony in a hypothetical prosecution irrespective of any Court referral. Given these questions, the Court should also consider limiting or forgoing entirely this inquiry, because requiring prosecutors to testify about privileged matters with the specter of potential criminal prosecution looming is untenable. That is true no matter how unwarranted such a prosecution would be and regardless of the prosecuting authority.

Respectfully submitted,

Dated: November 10, 2026

*/s/ Henrique Carneiro*
Stanley E. Woodward, Jr.
*Associate Attorney General*
Henrique Carneiro
*Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for the United States of America*