**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL RABBITT, KATHERINE MARIE ABUGHAZALEH, ANDRE MARTIN, BRIAN STRAW, AND CATHERINE SHARP,<br><br>Defendants | No. 25 CR 693<br>Hon. April M. Perry |

**MOTION FOR APPOINTMENT OF SPECIAL MASTER**
**TO ADJUDICATE PRIVILEGE ASSERTIONS**

The United States moves for the referral to a special master or an otherwise disinterested judicial officer to conduct preliminary rulings on privilege in advance of the hearing currently scheduled for December 2, 2026. *See Bergstrom, Inc. v. Glacier Bay, Inc.*, 2012 WL 787240, at *10 (N.D. Ill. Mar. 9, 2012) ("Federal courts have the inherent power to appoint special masters to aid judges in the performance of specific duties."); *see also In re Search Warrant Dated Nov. 5, 2021*, 2021 WL 5845146, at *1 (S.D.N.Y. Dec. 8, 2021) ("Courts . . . have appointed special masters pursuant to Federal Rule of Civil Procedure 53(a)(1)(C) and pursuant to their 'inherent and equitable powers and authority.'").

The Court has stated it is inquiring into "the grand jury transcripts at issue in this case and the redactions to those transcripts, the accuracy of statements made to the court regarding communications with those outside of the USAO about this case, USA Boutros's statements to the Court on May 21, and prosecutors' repeated failures to correct the Court's stated misconceptions about the aforementioned matters," ECF No. 287 at 5, in aid of "findings of fact regarding potential

sanctions or criminal contempt," ECF No. 276. On October 1, 2026, the Court held a hearing at which it observed, "the questions presented could affect not only the individual law licenses of the AUSAs who have been implicated, but also the possibility of a criminal prosecution." ECF No. 271 at 4:14-17. The Court summed up its "sole focus" as "misconduct that occurred before me and whether that misconduct, if it exists, constituted a crime, or if not, something that should otherwise be sanctioned." *Id.* at 51:3-7. Thereafter, the United States sought clarification on what authorized the Court to conduct an investigation that could implicate the due process protections afforded to the subject of any criminal investigation – clarification the Court dismissed as "immaterial." ECF No. 311. The United States then sought a protective order which would circumscribe the scope of testimony at the December 2 hearing to ensure preservation of all applicable governmental privileges. ECF No. 315. The Court then held a status conference on November 16 at which it noted that, "those testifying [at the forthcoming evidentiary hearing] may want to explain their actions by way of deliberations or opinions or conclusions that they reached," and that the Court, "would hope that the Department of Justice . . . wouldn't take the position that that's privileged." ECF No. 321 at 6:10-22. In short, it is beyond dispute that the Court plans to take testimony of the United States Attorney and three AUSAs as part of an Article III criminal contempt inquiry and that a neutral arbiter is required to rule on privilege disputes that may arise in said inquiry.

During the November 16 status conference, the Court invited each intervenor AUSA to submit, by November 20, an in-camera proffer of their testimony, noting whether the government has objected to any portion of the statement as privileged. *Id.* at 8:11-16; *see also* ECF No. 317. The government anticipated it would object to the Court itself reviewing "the actual information that we would assert privilege over," given that the Court is wearing the "dual hats" of investigator

and judge. ECF No. 321 at 11:21-12:8. To that end, the government raised the possibility that "the appropriate decisionmaker would potentially be one of your colleagues as opposed to yourself." *Id.* at 13:1-12. The Court invited the government to submit "any caselaw on point." *Id.* at 13:13-14.

"[A]ll courts[,] when invoking their inherent powers, . . . must comply with the mandates of due process." *In re Markus*, 78 F.4th 554, 565 (2d Cir. 2023) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)). "Responsibility for deciding the question of privilege lies in an *impartial independent* judiciary—not in the party claiming the privilege and not in a party litigant," indeed it would be "against all concepts of impartial justice" to hold otherwise. *NLRB v. Capitol Fish Co.*, 294 F.2d 868, 876 (5th Cir. 1961) (emphasis added).

Applying that principle, this Court, having assumed the roles of investigator and prosecutor in addition to its native function as decisionmaker, cannot be the one to rule on the government's privilege assertions. As several Courts have explained, it is inconsistent with fundamental fairness to accumulate the judicial power to decide questions of privilege, and the executive power to prosecute or investigate, in the same entity. *See, e.g.*, *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 176-77 (4th Cir. 2019) (recognizing this "nondelegation principle"); *NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 498-500 (4th Cir. 2011) (similar); *NLRB v. Detroit Newspapers*, 185 F.3d 602, 606 (6th Cir. 1999) (error for district court to "delegate" the duty of deciding privilege questions to an ALJ). Although these cases held that *executive* officials may not inherit the additional judicial duty of deciding questions of privilege, the principle applies equally here: the Court has assumed an executive-branch function, so unless it abandons that function, it may not also retain the judicial power to rule on questions of privilege. Once privileged

information is disclosed, that bell cannot be unrung. *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 761 (D.C. Cir. 2014) ("[T]he cat is out of the bag.").

Furthermore, at least one federal court has appointed a special master to "ensure the 'perception of fairness'" in the adjudication of privilege disputes. *In re Search Warrants Executed on April 28, 2021*, 2021 WL 2188150, at *2 (S.D.N.Y. May 28, 2021) (quoting *In re Search Warrants Executed on April 9, 2018*, No. 18-MJ-3161 (S.D.N.Y.), Dkt. No. 38 at 8; Dkt. No. 104 at 88). While that case did not involve the same factual circumstances involved here, the same principle applies. Because this Court is acting as judge *and* investigator, it would be exceedingly difficult, if not impossible, for the Court itself to decide questions of privilege while also preserving the perception of fairness.

Accordingly, the United States requests that the Court appoint a special master or an otherwise disinterested judicial officer to conduct any preliminary privilege rulings in advance of any evidentiary hearing.

Respectfully submitted,

Dated: November 19, 2026

*/s/ Henrique Carneiro*

Stanley E. Woodward, Jr.
*Associate Attorney General,*
Henrique Carneiro
*Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for the United States of America*