**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

UNITED STATES OF AMERICA
Plaintiff,
v.
Case No.: 1:25−cr−00693
Honorable April M. Perry
, et al.
Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, November 20, 2026:

MINUTE entry before the Honorable April M. Perry: The Government's motion for appointment of a special master [322] is denied. The Government has known for more than five months that the Court planned to hold a hearing regarding the conduct of the federal prosecutors in this matter, and for more than three months that potentially privileged communications would be at issue during that hearing. See Docs. 187; 247 at 25. Despite this, the Government waited until 6:50 p.m. the night before potentially privileged materials would be tendered to the Court to file its motion. The request is therefore untimely. Moreover, the substance of the motion reflects a basic misapprehension about what a special master does. A special master is an arm of the Court who is supervised by the Court. See Cooney v. Rossiter, 583 F.3d 967, 970 (7th Cir. 2009). Special masters are not "disinterested judicial officer[s]," see Doc. 322 at 1, nor do they have the power to issue a final ruling on legal issues, see Fed. R. Civ. P. 53(f)(4) ("The court must decide de novo all objections to conclusions of law made or recommended by a master."). Therefore, this Court would have to make its own determinations regarding privilege even if a special master was appointed. The cases cited by the Government, which involve executive officers taking on judicial duties, have nothing to do with a judicial officer taking on a judicial duty. As the Court noted earlier this weekand the cases cited by the Government uniformly holdruling on questions of privilege is a judicial function. See, e.g., In re Search Warrant Issued June 13, 2019, 942 F.3d 159,176 (4th Cir. 2019) (holding that resolution of privilege disputes "is a judicial function"). Similarly, it is standard practice for judges to rule on motions regarding the admission of evidence in proceedings where the judge is also the factfinderincluding during suppression hearings and bench trials. The Seventh Circuit has noted its faith in a judge's ability to do so. See, e.g., Ashford v. Gilmore, 167 F.3d 1130, 1136 (7th Cir. 1999) ("[T]he law presumes that judges are not influenced by improper evidence brought before them."); In re Salem, 465 F.3d 767, 777 (7th Cir. 2006) (noting that "where the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it"). Finally, the Court rejects the premise that it has "assumed an executive−branch function." Doc. 322 at 3. To make it abundantly clear: The Court has not, as the Government claims, "assumed the role[] of... prosecutor" in this case, nor will it. See id. The Supreme Court has held that "a court has the [inherent] power to conduct an independent investigation in order to determine whether it has been the

victim of fraud." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); see also Manez v. Bridgestone Firestone N. Am. Tire, LLC, 533 F.3d 578, 585 (7th Cir. 2008) ("No matter who allegedly commits a fraud on the courta party, an attorney, or a nonparty witnessthe court has the inherent power to conduct proceedings to investigate that allegation and, if it is proven, to punish that conduct."). That is precisely what the Court intends to do here. For all of these reasons, the Court in its discretion denies the motion for a special master. And the Government has cited no authority, and the Court is not aware of any, that would support a portion of the case being sent to some other unspecified "judicial officer," so that request is also denied. Mailed notice. (jcc,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.